UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

       Plaintiff,

 -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SHWARTZ,

       Defendants.

07 CV 7701 (SAS)(AJP)

## DEFENDANT SNOOP YOUTH FOOTBALL LEAGUE FOUNDATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SUPPLEMENTED COMPLAINT

Defendant Snoop Youth Football League Foundation ("SYFL"), hereby Answers the Complaint of Natural Resources Media & Technology Group, LLC, ("Plaintiff") as follows:

1. Answering paragraph 1 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 1, and, as such, denies the allegations of paragraph 1.

2. Answering paragraph 2 of the Complaint, SYFL states that it is authorized to do business in California and that it operates a youth football league.

3. Answering paragraph 3 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 4, and, as such, denies the allegations of paragraph 3.

4. Answering paragraph 4 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 4, and, as such, denies the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, SYFL states that The Firm has provided management services for Calvin Broadus.

6. Answering paragraph 6 of the Complaint, SYFL admits the allegations of paragraph 6.

7. Answering paragraph 7 of the Complaint, SYFL states Ms. Schwartz works at The Firm and has provided management services for Calvin Broadus.

8. Answering paragraph 8 of the Complaint, SYFL denies the allegations of paragraph 8.

9. Answering paragraph 9 of the Complaint, SYFL denies the allegations of paragraph 9.

10. Answering paragraph 10 of the Complaint, SYFL denies the allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint, SYFL denies the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, SYFL denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, SYFL denies the allegations of paragraph 13.

14. Answering paragraph 14 of the Complaint, SYFL states that it did not enter into an agreement with Fox.

15. Answering paragraph 15 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 15, and, as such, denies the allegations of paragraph 15.

16. Answering paragraph 16 of the Complaint, SYFL admits that it received a letter from Fox.

17. Answering paragraph 17 of the Complaint, SYFL states that the letter speaks for itself.

18. Answering paragraph 18 of the Complaint, SYFL denies the allegations of paragraph 18.

19. Answering paragraph 19 of the Complaint, SYFL incorporates its responses to the previous allegations.

20. Answering paragraph 20 of the Complaint, SYFL denies the allegations of paragraph 20.

21. Answering paragraph 21 of the Complaint, SYFL admits that the Plaintiff made certain claims on or about October 2006.

22. Answering paragraph 22 of the Complaint, SYFL admits that the Plaintiff made certain claims on or about October 2006.

23. Answering paragraph 23 of the Complaint, SYFL denies the allegations of paragraph 23.

24. Answering paragraph 24 of the Complaint, SYFL denies the allegations of paragraph 24.

25. Answering paragraph 25 of the Complaint, SYFL denies the allegations of paragraph 25.

26. Answering paragraph 26 of the Complaint, SYFL denies the allegations of paragraph 26.

27. Answering paragraph 27 of the Complaint, SYFL incorporates its responses to the previous allegations.

28. Answering paragraph 28 of the Complaint, SYFL denies the allegations of paragraph 28.

29. Answering paragraph 29 of the Complaint, SYFL denies the allegations of paragraph 29.

30. Answering paragraph 30 of the Complaint, SYFL denies the allegations of paragraph 30.

31. Answering paragraph 31 of the Complaint, SYFL denies the allegations of paragraph 31.

32. Answering paragraph 32 of the Complaint, SYFL denies the allegations of paragraph 32.

33. Answering paragraph 33 of the Complaint, SYFL denies the allegations of paragraph 33.

34. Answering paragraph 34 of the Complaint, SYFL denies the allegations of paragraph 34.

35. Answering paragraph 35 of the Complaint, SYFL incorporates its responses to the previous allegations.

36. Answering paragraph 36 of the Complaint, SYFL denies the allegations of paragraph 36.

37. Answering paragraph 37 of the Complaint, SYFL denies the allegations of paragraph 37.

38. Answering paragraph 38 of the Complaint, SYFL denies the allegations of paragraph 38.

39. Answering paragraph 39 of the Complaint, SYFL denies the allegations of paragraph 39.

40. Answering paragraph 40 of the Complaint, SYFL denies the allegations of paragraph 40.

## ADDITONAL DEFENSES

As separate and additional defenses to the Supplemented Complaint and the purported causes of action therein, but without assuming the burden of proof with regard to these defenses, SYFL alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The answering defendant alleges that the individual who purported to sign the agreements alleged in the Complaint, if any, lacked authority to bind the answering defendant.

## THIRD AFFIRMATIVE DEFENSE

The answering defendant alleges that the conduct complained of took place in the State of California and the proper forum for this action is in the State of California.

## FOURTH AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint fails to join indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

The answering defendant alleges that to the extent the Complaint seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

## SIXTH AFFIRMATIVE DEFENSE

The answering defendant is informed and believes and on such information and belief alleges, that Plaintiff was engaged in conduct that constitutes a waiver of its rights under the contract alleged in the Complaint. By reason of said waiver, the answering defendant is excused from further performance of the obligations under the alleged contract.

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendant reserves the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## EIGHTH AFFIRMATIVE DEFENSE

The answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to SYFL, and therefore reserves the right to assert any and all additional defenses in the event that discovery indicates that such defenses would be appropriate.

## NINTH AFFIRMATIVE DEFENSE

The answering defendant expressly reserves the right to amend and/or supplement his answer, defenses and all other pleadings.

## TENTH AFFIRMATIVE DEFENSE

The answering defendant hereby adopts by reference any and all other applicable defenses pleaded, or as yet unstated, by any other defendant to the extent that SYFL may share in such defenses.

WHEREFORE, the answering defendant prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;
2. For attorneys' fees and costs of suit incurred; and
3. For such other and further relief as the court may deem just and proper.

Dated: New York, New York
September 6, 2007

STEPTOE & JOHNSON LLP

By: _____
Michael C. Miller (MM 4632)
Evan Glassman (EG 9493)
Christopher J. Marino (CM 3219)
750 West 7th Avenue, Suite 1900
New York, NY 10019
(212) 506-3900

*Attorneys for Defendants*
*Snoop Youth Football League*
*Foundation*

*Of Counsel:*
Hayes F. Michel
WALSWORTH FRANKLIN BEVINS
& MCCALL
633 W. 5th Street, 28th Floor
Los Angeles, California 90071
(213) 223-2052

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of September, 2007, I served a copy of the foregoing **Answer and Affirmative Defenses** on Bradley C. Rosen, Esq., counsel for Plaintiff in the above-captioned matter via electronic mail and Federal Express.

_____
Kimberlyn Brzozowski