UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

        Plaintiff,

-against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SCHWARTZ,

        Defendants.

Case No. 07 CV 07701 (SAS) (AJP)

(Oral Argument Requested)

---

## DEFENDANTS THE FIRM, INC. AND CONSTANCE SCHWARTZ'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

STEPTOE & JOHNSON LLP
Michael C. Miller (MM 4632)
Evan Glassman (EG 9493)
Christopher J. Marino (CM 3219)
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

*Of Counsel:*
Michael R. Heimbold
Dylan Ruga
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200

Attorneys for Defendants
*THE FIRM, INC., d/b/a "THE FIRM," and CONSTANCE SCHWARTZ*

September 6, 2007

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii
INTRODUCTION ................................................................................................................1
PRELIMINARY STATEMENT ..........................................................................................1
STATEMENT OF FACTS ...................................................................................................2
ARGUMENT........................................................................................................................3
POINT I     SCHWARTZ IS NOT SUBJECT TO PERSONAL JURISDICTION IN
            NEW YORK ..................................................................................................3
    A.   Legal Standard ................................................................................................3
    B.   Schwartz Is Not Subject To Specific Personal Jurisdiction Under New
         York Law .........................................................................................................4
    C.   Schwartz Is Not Subject To General Personal Jurisdiction Under New
         York Law .........................................................................................................6
    D.   Subjecting Schwartz To Personal Jurisdiction In New York Violates Due
         Process .............................................................................................................7
POINT II    AS TO DEFENDANT SCHWARTZ, VENUE IS NOT PROPER IN
            NEW YORK ..................................................................................................8
    A.   Legal Standard ................................................................................................8
    B.   As To Defendant Schwartz, Venue In New York Is Improper.......................8
POINT III   PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE FIRM
            AND SCHWARTZ FAILS AS A MATTER OF LAW ...............................10
POINT IV    PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE FIRM
            AND SCHWARTZ FAILS AS A MATTER OF LAW ...............................12
CONCLUSION...................................................................................................................14

Doc. # CC-165770 v.1

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez,
    171 F.3d 779 (2d Cir. 1999)..................................................................................3

Beatie and Osborn LLP v. Patriot Scientific Corp.,
    431 F. Supp. 2d 367 (S.D.N.Y. 2006)...................................................................4

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985).............................................................................................7

Computer Assocs. Int'l, Inc. v. Altai, Inc.,
    126 F.3d 365 (2d Cir. 1997).................................................................................7

G-I Holdings, Inc. v. Baron & Budd,
    179 F. Supp. 2d 233 (S.D.N.Y. 2001).................................................................11

H. Lewis Packaging, LLC v. Spectrum Plastics, Inc.,
    296 F. Supp. 2d 234 (D. Conn. 2003). 28 U.S.....................................................8

Ives v. Guilford Mills, Inc.,
    3 F. Supp. 2d 191 (N.D.N.Y. 1998)....................................................................13

Ivoclar Vivadent, Inc. v. Ultident, Inc.,
    2005 WL 1421805 (W.D.N.Y. June 15, 2005).....................................................5

Leadsinger, Inc. v. Cole,
    2006 WL 2320544 (S.D.N.Y., Aug. 10, 2006)...................................................11

MacCallum v. N.Y. Yankees P'ship,
    392 F. Supp. 2d 259 (D. Conn. 2005)...................................................................8

Metro Life Ins. Co. v. Robertson-Ceco Corp.,
    84 F.3d 560 (2d Cir. 1996)................................................................................3-4

Millar v. Ojima,
    354 F. Supp. 2d 220 (E.D.N.Y. 2005)............................................................11-12

Minnette v. Time Warner,
    997 F.2d 1023 (2d Cir. 1993).............................................................................10

Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A.,
    2007 WL 1489806 (S.D.N.Y., May 21, 2007).....................................................7

PI, Inc. v. Quality Prods., Inc.,
    907 F. Supp. 752 (S.D.N.Y. 1995) ......................................................................8

Reserve Solutions Inc. v. Vernaglia,
    438 F. Supp. 2d 280 (S.D.N.Y. 2006)..................................................................12

Robinson v. Overseas Military Sales Corp.,
    21 F.3d 502 (2d Cir. 1994)..................................................................................3

Scholastic, Inc. v. Stouffer,
    124 F. Supp. 2d 836 (S.D.N.Y. 2000)................................................................12

Sea Tow Servs. Int'l, Inc. v. Pontin,
    472 F. Supp. 2d 349 (E.D.N.Y. 2007)..................................................................8

Seaweed, Inc. v. DMA Product & Design & Marketing LLC,
    219 F. Supp. 2d 551 (S.D.N.Y. 2002)..................................................................6

Traver v. Officine Meccaniche Toshci SPA,
    233 F. Supp. 2d 404 (N.D.N.Y. 2002)..................................................................5

U.S. Env't Prot. Agency v. Port Auth. of N.Y. & N.J.,
    162 F. Supp. 2d 173 (S.D.N.Y 2001)...................................................................8

**STATE CASES**

Brinkmann v. Adrian Carriers, Inc.,
    29 A.D. 3d 615, 815 N.Y.S. 2d 196 (2d Dep't 2006)..........................................6

Frummer v. Hilton Hotels Int'l, Inc.,
    19 N.Y.2d 533, 281 N.Y.S.2d 41 (1967).............................................................4

Lama Holding Co. v. Smith Barney Inc.,
    88 N.Y. 2d 413 (1996).......................................................................................10

Ott v. Automatic Connector, Inc.,
    193 A.D. 2d 657, 598 N.Y.S. 2d 10 (2d Dep't 1993).........................................12

Vardi v. Mutual Life Ins. Co. of New York,
    136 A.D. 2d 453, 523 N.Y.S. 2d 95 (1st Dep't 1988)................................... 11-12

**FEDERAL STATUTES**

28 U.S.C. § 1391(a) ................................................................................................. 8-9

28 U.S.C. § 1406(a) ................................................................................................. 9-10

Fed. R. Civ. P. § 12(b) ......................................................................................1, 3, 14

**STATE STATUTES**

NY C.P. L.R. § 301 ................................................................................................. 6-7

NY C.P. L.R. § 3016(a) ...............................................................................................................12

NY C.P. L.R. § 302......................................................................................................................4-5

**OTHER AUTHORITIES**

5 Carmody-Wait 2d, N.Y. Practice, § 29:270...............................................................................11

## INTRODUCTION

Defendant Constance Schwartz ("Schwartz")[1] respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b), including Rules 12(b)(2) and (3), to enter an order dismissing the Complaint of Plaintiff Natural Resources Media & Technology Group, LLC ("Plaintiff" or "Natural Resources") or, in the alternative, transferring the case to the Central District of California.

Additionally, defendants Schwartz and The Firm, Inc. ("The Firm") respectfully move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to enter an order dismissing Plaintiff's second and third causes of action for failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff has filed this lawsuit in New York for no apparent reason other than the convenience to Plaintiff. All of the alleged wrongdoing took place in California, each of the defendants are residents of California, and all of the evidence and witnesses are located in California. Further, defendant Schwartz is not subject to personal jurisdiction in New York.

In addition, Plaintiff's second and third causes of action should be dismissed because the claims fail as a matter of law. Plaintiff's claim for tortious interference with contract against The Firm and Schwartz is based on a letter dated October 13, 2006, *which was sent by Twentieth Century Fox* ("Fox"). Complaint, ¶ 32. Despite the fact that Fox authored the allegedly objectionable letter, Plaintiff has decided not to bring Fox into this lawsuit; instead, Plaintiff seeks to hold Schwartz and The Firm liable for Fox's conduct. While creative, this theory of liability is unsupported by any New York law and therefore must fail. Plaintiff's claim for

---

[1] Schwartz appears specially to challenge personal jurisdiction. The other challenges by Schwartz in the instant motion are made in the alternative, are not intended to waive any arguments related to jurisdiction, and are presented at this time to prevent waiving Schwartz's right to challenge venue and the pleadings under Fed. R. Civ. P. 12(b).

tortious interference with contract also must fail because Plaintiff has not pleaded, as it must, any specific contractual terms that were breached as a result of the alleged misconduct.

Plaintiff's claim for defamation is defective because Plaintiff has not identified with specificity *who* made the allegedly false statements or *to whom* the allegedly false statements were made.

## STATEMENT OF FACTS

Plaintiff's Complaint is based on an alleged contract signed in 2006 between Plaintiff and Snoop Youth Football League Foundation ("SYFL") (the "Contract"). Complaint, ¶ 9. According to Plaintiff, the Contract gave Plaintiff the exclusive rights to record and broadcast certain activities of the SYFL. Id., ¶¶ 9, 10.

The Complaint further avers that defendants Schwartz and The Firm subsequently contacted Twentieth Century Fox and advised Fox that Plaintiff did not have the right to record the SYFL. Id., ¶ 15. This allegedly caused Fox to send a letter to Plaintiff and others that: (1) claimed Plaintiff's recording of the SYFL violated Fox's exclusive rights; and (2) demanded that Plaintiff immediately cease recording the SYFL. Id., ¶¶ 16, 17. Allegedly based upon Fox's letter, Plaintiff's business partners withdrew from their agreements and ceased recording the SYFL. Id., ¶ 18. Plaintiff has not named Fox as a defendant in this lawsuit.

## ARGUMENT

## POINT I

### SCHWARTZ IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK

**A.    Legal Standard**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). If the Court declines to conduct an evidentiary hearing, the plaintiff can satisfy its burden by making a prima facie showing of personal jurisdiction through affidavits and supporting material. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez, 171 F.3d 779, 784 (2d Cir. 1999). In determining whether the plaintiff has made this showing, however, a court is not obligated to draw "argumentative inferences" in plaintiff's favor. Robinson, 21 F.3d at 507.

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limits of due process." Robinson, 21 F.3d at 510 (internal citations omitted). Courts, therefore, must engage in a two-part analysis to determine whether personal jurisdiction over a defendant exists. First, the Court must determine whether there is jurisdiction over the defendant under the forum state's laws. Metro Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). If personal jurisdiction exists under the forum state's laws, then the Court must determine if the exercise of such jurisdiction comports with federal due process. Id.

### B. Schwartz Is Not Subject To Specific Personal Jurisdiction Under New York Law

Schwartz is a resident of Los Angeles, California. Declaration of Constance Schwartz ("Schwartz Decl."), ¶ 2. She currently lives in Los Angeles County and has no intention of moving out of California. Id.

New York's long-arm statute, CPLR § 302, authorizes the exercise of specific personal jurisdiction over non-domiciliaries in certain circumstances, none of which is applicable in the instant case. Specifically, the statute provides:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
>   1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
>   2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
>   3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>      (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>      (ii) expects or should reasonable expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

CPLR § 302(a). Because this is a *specific* personal jurisdiction statute, the plaintiff must demonstrate that: (1) the defendants' conduct falls within the statute; and (2) the particular causes of action alleged in the complaint arise out of such conduct. Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 535, 281 N.Y.S.2d 41 (1967); Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 386-87 (S.D.N.Y. 2006).

Neither sections 302(a)(1) nor 302(a)(2) are relevant to the instant case because there are no allegations in the Complaint that Schwartz transacted any business in New York or committed a tortious act within New York. Rather, all of the allegedly wrongful conduct took place in Los Angeles, where each of the defendants and Fox is located.

Nor is section 302(a)(3)(i) applicable here because Schwartz does not regularly do or solicit business, or engage in any regular or persistent conduct, in New York. Schwartz Decl., ¶¶ 3, 9. Additionally, Schwartz does not derive *any* revenue from goods used or consumed, or services rendered, in New York. Id., ¶ 4.

The only *possible* basis for specific personal jurisdiction, therefore, is section 302(a)(3)(ii). To establish jurisdiction under this section, Plaintiff must sufficiently allege through affidavits and supporting materials that: (1) Schwartz performed a tortious act outside of New York; (2) the cause of action arises from the tortious act; (3) the alleged tortious act caused injury within New York; (4) Schwartz expected or reasonably should have expected that her action would have consequences in New York; and (5) Schwartz derives "substantial revenue" from interstate or international commerce. Traver v. Officine Meccaniche Toshci SPA, 233 F. Supp. 2d 404, 412 (N.D.N.Y. 2002); Ivoclar Vivadent, Inc. v. Ultident, Inc., 2005 WL 1421805, at *4 (W.D.N.Y. June 15, 2005).

Assuming *arguendo* that Plaintiff can satisfy the first three elements of section 302(a)(3)(ii),[2] the claim fails on the fourth and fifth elements. Schwartz works in Los Angeles for The Firm. Schwartz Decl., ¶ 5. She did not expect that any of her alleged actions described in the Complaint, which took place in Los Angeles, would have consequences in New York. Id., ¶ 6. Further, Schwartz does not have any other businesses and derives *no revenue* from interstate

---

[2] For reasons explained below, Plaintiff cannot satisfy the first element because Schwartz has not committed any tortious act.

or international commerce. Id., ¶ 5. It follows that Schwartz is not subject to specific personal jurisdiction under New York's long-arm statute.

C.  **Schwartz Is Not Subject To General Personal Jurisdiction Under New York Law**

The general jurisdiction of New York courts is codified at CPLR § 301. Under that section, however, an *individual* cannot be subject to jurisdiction "unless he is doing business in New York as an individual rather than on behalf of a corporation." Brinkmann v. Adrian Carriers, Inc., 29 A.D. 3d 615, 617, 815 N.Y.S. 2d 196, 199 (2d Dep't 2006). Put differently: "If an individual is sued in his individual capacity, but only had contact with New York as an officer of a corporation acting within the scope of his employment, that individual is not subject to personal jurisdiction in New York." Seaweed, Inc. v. DMA Product & Design & Marketing LLC, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002). Here, there is no allegation that Schwartz was acting outside the scope of her employment as a Talent Manager at The Firm when she allegedly engaged in the wrongdoing described in the Complaint.

The facts in Seaweed are very similar to the allegations in the instant case. In Seaweed, the plaintiff sued a corporate defendant and the defendant's officer, Malloy, in his individual capacity. Id. at 555. Malloy claimed that he "is not domiciled, and was not served, in New York. Nor has he consented to jurisdiction." Id. The court thus held that it "cannot assert personal jurisdiction under CPLR § 301."

Similarly, in the instant case, Schwartz has been sued in her individual capacity, but she is not domiciled in New York. Schwartz Decl., ¶ 2. Schwartz was not served in New York and she does not consent to jurisdiction in New York. Id., ¶ 7. It follows that Schwartz is not subject to general personal jurisdiction under CPLR § 301. Seaweed, 219 F. Supp. 2d at 554.

Even if the Court overlooked this fatal defect, however, Schwartz still is not subject to general personal jurisdiction in New York. CPLR § 301 "was intended to codify the traditional common law bases of personal jurisdiction such as presence, consent, domicile, and doing business." Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A., 2007 WL 1489806, at *3 (S.D.N.Y., May 21, 2007). An individual is "doing business" under section 301 when he or she "is engaged in such a *continuous and systematic course of activity* that it can be deemed to be 'present' in the state of New York." Id. (emphasis added).

Here, Schwartz does not engage in any "continuous and systematic" activities in New York. She owns no real property in New York; owns no bank accounts in New York; does not have a New York driver's license; and does not pay income taxes in New York. Schwartz Decl., ¶ 8. Schwartz, therefore, is not subject to general personal jurisdiction in New York.

### D. Subjecting Schwartz To Personal Jurisdiction In New York Violates Due Process

Even if Schwartz is subject to personal jurisdiction under New York law (she is not), "the Due Process Clause limits the exercise of jurisdiction to persons having certain 'minimum contacts' with the forum state." Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 370 (2d Cir. 1997). Consistent with due process, a court may only exercise personal jurisdiction over a defendant whose "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Thus, to justify the exercise of personal jurisdiction, the plaintiff must sufficiently demonstrate "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 475.

Here, all of the alleged wrongdoing took place in California. With respect to the alleged wrongdoing described in the complaint, Schwartz did *nothing* to purposely avail herself of the privilege of conducting activities within New York. She certainly did not anticipate being haled into court in New York. Schwartz, ¶ 6.

Schwartz simply is not subject to personal jurisdiction in New York.

## POINT II

### AS TO DEFENDANT SCHWARTZ, VENUE IS NOT PROPER IN NEW YORK

A.  **Legal Standard**

On a motion to dismiss for improper venue, the plaintiff has the burden of demonstrating that venue in the forum district is proper. MacCallum v. N.Y. Yankees P'ship, 392 F. Supp. 2d 259, 262 (D. Conn. 2005); U.S. Env't Prot. Agency v. Port Auth. of N.Y. & N.J., 162 F. Supp. 2d 173, 183 (S.D.N.Y 2001). Where, as here, there are multiple defendants, plaintiff must demonstrate that venue is proper in the forum state for *each claim* against *each defendant*. Sea Tow Servs. Int'l, Inc. v. Pontin, 472 F. Supp. 2d 349, 363 (E.D.N.Y. 2007); PI, Inc. v. Quality Prods., Inc., 907 F. Supp. 752, 757 (S.D.N.Y. 1995).

A court must take all allegations in the complaint as true *unless contradicted by the defendants' affidavits*, "and when an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper." Id. All inferences should be drawn in favor of the plaintiff. Id.

B.  **As To Defendant Schwartz, Venue In New York Is Improper**

There is no federal question asserted in the Complaint; the Court's jurisdiction is based on diversity of the parties. Therefore, the applicable venue statute is 28 U.S.C. § 1391(a). MacCallum, 392 F. Supp. 2d at 262; H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 296 F.

Supp. 2d 234, 240 (D. Conn. 2003). 28 U.S.C. § 1391(a) provides that venue is proper in the following judicial districts *and no others*:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Here, Plaintiff admits that each of the Defendants resides in California. Complaint, ¶¶ 2, 3, 6. More specifically, each Defendant is located within the Central District of California. Schwartz Decl., ¶ 9. Under § 1391(a)(1), therefore, venue is proper in that district but not in the Southern District of New York.

Nor is venue proper under § 1391(a)(2) because all of the alleged wrongdoing took place by Defendants in California, not New York. Furthermore, the SYFL is a youth football league that plays games only in California.[3] Schwartz Decl., ¶ 10. California is where Plaintiff would have recorded the football games and California is where Plaintiff's employees or contractors would have assisted in the production. Plaintiff's alleged harm, therefore, was suffered in California.

Finally, § 1391(a)(3) is not applicable because there <u>is</u> another district where the action may be—indeed, should be—brought: the Central District of California.

It follows that the case should be dismissed because venue is improper in the Southern District of New York. In lieu of dismissing the case, however, the Court may transfer it to the appropriate district. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case

---

[3] The sole exception is the annual "Snooperbowl," which is the championship game for the SYFL that is played in the same city as the NFL's Superbowl. Schwartz Decl., ¶ 9.

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision whether to transfer the case pursuant to § 1406(a) is within the Court's discretion. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). In the event the Court exercises its discretion to transfer, rather than dismiss, the case, Defendants request that the transfer be to the Central District of California.

**POINT III**

**PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST
THE FIRM AND SCHWARTZ FAILS AS A MATTER OF LAW**

Plaintiff's claim for tortious interference with contractual relations is based on a letter dated October 13, 2006, *which was sent by Fox*. Complaint, ¶ 32. For some unknown reason, Plaintiff has not named Fox in this lawsuit; instead, Plaintiff seeks to hold Schwartz and The Firm liable for Fox's conduct. This novel theory of liability is not cognizable under any New York law.

Under New York law, the elements of a claim for tortious interference with contract are: (1) "the existence of a valid contract between the plaintiff and a third party," (2) "defendant's knowledge of the contract," (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification, (4) "actual breach of the contract," and (5) "damages resulting therefrom." Lama Holding Co. v. Smith Barney Inc., 88 N.Y. 2d 413, 424 (1996).

As a threshold matter, Plaintiff's claim must fail because Plaintiff has not alleged that Schwartz or The Firm caused any third-parties to breach any contract with Plaintiff. Instead, the Complaint alleges *that Fox sent a letter that caused the breach*. Complaint, ¶ 32. Plaintiff may have a valid claim against Fox, but Plaintiff's theory that Schwartz and The Firm caused Fox to do something that caused the injury is simply not cognizable under New York law.

Plaintiff's claim also fails because the Complaint does not adequately plead the first element—the existence of a contract between Plaintiff and a third party. To withstand a motion to dismiss, Plaintiff must allege the relevant terms of each alleged contract that was breached as a result of the misconduct. Leadsinger, Inc. v. Cole, 2006 WL 2320544, at *13 (S.D.N.Y., Aug. 10, 2006) (granting a motion to dismiss a claim for tortious interference with contract because "plaintiff has failed to allege the relevant terms of the contracts that existed"); Millar v. Ojima, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005) ("In order to state a [tortious interference with contract] claim, the plaintiff is required to identify a specific contractual term that was breached."); G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 253 (S.D.N.Y. 2001). Plaintiff merely alleges that, as a result of the alleged misconduct, "the parties who had agreed to record and broadcast the Events on behalf of plaintiff terminate [sic] their agreements, and the Events were not recorded." Complaint, ¶ 32. Plaintiff alleges neither the identities of these parties nor the essential terms of the agreements.

Finally, the claim cannot stand against defendant Schwartz because Plaintiff has not alleged that she acted outside the scope of her employment at The Firm when she engaged in any of the alleged misconduct. Vardi v. Mutual Life Ins. Co. of New York, 136 A.D. 2d 453, 455, 523 N.Y.S. 2d 95, 98 (1st Dep't 1988) (affirming the dismissal of a claim for tortious interference with contract because the plaintiff "failed to allege that the individual defendant was acting outside the scope of his employment."); 5 Carmody-Wait 2d, N.Y. Practice, § 29:270.

In short, Plaintiff's second cause of action is fatally deficient because, even if the allegations are true (they are not), Plaintiff's theory of liability (i.e., holding one party liable for causing another party to do something that interferes with Plaintiff's contracts) is not cognizable under New York law. Assuming *arguendo* that the Court disagrees, the claim still must fail

against defendant Schwartz because Plaintiff has not alleged that she acted outside the scope of her employment. Vardi, 136 A.D. 2d at 455, 523 N.Y.S. 2d at 98. The claim also must fail against both defendants Schwartz and The Firm because the Plaintiff has not pleaded any specific contractual terms that were breached as a result of the alleged misconduct. Millar, 354 F. Supp. 2d at 230.

## POINT IV

### PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE FIRM AND SCHWARTZ FAILS AS A MATTER OF LAW

To state a cause of action for defamation under New York law, the pleadings must state with specificity the time, place, manner and person to whom the allegedly false statements were made. See, e.g., CPLR § 3016(a); Ott v. Automatic Connector, Inc., 193 A.D. 2d 657, 658, 598 N.Y.S. 2d 10, 11 (2d Dep't 1993) ("The allegations in the complaint sounding in defamation failed to state a cause of action because the alleged defamatory statements were not pleaded with the specificity required by CPLR 3016(a) . . . ."). This is true even under the liberal pleading requirements in federal court. Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000) (dismissing a defamation claim because the plaintiff "completely fail[ed] to identify who made the alleged statements, at what times or places, and to whom the statements were made"); Reserve Solutions Inc. v. Vernaglia, 438 F. Supp. 2d 280, 289 (S.D.N.Y. 2006).

Here, Plaintiff merely alleges that "defendants The Firm and/or Schwartz" made "certain statements to Fox" of and concerning Plaintiff. Complaint, ¶ 36. This allegation, however, fails for lack of specificity for at least two reasons. First, Plaintiff must plead *who* made the allegedly false statement; Plaintiff's allegation that the statement was by "The Firm and/or Schwartz" does not suffice.

Second, Plaintiff must allege *to whom* the alleged statements were made. Plaintiff alleged the statements were made to Fox, but has not identified *the specific person* to whom the alleged statements were made. This basic allegation is essential in order for Defendants to adequately defend themselves in this action. Fox is an enormous corporation with thousands of employees; Plaintiff's general allegation that the allegedly defamatory statements were made to *someone* at Fox is simply too vague to satisfy the specificity required in a defamation action.

Plaintiff's allegations of defamation are very similar to the allegations in Ives v. Guilford Mills, Inc., 3 F. Supp. 2d 191 (N.D.N.Y. 1998). In that case, the plaintiff alleged that "defendants have made similar statements accusing plaintiff of theft at different places and times to be specified upon further discovery." Ives, 3 F. Supp. 2d at 199. The court dismissed the claim because "plaintiff has alleged only that 'defendants' made statements. It is not clear, therefore, whether this refers to Hayes or to other parties capable of speaking on behalf of the corporate defendants. Further, plaintiff has not specified any specific places or times, nor has plaintiff alleged to whom the statements were made." Id. Plaintiff's claim for defamation in the instant case similarly fails for lack of specificity.

## CONCLUSION

For the reasons set forth above, defendant Schwartz respectfully requests that the Court dismiss Schwartz from this action under Fed. R. Civ. P. 12(b)(2) and (3) for lack of personal jurisdiction and lack of venue. Additionally, defendants Schwartz and The Firm respectfully request that the Court dismiss Plaintiff's second and third causes of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

STEPTOE & JOHNSON LLP

By: _____
Michael C. Miller (MM 4632)
Evan Glassman (EG 9493)
Christopher J. Marino (CM 3219)
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

Attorneys for Defendants
*THE FIRM, INC., d/b/a "THE FIRM," and CONSTANCE SCHWARTZ*

*Of Counsel:*
Michael R. Heimbold
Dylan Ruga
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of September, 2007, I served a copy of the foregoing **Memorandum Law in Support of Motion To Dismiss Or, In The Alternative, To Transfer,** on Bradley C. Rosen, Esq., counsel for Plaintiff in the above-captioned matter via electronic mail and Federal Express.

                                                                                            Kimberlyn Brzozowski