UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

      Plaintiff,

-against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SCHWARTZ,

      Defendants.

Case No. 07 CV 07701 (SAS) (AJP)

(Oral Argument Requested)

---

## DEFENDANT THE FIRM, INC.'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF MOTION TO DISMISS

      STEPTOE & JOHNSON LLP
      Michael C. Miller (MM 4632)
      Evan Glassman (EG 9493)
      Christopher J. Marino (CM 3219)
      750 Seventh Avenue
      Suite 1900
      New York, NY 10019
      (212) 506-3900

      *Of Counsel:*
      Michael R. Heimbold
      Dylan Ruga
      STEPTOE & JOHNSON LLP
      2121 Avenue of the Stars
      Suite 2800
      Los Angeles, CA 90067
      (310) 734-3200

      Attorneys for Defendant
      *THE FIRM, INC., d/b/a "THE FIRM"*

October 23, 2007

# TABLE OF CONTENTS

                                                                                                                     **Page**

**TABLE OF AUTHORITIES** .................................................................................................. ii

**PRELIMINARY STATEMENT** ............................................................................................1

**ARGUMENT** ..........................................................................................................................1

**POINT I** ..................................................................................................................................1

    **PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS MUST FAIL BECAUSE PLAINTIFF'S THEORY OF LIABILITY IS NOT COGNIZABLE UNDER NEW YORK LAW** ..................................................................................................................1

**POINT II** .................................................................................................................................5

    **PLAINTIFF'S CLAIM FOR DEFAMATION MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT AND CANNOT PLEAD FACTS SUFFICIENT TO SUPPORT THE CLAIM** ...............................................................5

**CONCLUSION** .......................................................................................................................9

Doc. #10542 v.1

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Livonia, Avon & Lakeville Railroad Corp.*,
   300 A.D.2d 1134, 752 N.Y.S. 2d 763 (4th Dep't 2002) .......................................... 2-3

*Forman v. Davis*,
   371 U.S. 178 (1962) ....................................................................................................8

*G-I Holdings, Inc. v. Baron & Budd*,
   179 F. Supp. 2d 233 (S.D.N.Y. 2001) ........................................................................5

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*,
   50 N.Y.2d 183, 428 N.Y.S. 2d 628 (1980) .................................................................3

*Ives v. Guilford Mills, Inc.*,
   3 F. Supp. 2d 191 (N.D.N.Y. 1998) ......................................................................... 5-6

*Leadsinger, Inc. v. Cole*,
   No. 05 Civ. 5606, 2006 WL 2320544 (S.D.N.Y., Aug. 10, 2006) ..............................5

*Millar v. Ojima*,
   354 F. Supp. 2d 220 (E.D.N.Y. 2005) ........................................................................5

*Muzio v. Incorporated Village of Bayville*,
   No. CV-99-8605, 2006 WL 39063 (E.D.N.Y. Jan. 3, 2006) .......................................6

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ....................................................................................................4

*Oneida Indian Nation of New York v. City of Sherrill*,
   337 F.3d 139 (2d Cir. 2003) .................................................................................... 7-8

*Reserve Solutions Inc. v. Vernaglia*,
   438 F. Supp. 2d 280 (S.D.N.Y. 2006) ..................................................................... 5-6

*Rice v. Manley*,
   66 N.Y. 82 (1876) .......................................................................................................3

*Scholastic, Inc. v. Stouffer*,
   124 F. Supp. 2d 836 (S.D.N.Y. 2000) .................................................................. 5-6, 8

*Van Buskirk v. The New York Times Co.*,
   325 F.3d 87 (2d Cir. 2003) .........................................................................................8

*Wanamaker v. Columbian Rope Co.*,
   713 F. Supp. 533 (S.D.N.Y. 1989) .............................................................................6

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 8 ................................................................................................................. 5-7

Fed. R. Civ. P. 15(a) .............................................................................................................7

Fed. R. Civ. P. 12(b)(6) .........................................................................................................9

Defendant The Firm, Inc. d/b/a/ "The Firm" ("The Firm" or "Defendant") respectfully submits this memorandum of law in further support of its motion to dismiss.

## PRELIMINARY STATEMENT

Plaintiff's Opposition to the instant motion confirms that the Complaint should be dismissed in its entirety, without leave to amend. Plaintiff relies on inapposite case law and misguided analogies to support its claim for tortious interference with contractual relations, but has failed to come forward with *a single case* that recognizes a cause of action against someone who allegedly causes another to interfere with a contract. Similarly, Plaintiff's defamation claim must fail because Plaintiff has not pled (indeed, cannot plead) requisite facts to support such a theory against The Firm, Inc.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS MUST FAIL BECAUSE PLAINTIFF'S THEORY OF LIABILITY IS NOT COGNIZABLE UNDER NEW YORK LAW

Plaintiff claims that it had valid contracts with Strange Fruit and TV One (collectively, the "Contracting Parties") to film and distribute games played in the Snoop Youth Football League (SYFL). *See, e.g.,* Plaintiff's Memorandum of Law in Opposition to Defendant The Firm's Motion to Dismiss ("Plaintiff's Memo") at 7. Plaintiff further claims that its contracts with the Contracting Parties were disturbed when Twentieth Century Fox ("Fox") sent a letter to the Contracting Parties stating that Plaintiff had no rights to film or distribute SYFL games (the "Fox Letter"). Complaint, ¶ 32. Plaintiff has not sued Fox, but instead seeks to hold The Firm liable for tortious interference with contract because someone at The Firm allegedly told someone at Fox something that caused Fox to send the Fox Letter. Plaintiff's theory of liability

is creative, but is unsupported by any case or statutory law in New York and therefore cannot stand.

Contrary to Plaintiff's assertion, The Firm's argument is not akin to saying: "I didn't break your head. The rock that I threw did it." Plaintiff's Memo at 8. Rather, The Firm's argument is that it did not throw the rock, Fox did. The Firm should not be liable for the rock that Fox threw.

Plaintiff argues that the instant case is similar to *Anderson v. Livonia, Avon & Lakeville Railroad Corp.*, 300 A.D.2d 1134, 752 N.Y.S. 2d 763 (4th Dep't 2002), but Plaintiff is mistaken. In *Anderson*, the plaintiff sought to purchase shares of the defendant's stock from shareholders in advance of a proposed reverse stock split. *Anderson*, 300 A.D.2d at 1134, 752 N.Y.S. 2d at 763. A local newspaper "ran an article and opinion piece suggesting that plaintiff was acting on behalf of an entity from out of the area in an effort to gain control of defendant corporation." *Id.* Officers of the defendant corporation sent the newspaper article to shareholders in an apparent attempt to dissuade them from selling shares of their stock to plaintiff. *Id.* As a result, the plaintiff sued the defendant corporation for tortious interference with contractual relations based on defendant's alleged interference with plaintiff's contracts for the purchase of shares from other shareholders. *Id.* There, the issue was whether the defendants had knowledge of the plaintiff's agreements with other shareholders. *Id.* Importantly, the issue as to which Plaintiff rests its theory of this claim, was not before the Court in *Anderson*.

The key fact in *Anderson* (which Plaintiff conveniently ignores) is that the plaintiff sued the entity that directly caused the alleged interference. Put differently, the plaintiff in *Anderson* sued the corporation because the corporation sent a letter to the shareholders. The plaintiff in *Anderson* did *not* sue the newspaper or any other third-party that allegedly caused the defendant

2

corporation to send the letter. Accordingly, *Anderson* is inapposite and provides no support for Plaintiff's claim against The Firm.[1]

Similarly, neither *Rice v. Manley*, 66 N.Y. 82 (1876), nor *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 428 N.Y.S. 2d 628 (1980), supports Plaintiff's novel theory. In *Guard-Life*, the defendant was a competitor of plaintiff's who intentionally interfered with a contract between plaintiff and plaintiff's vendor. *Guard-Life*, 50 N.Y.2d at 187-88, 428 N.Y.S. 2d at 630-31. The contract between plaintiff and the vendor, however, was unenforceable and the issue on appeal was: under what circumstances, if any, a competitor could be held liable for interfering with a voidable contract. *Id.* at 188-94, 428 N.Y.S. 2d at 631-34. The court explained that a defendant will be liable for interfering with a voidable or unenforceable contract only when it has engaged in heightened misconduct, such as engaging in fraud, making threats, or breaching a fiduciary duty. *Id.* at 194, 428 N.Y.S. 2d at 634. The court buttressed its conclusion by citing *Rice* as an example of a case where the defendant was found liable for interfering with an at-will contract (which is legally similar to a voidable contract)[2] because of fraudulent representations. *Id.*

There is not one sentence in either *Guard-Life* or *Rice* that even intimates a defendant can be liable for tortious interference with contractual relations by saying something to someone who then does something to interfere with a contract. Neither case considered such a theory, and neither case supports Plaintiff's position.

---

[1] *Anderson* does appear, however, to provide support for a claim by Plaintiff against Fox. It is unclear to The Firm why Plaintiff has chosen not to name Fox as a defendant.

[2] Indeed, the court in *Guard-Life* explained: "The actual, legal interest under a contract which may be avoided by the other contracting party at his election is not materially different from that under a contract which the other contracting party may terminate at will." *Guard-Life*, 50 N.Y.2d at 193, 428 N.Y.S. 2d at 634.

3

In each of the cases cited by Plaintiff, there was a contract between A and B. In each case, C did something to cause B to breach the contract and then A sued C for interference. Here, A is Plaintiff; B is Snoop Youth Football League Foundation; and C is Fox. Plaintiff, however, has sued D (The Firm), but has failed to cite *any* case that imposes liability on D for tortious interference of a contract between A and B. It follows that Plaintiff's unique theory is not cognizable and the claim should be dismissed without leave to amend.

Strong policy reasons also exist for not extending liability beyond the tortfeasor who actually causes the alleged interference. If liability is extended to an individual who merely says something to another who then takes affirmative steps to interfere with a contract, there is a significant risk that speech will be chilled. Businesspeople should be free to communicate with each other openly and honestly, without fear of liability based the affirmative misconduct of another person. This is true even when an erroneous statement precipitates the other to engage in affirmative misconduct. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 271-72 (1964) (explaining that an "erroneous statement is inevitable in free debate, and . . . must be protected if the freedoms of expression are to have the breathing space that they need to survive . . . .") (internal quotation marks omitted).

In the instant case, there is no allegation that The Firm acted maliciously or with fraudulent intent. Taking all Plaintiff's allegations as true without admission, an officer or employee of The Firm mistakenly told someone at Fox that Plaintiff did not have certain rights to film the SYFL. There is no allegation that The Firm owns, controls or otherwise has the ability to influence or force Fox to take any action. To the contrary, Plaintiff does not and cannot allege that the individuals at Fox were in any way compelled by The Firm to send the Fox Letter. To impose liability on The Firm would create dangerous precedent that would expose to liability,

among others, all corporate employees, subordinates, and independent advisors who innocently speak freely within business confidences of matters that later turn out to be wrong. This inevitably will chill speech. Individuals will be afraid to speak freely in business communications because of the risk that an otherwise innocent misstatement could expose them to liability for the wrongful actions of *someone else* (the decision-maker). This is not the law in New York. Nor should it be.

In the unlikely event that the Court disagrees with the foregoing conclusion, the claim still should be dismissed because, as explained in The Firm's moving papers, Plaintiff has not alleged the relevant terms of each contract that was allegedly breached as a result of the alleged misconduct. *See* Defendants The Firm, Inc. and Constance Schwartz's Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, to Transfer ("Defs. Memo") at 10-12. This is reason alone to dismiss the Complaint. *See, e.g., Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606, 2006 WL 2320544 at *13 (S.D.N.Y., Aug. 10, 2006); *Millar v. Ojima*, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005); *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 253 (S.D.N.Y. 2001).

## POINT II

### PLAINTIFF'S CLAIM FOR DEFAMATION MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT AND CANNOT PLEAD FACTS SUFFICIENT TO SUPPORT THE CLAIM

Plaintiff argues that its claim for defamation should not be dismissed because Plaintiff has met the standard for pleading set forth in Fed. R. Civ. P. 8. *See* Plaintiff's Memo at 10-11. The Firm does not dispute that Rule 8 controls the pleadings in this action, but the cases cited in The Firm's moving papers all hold that Rule 8 requires a plaintiff to identify who made the alleged statements, at what times or places, and to whom the statements were made. *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 289 (S.D.N.Y. 2006); *Scholastic, Inc. v.*

*Stouffer*, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000); *Ives v. Guilford Mills, Inc.*, 3 F. Supp. 2d 191, 199 (N.D.N.Y. 1998). The Courts of this Circuit regularly dismiss defamation claims failing to specifiy such information. *See, e.g., Muzio v. Incorporated Village of Bayville*, No. CV-99-8605, 2006 WL 39063 at *8 (E.D.N.Y. Jan. 3, 2006) (dismissing the plaintiff's defamation claims and explaining that: "In determining whether a defamation claim complies with the pleading requirements of Rule 8, the court should consider whether the complaint references the alleged defamatory statement; identifies the maker of the statement; and indicates when the statement was made, in what context it was made, whether it was made orally or in writing and whether it was made to a third party"); *Wanamaker v. Columbian Rope Co.*, 713 F. Supp. 533, 545 (S.D.N.Y. 1989) (dismissing defamation claim because plaintiff did not specify who made the statements, when they were made, in what context, whether they were written or oral, and whether they were published to a third-party).

Here, Plaintiff simply alleges: "Upon information and belief, on or about October 12, 2006, defendants The Firm and/or Schwartz made certain statements to Fox of and concerning plaintiff." Complaint, ¶ 36. Plaintiff adds: "While the exact wording of the statements made by defendants The Firm and/or Schwartz is presently unknown, upon information and belief, the sum and substance of the statements made was that plaintiff was recording and/or otherwise utilizing the Events without permission." Complaint, ¶ 37. These two paragraphs simply do not meet the level of specificity required to plead a cause of action for defamation, even under Rule 8. *Reserve Solutions*, 438 F. Supp. 2d at 289; *Muzio*, 2006 WL 39063 at *8; *Scholastic*, 124 F. Supp. 2d at 849; *Ives*, 3 F. Supp. 2d at 199; *Wanamaker*, 713 F. Supp. at 545.

Specifically, Plaintiff has failed to allege, among other things, *who* made the allegedly false statement. The Complaint avers that the statement was made by "Schwartz and/or The

Firm." Without any support or basis, Plaintiff now attempts to clarify in its opposition to the instant motion that "[t]he party who made the statement is clearly Ms. Schwartz," but this is not what Plaintiff alleged in the Complaint. The allegations in the Complaint are impermissibly vague and do not fulfill the requirements of Rule 8.

Plaintiff's eleventh-hour attempt to point the finger at Ms. Schwartz is insufficient to cure the defect. Similarly, Plaintiff has failed to allege *to whom* the alleged statements were made. There is not one mention in the Complaint of the particular individual at Fox who heard Ms. Schwartz make the allegedly false statement. Plaintiff now claims in its opposition to the instant motion that the person must be Mr. Ross, the author of the Fox Letter. *See* Pls. Memo at 11. Again, this is not alleged in the Complaint and, in any event, does not necessarily follow. *There is no reason to believe that the person who signed the Fox Letter is the same person who allegedly heard Ms. Schwartz say anything defamatory about Plaintiff.* It is clear that Plaintiff has no knowledge of who at Fox heard Ms. Schwartz's allegedly false statements and Plaintiff merely is grasping at names to keep this claim alive. The Court should not be persuaded.

In short, Plaintiff's defamation claim should be dismissed because Plaintiff has not and cannot plead, among other things, *who* made the allegedly false statements and *to whom* they were made. Instead, Plaintiff relies on vague and general allegations that do not satisfy the pleading requirements of Rule 8 and can be manipulated to serve any purpose necessary to Plaintiff.

This claim should be dismissed with prejudice and without leave to amend. Although the Court generally should provide the plaintiff with an opportunity to replead "when justice so requires." Fed. R. Civ. P. 15(a). However, it is unnecessary to do so where the amendment would be futile. *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d

Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Here, any amendment by Plaintiff would be futile because Plaintiff *admits* in its opposition that it does not know: (1) whether Schwartz was acting within the scope of her employment when she allegedly made the defamatory statement, and (2) who heard the allegedly defamatory statements.  *See* Plaintiff's Memo at 11.  Courts have dismissed defamation claims with prejudice under similar circumstances.  *See, e.g., Scholastic*, 124 F. Supp. 2d at 849.  *See also Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) (affirming dismissal of defamation claim with prejudice because the district court found that any amendment would be futile).  Plaintiff's claim similarly should be dismissed without leave to replead.

## CONCLUSION

For the reasons set forth above and in The Firm's initial submission, The Firm respectfully requests that the Court dismiss Plaintiff's second and third causes of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

                                                STEPTOE & JOHNSON LLP

By: _____
Michael C. Miller (MM 4632)
Evan Glassman (EG 9493)
Christopher J. Marino (CM 3219)
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

Attorneys for Defendants
*THE FIRM, INC., d/b/a "THE FIRM"*

*Of Counsel:*
Michael R. Heimbold
Dylan Ruga
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200

## CERTIFICATE OF SERVICE

I hereby certify that Defendant The Firm, Inc. served upon the parties listed below a true and correct copy of Defendant The Firm, Inc.'s Reply Memorandum In Further Support Of Motion To Dismiss, by electronic mail and by causing the same to be sent via Federal Express on October 23, 2007.

*Kimberlyn Brzozowski*

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
 (admitted *pro hac vice*)

Anastasios Sarikas
23-09 31st Street
Astoria, NY 11105

*Attorneys for Plaintiff
Natural Resources Media &
Technology Group, LLC*