UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

                        Plaintiff,

      -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SHWARTZ,

                        Defendants.
------------------------------------------------------------X

Case No. 07 CV 7701 (SAS) (AJP)


PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT THE FIRM'S MOTION TO DISMISS


Anastasios Sarikas  (AS 2631)
23-09 31st Street
Astoria, NY 11105
(718) 545-8866

*Of Counsel:*

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
(585) 458-7620

*Attorneys for Plaintiff
Natural Resources Media &
Technology Group, LLC*

TABLE OF CONTENTS

                                                                              Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

POINT I:   PLAINTIFF HAS STATED A CLAIM FOR
           TORTIOUS INTERFERENCE WITH
           CONTRACTUAL RELATIONS . . . . . . . . . . . . . . . . . .   7

POINT II:  PLAINTIFF HAS ADEQUATELY PLED A
           CAUSE OF ACTION FOR DEFAMATION . . . . . . . . . . . . .   10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

TABLE OF AUTHORITIES

Page

Cases

*Allah v. Goord*, 405 F.Supp.2d 265 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . .    5-6

*Anderson v. Livonia, Avon & Lakeville Railroad Corp.*
300 A.D.2d 1134, 752 N.Y.S.2d 763 (4th Dep't 2002) . . . . . . . . . . . . . . . . . . .    8-9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,
__ U.S. __, 167 L.Ed.2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163 (2nd Cir. 2000) . . . . . . .    10

*Geisler v. Petrocelli,* 616 F.2d 636 (2nd Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . .    10-11

*Global Network Communications, Inc. v.*
*City of New York*, 458 F.3d 150 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . .    5

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*,
50 N.Y.2d 183, 406 N.E.2d 445, 428 N.Y.S.2d 628 (1980) . . . . . . . . . . . . .    9

*Iqbal v. Hasty*, 490 F.3d 143 (2nd Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Koppel v. 4987 Corp.*, 167 F.3d 125 (2nd Cir. 1999) . . . . . . . . . . . . . . . . . . . .    6

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2nd Cir. 1991) . . . . . . . . . . . . .    6

*Kronos, Inc. v. AVX Corporation*, 81 N.Y.2d 90,
612 N.E.2d 289, 595 N.Y.S.2d 931  (1993) . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*Manning v. Utilities Mut. Ins. Co., Inc.*, 254 F.3d 387 (2nd Cir. 2001) . . . . . . .    2

*Phelps v. Kapnolas,* 308 F.3d 180 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . .    6

*Rice v. Manley*, 66 N.Y. 82, 1876 WL 12203 (1876) . . . . . . . . . . . . . . . . . . . .    9

*Sabatowski v. Fisher Price Toys*, 763 F.Supp. 705 (W.D.N.Y. 1991) . . . . . . .    1

*Slayton v. American Exp. Co.*, 460 F.3d 215 (2nd Cir. 2006) . . . . . . . . . . . . .    2

*Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007) . . . . . . .    6

<u>Statutes</u>

| | | |
|---|---|---:|
| Federal Rules of Civil Procedure Rule 8 | . . . . . . . . . . . . . . . . . . . . . . . | 7, 10, 11 |
| Federal Rules of Civil Procedure Rule 12(b)(6) | . . . . . . . . . . . . . . . . . . . . . . . | *passim* |
| Federal Rules of Civil Procedure Rule 15(a) | . . . . . . . . . . . . . . . . . . . . . . . | 2, 5 |

<u>Miscellaneous</u>

| | | |
|---|---|---:|
| Restatement (Second) Torts § 558 (1977) | . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |

PRELIMINARY STATEMENT

The present action is a claim for breach of contract interposed by plaintiff Natural Resources Media & Technology Group, LLC ("Natural Resources") against defendant Snoop Youth Football League Foundation ("SYFL.")  Natural Resources also interposed claims for tortious interference with contractual relations and libel against defendants Constance Schwartz ("Schwartz") and The Firm, Inc. d/b/a "The Firm" ("The Firm.")

Pursuant to a stipulation between the parties, defendant Constance Schwartz was dismissed from this action.  (Affirmation of Anastasios Sarikas, affirmed October 16, 2007 ("Sarikas Aff.") at Exh. C)  This dismissal was without prejudice to renew the action in the District Court for the Central District of California.  (*Id*.)  In accordance with the stipulation, the portions of the pending motion that dealt with defendant The Firm's request to dismiss the claim for lack of jurisdiction or alternatively to remove the case to California have been withdrawn.  (*Id*.)  (*See*, Defendants The Firm, Inc. and Constance Schwartz's Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, to Transfer ("Def. Memo") at Points I and II).

What remains of the initial motion is the request by The Firm to dismiss the complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)"), on the grounds that Natural Resources has allegedly failed to state a claim against The Firm.  (Def. Memo at Points III and IV)  A review of the four corners of the Supplemented Complaint, dated June 28, 2007 (the "Complaint") and the documents annexed thereto (Sarikas Aff. at Exhibit A), viewed in the light most favorable to plaintiff, shows that the claims for tortious interference with contract and libel have been adequately pled.  *See, Sabatowski v. Fisher Price Toys*, 763 F.Supp. 705, 714-715 (W.D.N.Y. 1991).  As such, the motion should be denied.  Alternatively, plaintiff

should be afforded an opportunity to replead the claims should the Court find them to be technically deficient. Rule 15(a) (leave to replead "shall be freely given when justice so requires.") *See also, Manning v. Utilities Mut. Ins. Co., Inc.*, 254 F.3d 387, 402 (2nd Cir. 2001); *Slayton v. American Exp. Co.*, 460 F.3d 215, 230 (2nd Cir. 2006)

STATEMENT OF FACTS

In determining a motion brought pursuant to Rule 12(b)(6), the Court is constrained to accept all statements set forth in the Complaint, inclusive of exhibits annexed thereto, as true. *Blythe v. Deutsche Bank AG*, 399 F.Supp.2d 274, 278 (S.D.N.Y.2005). The following facts are set forth in the Complaint.

The SYFL is the operator of a youth football program. (Sarikas Aff. at Exh A at ¶ 2) On or about June 26, 2006, plaintiff entered into a contract with the SYFL for the filming and distribution of certain SYFL games. (Sarikas Aff. at Exh. A at Exh. 1 thereof) Specifically, the Contract provided that plaintiff would have the right to video tape all SYFL games played in the 2006 season, the championship game, also known as the "2006 Snooperbowl," and a child and celebrity game referred to as "The Snoop Youth Football League Battle of the Stars" (all of which shall collectively be referred to as the "Programs" herein.) (Sarikas Aff. at Exh. A at Exh. 1 thereof) The copyright in the Programs were to be owned jointly by the SYFL and plaintiff. (Sarikas Aff. at Exh. A at Exh. 1 thereof) The Contract also granted plaintiff the right to distribute the Programs by any means, including, but not limited to, sales of DVDs, home video, broadcast and pay-per-view. (Sarikas Aff. at Exh. A at Exh. 1 thereof)

Plaintiff was also granted certain future rights under the Contract. In the event that plaintiff obtained distribution for the Programs by December 31, 2006, then plaintiff would have

2

the right to film and distribute the 2007 Snooperbowl and Battle of the Stars. (Sarikas Aff. at Exh. A at Exh. 1 thereof) Distribution included sales of Home Video product and/or an agreement for the broadcasting of the Programs. (*Id.*) If plaintiff obtained a broadcasting agreement with a major network (*i.e.* ABC, NBC, CBS or Fox), then plaintiff would have all the rights for the 2008 SYFL season, including the championship and all-star games. (*Id.*)

Relying upon the Contract with SYFL, plaintiff entered into a verbal agreement with Strange Fruit Film and TV ("Strange Fruit") whereby Strange Fruit was to be responsible for producing the Programs (*i.e.* filming, editing, etc.) (Sarikas Aff at Exh. A at ¶ 12 and Exh. 2) Pursuant to this oral agreement, Strange Fruit began filming the SYFL's 2006 seasonal games. (*Id.*)

Plaintiff also entered into a verbal agreement with TV One, who is a cable broadcaster, (Sarikas Aff at Exh. A at ¶ 12 and Exh. 2) to broadcast the Programs. Since plaintiff had obtained a contract for the broadcast of the Programs, plaintiff was, pursuant to the terms of the Contract, entitled to the rights in the 2007 Snooperbowl and Battle of the Stars. (Sarikas Aff. at Exh. A at Exh 1 at ¶ 10 thereof)

Strange Fruit began filming the games of the SYFL's 2006 season in accordance with the verbal agreement with plaintiff. (Sarikas Aff. at Exh. A at ¶ 12 thereof) However, the filming abruptly ceased because of the wrongful acts of Ms. Schwartz and The Firm.

The Firm is a company that provides various celebrities with personal management services. (Sarikas Aff. at Exh. A at ¶ 4 thereof) Constance Schwartz is an employee of The Firm. (Sarikas Aff. Exh. A at ¶ 7 thereof) The Firm and Schwartz provide personal management services for Cordozar Calvin Broadus, Jr. a/k/a 'Snoop Dogg" ("Snoop.") (Sarikas Aff. at Exh. A at ¶ 5 thereof)

3

On or about October 12, 2006, Ms. Schwartz, either individually or in her capacity as an employee of The Firm, contacted Twentieth Century Fox, a unit of Twentieth Century Fox Film Corporation ("Fox") concerning plaintiff's recording of the Programs. (Sarikas Aff. at Exh. A at ¶ 15 thereof)  Plaintiff believes and contends that Ms. Schwartz erroneously informed Fox that plaintiff had no rights in or to the SYFL and was thus filming the SYFL without any authorization. (Sarikas Aff. at Exh. A at Exh. 2 thereof)

While plaintiff does not know all of the people at Fox that were contacted by Ms. Schwartz, it is clear that, at the very least, she spoke to Michael D. Ross, Fox's Senior Vice President of Legal Affairs. (Sarikas Aff at Exh. A at Exh 2 thereof)  It is also clear that Ms. Schwartz and The Firm either knew or should have known of the Contract and of the rights in the Programs that were held by plaintiff when she made her statements to Mr. Ross and Fox. (Sarikas Aff. at Exh. A at ¶ 28)

Apparently, Fox had been granted rights that overlapped with the rights that had been granted to plaintiff. (Sarikas Aff. at Exh. A at Exh. 2 thereof)  This conflict of overlapping rights to the filming and broadcasting of SYFL programs became apparent to plaintiff when it received a letter from Fox dated October 13, 2006 (the "Fox Letter"), in which Fox claimed that "Snoop granted Fox exclusive rights to portray Snoop in any motion picture or television project or other production based on Snoop's involvement with his son's football teams and leagues." (*Id.*)

It is not known at this pre-discovery stage what were the precise rights granted to Fox by Snoop.  However, the SYFL has admitted that Fox received no grant of rights from the SYFL. (Sarikas Aff. at Exh. B. at ¶ 14)  It would thus appear that Fox had no right to film and/or distribute the Programs - rights that were held exclusively by plaintiff. (*Id.*)

4

In light of the Fox Letter and the demands contained therein, Strange Fruit ceased its filming of the Programs and TV One withdrew from its agreement to broadcast the Programs. Once Strange Fruit and TV One withdrew from their agreements with plaintiff, it became impossible for plaintiff to fulfill its obligations under the Contract. All of this occurred because Ms. Schwartz made statements to Fox that she knew, or, as Snoop's manager, should have known, were false. The damage that Ms. Schwartz inflicted by making knowingly false statements to Fox is at the crux of this action.

## STANDARD OF REVIEW

Defendant The Firm has moved pursuant to Rule 12(b)(6) to dismiss the Complaint as it pertains to The Firm. It asserts that the Complaint fails to set for a cause of action as to The Firm. As will be discussed below, the Complaint sufficiently pleads claims against The Firm for tortious interference with contract and libel and requires denial of the motion. Alternatively, should the Court find that the pleadings are defective, the Court is empowered to permit plaintiff to replead either or both causes of action. Rule 15(a).

The Second Circuit has clearly articulated the function of a motion made pursuant to Rule 12(b)(6), holding that:

> The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it.

*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2nd Cir. 2006) (emphasis in original).

As this Court has noted:

> At the motion to dismiss stage, the issue "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support

> the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test."

*Allah v. Goord*, 405 F.Supp.2d 265, 272 (S.D.N.Y. 2005) (*quoting Phelps v. Kapnolas,* 308 F.3d 180, 184-85 (2nd Cir. 2002).

When the issue raised by a Rule 12(b)(6) motion is the sufficiency of the pleadings, the Court may only look to the four corners of the complaint and any exhibits annexed thereto. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2nd Cir. 1991). The Court is directed to assume that all factual statements contained in the pleading are true. *Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2nd Cir. 1999). The pleading is to be read liberally, and all inferences are to be drawn in favor of the non-moving party. *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). The complaint will pass muster if the factual allegations merely show that that the right to relief is anything other than speculative. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 __ U.S. __, 167 L.Ed.2d 929, ___ (2007). As the Second Circuit recently held in interpreting *Bell Atlantic Corp.*, the pleadings need only contain "some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 148 (2nd Cir. 2007) (emphasis in original).

When reviewed in light of this framework, it is clear that the claims for tortious interference with contract and libel have been adequately set forth in the complaint.

ARGUMENTS

POINT I

PLAINTIFF HAS STATED A CLAIM FOR TORTIOUS
INTERFERENCE WITH CONTRACTUAL RELATIONS.

The Firm claims that plaintiff has failed to adequately plead a cause of action for tortious interference with contract. They assert that the act of interference was the Fox Letter, which they did not send. Thus, they claim that they are not responsible for the damage that letter inflicted. This theory misconstrues both the factual basis for the claim as well as the underlying law.

The Court of Appeals has defined the elements of the tort of interference with contractual relations as follows:

> The tort of inducement of breach of contract, now more broadly known as interference with contractual relations, consists of four elements: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damage to plaintiff.

*Kronos, Inc. v. AVX Corporation*, 81 N.Y.2d 90, 94, 612 N.E.2d 289, 292, 595 N.Y.S.2d 931, 934 (1993) (citations omitted). Facts supportive of each of these elements, and the elements themselves, have been set forth in the complaint.

The contracts at issue are the Contract with the SYFL and the verbal agreements with Strange Fruit for their production services in connection with the creation for the Programs and with TV One for the broadcasting of the Programs. (Sarikas Aff, at ¶ 12 and Exh. A at Exh.s 1 and 2 thereto) Admittedly, the names of the production company and the broadcast company are not set forth in the complaint. But they are identified by name in the Fox Letter and described in the complaint, thereby fulfilling the nominal pleading obligations for a complaint as defined by Rule 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .")

Furthermore, the complaint does state what portions of these agreements were breached because of the interference. The Complaint states that Strange Fruit and TV One both withdrew from their contracts, and that all of the agreed to Programs were not recorded. (Sarikas Aff. at Exh. A at ¶ 18) The natural and direct inference from this statement is that, since the Programs were not recorded per the agreement with Natural Resources, they also were not broadcast per the contract with TV One. Also inferred from the totality of the Complaint is the fact that because the all of Programs were not recorded and none were broadcast, plaintiff lost the rights he had obtain in the Contract with the SYFL.

The Firm does not argue that it had no knowledge of the contracts in question. The fact that The Firm was able to identify the parties to the contracts for Fox, as evidenced by the Fox Letter itself, establishes that The Firm was aware of the contracts and the parties thereto. (Sarikas Aff at Exh A at Exh. 2 thereto) Nor does the Firm argue that plaintiff was not damaged.

In fact, the main contention raised by The Firm is that they did not interfere with any contracts. They state it was Fox, via the Fox Letter, that caused the interference. The Firm's argument is akin to saying: "I didn't break your head. The rock that I threw did it".

What The Firm would have this Court overlook is the fact that the true act of interference occurred when Ms. Schwartz made a knowingly false statement to Fox. When Ms. Schwartz, who, through The Firm, is Snoop's manager, told Fox that plaintiff had no rights in the Programs, she knew or should have known that the statement was false. That Fox chose to act on this false information was simply the natural consequence of the wrongful act.

A case that is similar to the one at hand is *Anderson v. Livonia, Avon & Lakeville Railroad Corp*. 300 A.D.2d 1134, 752 N.Y.S.2d 763 (4th Dep't 2002). *Anderson* involved a shareholder's derivative action brought as a result of a proposed reverse stock split. *Id*. at 300

8

A.D.2d 1134, 752 N.Y.S.2d 764.  The plaintiff was a shareholder who was attempting to purchase additional shares directly from the other shareholders.  *Id*.  The Board of Directors managed to have a newspaper article and editorial piece run in a local paper that falsely stated that plaintiff was attempting a take-over of the railroad, which would lead its demise.  *Id*.  Even though the Board of Directors did not author either the article or opinion piece, the Fourth Department held that the act of knowingly distributing false information could form the basis of a claim for tortious interference with contract.  *Id*. at 300 A.D.2d 1135, 752 N.Y.S.2d 764

The rational behind *Anderson* is well established and pertinent to the case at hand: one may not do indirectly that which one may not do directly.  As the New York Court of Appeals said almost 130 years ago:

> The mere forms adopted for the perpetration of frauds are of little importance; it matters not whether the false representations be made to the party injured or to a third party, whose conduct is thus influenced to produce the injury, or whether it be direct or indirect in its consequences.  Schemes of fraud may be so cunningly devised as to elude the eye of justice, but they must not escape condemnation and reparation when discovered.

*Rice v. Manley*, 66 N.Y. 82, 87, 1876 WL 12203, *4 (1876) (cited with approval at *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 194, 406 N.E.2d 445, 451, 428 N.Y.S.2d 628, 634 (1980) (" . . . we have upheld complaints and recoveries in actions seeking damages for interference when the alleged means employed by the one interfering were wrongful as consisting of fraudulent representations . . . .")

Here, The Firm knew, or should have known, that plaintiff had rights in and to the Programs.  When they told Fox that plaintiff had no rights, they tortiously interfered with plaintiff's contractual rights.  They should not, therefore, be surprised now that they are being held to account for their actions.

9

Plaintiff has established that all elements of a claim for tortious interference with contractual relations have been sufficiently set forth in the Complaint. As such, defendant's motion should be denied.

POINT II

PLAINTIFF HAS ADEQUATELY PLED A
CAUSE OF ACTION FOR DEFAMATION

The Firm contends that plaintiff has failed to set forth a claim for defamation. As will be demonstrated, all elements of a claim for slander have been set forth in the complaint warranting denial of the motion.

To prevail on a cause of action for defamation, a claimant must establish that: a) a statement was made; b) of and concerning the complainant; c) which was published to a third party; d) which was a false statement of fact; e) which was not privileged; f) which was published with a degree of fault no less than negligence; and g) which caused damages. Restatement (Second) Torts § 558 (1977); *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 176 (2nd Cir. 2000).

The Firm contends that the Complaint fails to meet two of these elements. They assert that the identity of the person who made the defamatory statement is not pled with specificity and that the Complaint fails to state to whom the publication was made. (Def. Memo at pp. 12-13) Both of these contentions are without merit.

The Second Circuit has held that, under federal law:

> [T]he mode of pleading defamation is governed by Rule 8, Fed.R.Civ.P., which requires only that plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of res judicata if appropriate. The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure. Such additional information is now available through the liberalized discovery provisions.

*Geisler v. Petrocelli,* 616 F.2d 636, 640 (2nd Cir.1980).

The Complaint fulfills the requirements of Rule 8 by pleading the identity of the person who made the statements at issue and to whom. The Complaint states that "on or about October 12, 2006, Schwartz and/or The Firm contacted Fox and informed Fox that plaintiff was recording the Events, and further that plaintiff did not have the right or authority to record the Events." (Sarikas Aff. at Exh. A at ¶ 15) The party who made the statement is clearly Ms. Schwartz. It is pled as "Schwartz and/or The Firm" because it is not known whether Ms. Schwartz was acting within the scope of her employment with The Firm at the time that she made the statement.

It is also just as clear that the recipient of the statement was Mr. Ross, the author of the Fox Letter, which contains a re-publication of the defamatory statement. Whether any other employee of Fox heard the statement that Ms. Schwartz made is unknown at this juncture. This is an issue that can only be resolved through the discovery process.

Plaintiff has met the burden under Rule 8 for pleading a claim of defamation. The Complaint gives adequate notice of who made the defamatory statement and to whom the statement was made. As such, the motion of The Firm to dismiss the Complaint should be denied.

CONCLUSION

For all of the reasons set forth above, as well as those set forth in the Affirmation of Anastasios Sarikas, it is respectfully requested that the motion of The Firm to dismiss the Complaint be denied in its entirety.  Alternatively, should the Court deem it necessary, plaintiff should be afforded an opportunity to replead in a manner consistent with any determination of the Court.

Dated: New York, NY
       October 16, 2007

                                            Anastasios Sarikas  (AS 2631)
                                            23-09 31st Street
                                            Astoria, NY 11105
                                            (718) 545-8866

*Of Counsel:*

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
(585) 458-7620

*Attorneys for Plaintiff*
*Natural Resources Media &*
*Technology Group, LLC*

12

## CONCLUSION

For all of the reasons set forth above, as well as those set forth in the Affirmation of Anastasios Sarikas, it is respectfully requested that the motion of The Firm to dismiss the Complaint be denied in its entirety. Alternatively, should the Court deem it necessary, plaintiff should be afforded an opportunity to replead in a manner consistent with any determination of the Court.

Dated: New York, NY
       October 16, 2007

                                      Anastasios Sarikas (AS 2631) By BCR
                                      23-09 31st Street
                                      Astoria, NY 11105
                                      (718) 545-8866

                                      *Of Counsel:*

                                      Bradley C. Rosen, Esq.
                                      159 Seneca Parkway
                                      Rochester, New York 14613
                                      (585) 458-7620

                                      *Attorneys for Plaintiff*
                                      *Natural Resources Media &*
                                      *Technology Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

                    Plaintiff,

-against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SHWARTZ,

                    Defendants.

Case No. 07 CV 7701 (SAS) (AJP)

**AFFIRMATION OF SERVICE**

STATE OF NEW YORK)
COUNTY OF MONROE )   ss.:

BRADLEY C. ROSEN, being an attorney duly licensed to practice law before the courts of the State of New York, does affirm, under penalty of perjury, as follows:

I am not a party to the action, am over 18 years of age and reside at 159 Seneca Parkway, Rochester, New York.

On October 16, 2007, I served a true copy of the annexed Plaintiff's Memorandum of Law in Opposition to The Firm's Motion to Dismiss by depositing the papers, enclosed in a properly addressed wrapper into the custody of an overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery, addressed to the following addresses:

| | |
|---|---|
| Hayes F. Michel, Esq.<br>Walsworth Franklin<br>Bevins & McCall<br>633 W. 5th Street, 28th Floor<br>Los Angeles, CA 90071<br>(213) 223-2052<br>*Attorneys for Defendant*<br>*Snoop Youth Football*<br>*League Foundation* | Dylan Ruga, Esq.<br>Steptoe & Johnson LLP<br>2121 Avenue of the Stars<br>Suite 2800<br>Los Angeles, CA 90067<br>(310) 734-3200<br>*Attorneys for Defendant*<br>*The Firm, Inc., d/b/a "The Firm,"* |

Dated: October 16, 2007
       Rochester, NY

                                                  BRADLEY C. ROSEN