UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC         07 CV 7701 (SAS) (AJP)

                Plaintiff

    -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a
"THE FIRM," and CONSTANCE
SCHWARTZ

                Defendants.
------------------------------------------------------------x

## DEFENDANT SNOOP YOUTH FOOTBALL LEAGUE FOUNDATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Snoop Youth Football League Foundation ("SYFL"), hereby Answers the Amended Complaint of Natural Resources Media & Technology Group, LLC, ("Plaintiff") as follows:

1.    Answering paragraph 1 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 1, and, as such, denies the allegations of paragraph 1.

2.    Answering paragraph 2 of the Complaint, SYFL states that it is authorized to do business in California and that it operates a youth football league.

3.    Answering paragraph 3 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 3, and, as such, denies the allegations of paragraph 3.

4. Answering paragraph 4 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 4, and, as such, denies the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, SYFL states that The Firm has provided management services for Calvin Broadus.

6. Answering paragraph 6 of the Complaint, SYFL admits the allegations of paragraph 6.

7. Answering paragraph 7 of the Complaint, SYFL states Ms. Schwartz works at The Firm and has provided management services for Calvin Broadus.

8. Answering paragraph 8 of the Complaint, SYFL denies the allegations of paragraph 8.

9. Answering paragraph 9 of the Complaint, SYFL avers that paragraph 9 states a legal conclusion as to which no response is necessary.

10. Answering paragraph 10 of the Complaint, SYFL avers that paragraph 10 states a legal conclusion as to which no response is necessary.

11. Answering paragraph 11 of the Complaint, SYFL denies the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 12, and, as such, denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, SYFL denies the allegations of paragraph 13.

14. Answering paragraph 14 of the Complaint, SYFL denies the allegations of paragraph 14.

15. Answering paragraph 15 of the Complaint, SYFL denies the allegations of paragraph 15.

16. Answering paragraph 16 of the Complaint, SYFL denies the allegations of paragraph 16.

17. Answering paragraph 17 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 17, and, as such, denies the allegations of paragraph 17.

18. Answering paragraph 18 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 18, and, as such, denies the allegations of paragraph 18.

19. Answering paragraph 19 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 19, and, as such, denies the allegations of paragraph 19.

20. Answering paragraph 20 of the Complaint, SYFL admits that it did not enter into an agreement with Fox, but states that it does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 20, and, as such, denies the remaining allegations of paragraph 20.

21. Answering paragraph 21 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 21, and, as such, denies the allegations of paragraph 21.

355991.1
3448-2.9744

22. Answering paragraph 22 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 22, and, as such, denies the allegations of paragraph 22.

23. Answering paragraph 23 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 23, and, as such, denies the allegations of paragraph 23.

24. Answering paragraph 24 of the Complaint, SYFL admits that it received a letter from Fox, but states that it does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 24, and, as such, denies the remaining allegations of paragraph 24..

25. Answering paragraph 25 of the Complaint, SYFL states that the letter speaks for itself and respectfully refers the Court thereto.

26. Answering paragraph 26 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 26, and, as such, denies the allegations of paragraph 26.

27. Answering paragraph 27 of the Complaint, SYFL incorporates its responses to the previous allegations.

28. Answering paragraph 28 of the Complaint, SYFL denies the allegations of paragraph 28.

29. Answering paragraph 29 of the Complaint, SYFL admits that the Plaintiff made certain claims on or about October 2006, but denies the remaining allegations of paragraph 29.

30. Answering paragraph 30 of the Complaint, SYFL admits that the Plaintiff made certain claims on or about October 2006, but denies the remaining allegations of paragraph 30.

31. Answering paragraph 31 of the Complaint, SYFL avers that paragraph 31 states legal conclusions as to which no response is warranted.

32. Answering paragraph 32 of the Complaint, SYFL denies the allegations of paragraph 32.

33. Answering paragraph 33 of the Complaint, to the extent that paragraph 33 alleges that SYFL breach any contract, such allegations state legal conclusions as to which no response is warranted. SYFL denies the remaining allegations of paragraph 33.

34. Answering paragraph 34 of the Complaint, SYFL denies the allegations of paragraph 34 to the extent they assert that any actions of SYFL caused Plaintiff damage. SYFL does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 34, and, as such, denies the remaining allegations of paragraph 34

35. Answering paragraph 35 of the Complaint, SYFL incorporates its responses to the previous allegations.

36. Answering paragraph 36 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 36, and, as such, denies the allegations of paragraph 36.

37. Answering paragraph 37 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 37, and, as such, denies the allegations of paragraph 37.

38. Answering paragraph 38 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 38, and, as such, denies the allegations of paragraph 38.

355991.1
3448-2.9744

39. Answering paragraph 39 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 39, and, as such, denies the allegations of paragraph 39.

40. Answering paragraph 40 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 40, and, as such, denies the allegations of paragraph 40.

41. Answering paragraph 41 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 41, and, as such, denies the allegations of paragraph 41.

42. Answering paragraph 42 of the Complaint, SYFL incorporates its responses to the previous allegations.

43. Answering paragraph 43 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 43, and, as such, denies the allegations of paragraph 43.

44. Answering paragraph 44 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 44, and, as such, denies the allegations of paragraph 44.

45. Answering paragraph 45 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 45, and, as such, denies the allegations of paragraph 45.

46. Answering paragraph 46 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 46, and, as such, denies the allegations of paragraph 46.

355991.1
3448-2.9744

47. Answering paragraph 47 of the Complaint, SYFL incorporates its responses to the previous allegations.

48. Answering paragraph 48 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 48, and, as such, denies the allegations of paragraph 48.

49. Answering paragraph 49 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 49, and, as such, denies the allegations of paragraph 49.

50. Answering paragraph 50 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 50, and, as such, denies the allegations of paragraph 50.

51. Answering paragraph 51 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 51, and, as such, denies the allegations of paragraph 51.

52. Answering paragraph 52 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 52, and, as such, denies the allegations of paragraph 52.

53. Answering paragraph 53 of the Complaint, SYFL incorporates its responses to the previous allegations.

54. Answering paragraph 54 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 54, and, as such, denies the allegations of paragraph 54.

355991.1
3448-2.9744

55. Answering paragraph 55 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 55, and, as such, denies the allegations of paragraph 55.

56. Answering paragraph 56 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 56, and, as such, denies the allegations of paragraph 56.

57. Answering paragraph 57 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 57, and, as such, denies the allegations of paragraph 57.

58. Answering paragraph 58 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 58, and, as such, denies the allegations of paragraph 58.

59. Answering paragraph 59 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 59, and, as such, denies the allegations of paragraph 59.

60. Answering paragraph 60 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 60, and, as such, denies the allegations of paragraph 60.

61. Answering paragraph 61 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 61, and, as such, denies the allegations of paragraph 61.

62. Answering paragraph 62 of the Complaint, SYFL incorporates its responses to the previous allegations.

63. Answering paragraph 63 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 63, and, as such, denies the allegations of paragraph 63.

64. Answering paragraph 64 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 64, and, as such, denies the allegations of paragraph 64.

65. Answering paragraph 65 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 65, and, as such, denies the allegations of paragraph 65.

66. Answering paragraph 66 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 66, and, as such, denies the allegations of paragraph 66.

67. Answering paragraph 67 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 67, and, as such, denies the allegations of paragraph 67.

68. Answering paragraph 68 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 68, and, as such, denies the allegations of paragraph 68.

69. Answering paragraph 69 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 69, and, as such, denies the allegations of paragraph 69.

70. Answering paragraph 70 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 70, and, as such, denies the allegations of paragraph 70.

### FIRST AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint, and each cause of action contained therein, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The answering defendant alleges that the individual who purported to sign the agreements alleged in the Complaint, if any, lacked authority to bind the answering defendant.

### THIRD AFFIRMATIVE DEFENSE

The answering defendant alleges that the conduct complained of took place in the State of California and the proper forum for this action is in the State of California.

### FOURTH AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint fails to join indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

The answering defendant alleges that to the extent the Complaint seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

### SIXTH AFFIRMATIVE DEFENSE

The answering defendant is informed and believes and on such information and belief alleges, that Plaintiff was engaged in conduct that constitutes a waiver of its rights under the contract alleged in the Complaint. By reason of said waiver, the answering defendant is excused from further performance of the obligations under the alleged contract.

355991.1
3448-2.9744

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendant reserves the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## EIGHTH AFFIRMATIVE DEFENSE

The answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to SYFL, and therefore reserves the right to assert any and all additional defenses in the event that discovery indicates that such defenses would be appropriate.

## NINTH AFFIRMATIVE DEFENSE

The answering defendant expressly reserves the right to amend and/or supplement his answer, defenses and all other pleadings.

## TENTH AFFIRMATIVE DEFENSE

The answering defendant hereby adopts by reference any and all other applicable defenses pleaded, or as yet unstated, by any other defendant to the extent that SYFL may share in such defenses.

WHEREFORE, the answering defendant prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;

2. For attorneys' fees and costs of suit incurred; and

3. For such other and further relief as the court may deem just and proper.

355991.1
3448-2.9744

-12-

Dated: New York, NY
   January 7, 2008

STEPTOE & JOHNSON LLP

By: _____
Michael C. Miller
Evan Glassman
Christopher J. Marino
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

*Attorneys for Defendant*
*Snoop Youth Football League Foundation*

*Of Counsel:*
Hayes F. Michel
WALSWORTH FRANKLIN BEVINS
& MCCAL
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
(213) 223-2052

355991.1
3448-2.9744

-13-

## CERTIFICATE OF SERVICE

I hereby certify that Defendant Snoop Youth Football League Foundation served upon the parties listed below a true and correct copy of Defendant Snoop Youth Football League Foundation's Answer And Affirmative Defenses To Plaintiff's Amended Complaint, by electronic mail and by causing the same to be sent via Federal Express on January 7, 2008.

_____
Kimberlyn Brzozowski

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
 (admitted *pro hac vice*)

Anastasios Sarikas
23-09 31st Street
Astoria, NY 11105

*Attorneys for Plaintiff
Natural Resources Media &
Technology Group, LLC*