UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATURAL RESOURCES MEDIA & TECHNOLOGY GROUP, LLC,

Plaintiff,

-against-

SNOOP YOUTH FOOTBALL LEAGUE FOUNDATION, THE FIRM, INC., d/b/a "THE FIRM," and CONSTANCE SCHWARTZ,

Defendants.

Case No. 07 CV 07701 (SAS) (AJP)

(Oral Argument Requested)

**DEFENDANTS THE FIRM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

STEPTOE & JOHNSON LLP
Michael C. Miller
Evan Glassman
Christopher J. Marino
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

*Of Counsel:*
Michael R. Heimbold (admitted *pro hac vice*)
Dylan Ruga (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200

Attorneys for Defendants
*THE FIRM, INC., d/b/a "THE FIRM"*

January 14, 2008

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT .................................................. 1

STATEMENT OF FACTS .................................................. 2

ARGUMENT .................................................. 3

POINT I PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE FIRM FAILS AS A MATTER OF LAW .................................................. 3

POINT II PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE FIRM FAILS AS A MATTER OF LAW .................................................. 6

A. Plaintiff Has Failed to Allege That The Firm *Caused* Strange Fruit to Breach any Contract with Plaintiff .................................................. 7

B. Plaintiff Has Failed to Allege Facts Sufficient to Show a Breach of the Terms of any Agreement .................................................. 7

POINT III PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST THE FIRM FAILS AS A MATTER OF LAW .................................................. 8

A. Plaintiff Has Failed to Allege Facts Sufficient to Show Causation .................................................. 8

B. Plaintiff Has Failed to Allege Facts Sufficient to Show a Breach of the Terms of any Agreement .................................................. 9

POINT IV PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DEFAMATION FAILS AS A MATTER OF LAW .................................................. 9

A. Plaintiff Has Failed to State With Specificity the Alleged Defamatory Words .................................................. 9

B. Plaintiff Has Failed to Allege With Particularity Special Damages .................................................. 11

POINT V PLAINTIFF'S SIXTH CAUSE OF ACTION FOR DEFAMATION FAILS AS A MATTER OF LAW .................................................. 12

CONCLUSION .................................................. 13

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.,
404 F.3d 566 (2d Cir. 2005)....4, 7, 9

Aim Int'l Trading, LLC v. Valcucine SPA, IBI, LLC,
2003 WL 21203503 (S.D.N.Y. May 22, 2003) .... 7-8

Bell Atlantic Corp. v. Twombly,
550 U.S. ___, 127 S.Ct. 1955 (May 21, 2007) .... 6, 8-9

G-I Holdings, Inc. v. Baron & Budd,
179 F. Supp. 2d 233 (S.D.N.Y. 2001).... 5, 8-9

Idema v. Wager,
120 F. Supp. 2d 361 (S.D.N.Y. 2000).... 11-12

Kasada, Inc. v. Access Capital, Inc.,
2004 WL 2903776 (S.D.N.Y. Dec. 14, 2004) .... 11-12

Kirch v. Liberty Media Corp.,
449 F.3d 388 (2d Cir. 2006).... 4-5, 7, 9

Leadsinger, Inc. v. Cole,
2006 WL 2320544 (S.D.N.Y., Aug. 10, 2006).... 5, 8-9

Lian v. Sedgwick James of New York, Inc.,
992 F. Supp. 644 (S.D.N.Y. 1998) .... 11-12

Majer v. Met. Trans. Authority,
1990 WL 212928 (S.D.N.Y. Dec. 14, 1990) ....10, 12

Millar v. Ojima,
354 F. Supp. 2d 220 (E.D.N.Y. 2005) .... 5, 8-9

Reserve Solutions Inc. v. Vernaglia,
438 F. Supp. 2d 280 (S.D.N.Y. 2006)....10

Scholastic, Inc. v. Stouffer,
124 F. Supp. 2d 836 (S.D.N.Y. 2000)....10

Sedona Corp. v. Ladenberg Thalmann & Co., Inc.,
2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005).... 7-8

Winter-Wolf Int'l, Inc. v. Alcan Packaging Food & Tobacco Inc.,
499 F. Supp. 2d 233 (E.D.N.Y. 2007) ....4, 7, 9

**STATE CASES**

Bosco v. Curtin,
291 A.D.2d 424, 737 N.Y.S.2d 534 (2d Dep't 2002) .......... 11

Gardner v. Alexander Rent-A-Car, Inc.,
28 A.D.2d 667, 280 N.Y.S.2d 595 (1st Dep't 1967) .......... 10, 12

Geddes v. Princess Props. Int'l, Ltd.,
88 A.D.2d 835, 451 N.Y.S.2d 150 (1st Dep't 1982) .......... 10, 12

Jack L. Inselman & Co., Inc. v. FNB Fin. Co.,
41 N.Y.2d 1078, 396 N.Y.S.2d 347 (1977) .......... 4, 7, 9

Lama Holding Co. v. Smith Barney Inc.,
88 N.Y.2d 413, 646 N.Y.S.2d 76 (1996) .......... 3

Liffman v. Booke,
59 A.D.2d 687, 398 N.Y.S.2d 674 (1st Dep't 1977) .......... 10, 12

Ott v. Automatic Connector, Inc.,
193 A.D.2d 657, 598 N.Y.S.2d 10 (2d Dep't 1993) .......... 9-10

**FEDERAL STATUTES**

Fed. R. Civ. P.§ 8 .......... 6, 8-9

Fed. R. Civ. P. § 8(a)(2) .......... 6

Fed. R. Civ. P.§ 12(b)(6) .......... 1, 13

**STATE STATUTES**

NY C.P. L.R. § 3016(a) .......... 9-10

Defendant The Firm, Inc. ("The Firm") respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to enter an order dismissing the Amended Complaint of Plaintiff Natural Resources Media & Technology Group, LLC ("Plaintiff' or "Natural Resources") for failure to state a claim.

## PRELIMINARY STATEMENT

This is the second motion to dismiss filed by The Firm. The Court granted Plaintiff an opportunity to amend its Complaint after The Firm filed its first motion to dismiss, but even a cursory review of Plaintiff's Amended Complaint reveals that several fatal deficiencies still have not been cured. The Amended Complaint fares no better than its predecessor and also must be dismissed.

Plaintiff has expanded its claim for tortious interference with contract from one cause of action to three.[1] None of these three causes of action, however, alleges that any third party *breached* any agreement with Plaintiff, which is an essential element of the claim. Nor do any of these causes of action set forth, as they must, *the terms* of the agreements that allegedly were breached by the third parties. On this basis, Plaintiff's allegations are insufficient to state a claim for tortious interference with contract under well-established New York law.

Furthermore, two of the three causes of action for tortious interference are based on actions taken by third-parties (not The Firm). Plaintiff apparently believes that The Firm can be held liable for saying something to someone who then takes further action and causes a fourth-party to breach a contract. While creative, New York law does not support this theory of liability and Plaintiff's third and fourth causes of action fail on this basis as well.

[1] Causes of Action Nos. 2-4.

Plaintiff similarly expanded its defamation claim from one cause of action to two.[2] Both causes of action, however, fail to set forth the allegedly defamatory words and fail to allege with particularity any special damages suffered by Plaintiff.[3] Accordingly, Plaintiff's claims for defamation must be dismissed.

## STATEMENT OF FACTS

The purported claims in Plaintiff's Amended Complaint arise from an alleged contract that is purported to have been entered into in 2006 between Plaintiff and Snoop Youth Football League Foundation ("SYFL") (the "Contract"). Amended Complaint, ¶ 13. According to Plaintiff, the Contract gave Plaintiff the exclusive rights to record and broadcast certain activities of the SYFL. Id., ¶¶ 13, 14.

The Amended Complaint alleges (for the first time) that an employee of The Firm, Constance Schwartz ("Schwartz")[4], contacted Plaintiff's broadcaster and financier, TV One, Inc. ("TV One"), and advised TV One that Plaintiff did not have the right to record the SYFL. Id., ¶ 21. Allegedly based upon this communication, TV One and Plaintiff's production company, Strange Fruit Film ("Strange Fruit") "withdrew from" their alleged agreements with Plaintiff concerning the SYFL. Id., ¶ 22.

Plaintiff further avers that Schwartz contacted Twentieth Century Fox ("Fox") and advised Fox that Plaintiff did not have the right to record the SYFL. Id., ¶ 23. This allegedly caused Fox to send a letter to Plaintiff and others that: (1) claimed Plaintiff's recording of the

---

[2] Causes of Actions Nos. 5 and 6.

[3] Plaintiff does not contend that the allegedly defamatory words are defamatory *per se*. Accordingly, Plaintiff's claim must fail unless Plaintiff has suffered special damages, which must be set forth with particularity. See section IV(B), *infra*.

[4] Plaintiff named Schwartz as a defendant in both its original and amended complaint, but subsequently dismissed Schwartz from the action without prejudice.

SYFL violated Fox's exclusive rights; and (2) demanded that Plaintiff immediately cease recording the SYFL (the "Fox Letter"). Id., ¶¶ 24 & Ex. 3. Plaintiff claims that the Fox Letter caused Plaintiff's business partners to withdraw from their agreements and cease recording the SYFL. Id., ¶ 26. Plaintiff has not named Fox as a defendant in this lawsuit.

Based on the foregoing alleged communications between Schwartz on the one hand, and Fox and TV One on the other, Plaintiff has set forth three causes of action for tortious interference with contract and two causes of action for defamation.

## ARGUMENT

## POINT I

## PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE FIRM FAILS AS A MATTER OF LAW

Plaintiff has failed in its Second Cause of Action for tortious interference with contract to meet even the basic pleading requirements for such a claim and therefore it must be dismissed as a matter of law. Specifically, Plaintiff has failed to: (a) properly allege a *breach* of any contract, and (b) properly set forth the relevant terms of any contract that allegedly was breached.

Under New York law, the elements of a claim for tortious interference with contract are: (1) "the existence of a valid contract between the plaintiff and a third party," (2) "defendant's knowledge of the contract," (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification," (4) "actual breach of the contract," and (5) "damages resulting therefrom." Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 82 (1996).

Plaintiff's claim is based on Schwartz's alleged conversation with Karen Wishart ("Wishart") at TV One, during which Schwartz allegedly told Wishart that Plaintiff did not have

the right to record the SYFL. Amended Complaint, ¶ 37. Based on this conversation, TV One allegedly "withdrew from its contract with plaintiff . . . ." Id. at ¶ 39.

Plaintiff, however, cannot satisfy the fourth element of its claim and establish an actual breach by alleging only that TV One "withdrew" from its contract. See, e.g., Kirch v. Liberty Media Corp., 449 F.3d 388, 402 (2d Cir. 2006) (affirming dismissal of a claim for tortious interference with contract because the plaintiff merely alleged that a third party "walked away" from a deal and therefore did not properly plead the fourth element of the claim); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 589 (2d Cir. 2005) (affirming dismissal of a tortious interference claim because the plaintiff did not allege that any third party breached its obligations under a contract); Winter-Wolf Int'l, Inc. v. Alcan Packaging Food & Tobacco Inc., 499 F. Supp. 2d 233, 241 (E.D.N.Y. 2007) ("Defendant is correct that the claim for tortious interference with contracts must be dismissed for failure to allege any breach of the contracts with the affiliates."); Jack L. Inselman & Co., Inc. v. FNB Fin. Co., 41 N.Y.2d 1078, 1080, 396 N.Y.S.2d 347, 349 (1977) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party . . . . An essential element of the case against [the defendant], then, is a breach by [a third party].").

For example, in Kirch, the plaintiffs entered into an agreement with JP Morgan, among others, to advise plaintiffs on a merger transaction. Kirch, 449 F.3d at 392-93. The defendants allegedly made defamatory remarks about plaintiffs' business viability, which caused potential investors to lose confidence in the transaction. Id. at 396. As a result, JP Morgan abandoned its plan and ceased working with plaintiffs. Id. The plaintiffs argued that the defendants' defamatory remarks interfered with plaintiffs' contract with JP Morgan, but alleged only that JP

Morgan "walked away" from the project. Id. at 402. The district court dismissed the claim because plaintiffs did not assert "that JP Morgan actually breached its contract." Id. On appeal, the plaintiffs argued that "reasonable inferences [can be] drawn from such phrases as 'abandoned' and 'walked away'" but the Second Circuit rejected this argument and affirmed the dismissal. Id. According to the Second Circuit, the plaintiffs' allegation did "not amount to an allegation that JP Morgan violated the terms of a contract with [one of plaintiffs]" when JP Morgan walked away from the transaction. Id.

Similarly, in the instant case, Plaintiff has alleged only that TV One "withdrew" from its contract. As in Kirch, this allegation does "not amount to an allegation that [TV One] violated the terms of a contract . . . ." Id. It follows that Plaintiff has not alleged sufficiently the fourth element of the claim. Id.

Furthermore, to withstand a motion to dismiss, Plaintiff *must allege the relevant terms* of each alleged contract that was breached as a result of the alleged misconduct. See, e.g., Leadsinger, Inc. v. Cole, 2006 WL 2320544, at *13 (S.D.N.Y., Aug. 10, 2006) (granting a motion to dismiss a claim for tortious interference with contract because "plaintiff has failed to allege the relevant terms of the contracts that existed"); Millar v. Ojima, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005) ("In order to state a [tortious interference with contract] claim, the plaintiff is required to identify a specific contractual term that was breached."); G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 253 (S.D.N.Y. 2001) (same). Here, Plaintiff simply fails to allege any of the terms of its contract with TV One that allegedly were breached as a result of Schwartz's alleged conversation with Wishart.

In Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1969 (May 21, 2007), the United States Supreme Court, interpreting the minimum pleading requirement in federal court established by Rule 8 of the Federal Rules of Civil Procedure, clarified that:

> Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Bell Atlantic, 127 S.Ct. at 1965 n.3.

Plaintiff has been given two opportunities to plead its claim against The Firm but its Amended Complaint still fails to set forth even the most basic facts. Simply put, Plaintiff's claim must fail because it does not meet the threshold pleading requirements of either Rule 8, as interpreted in Bell Atlantic, or established caselaw.

**POINT II**

**PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE FIRM FAILS AS A MATTER OF LAW**

Plaintiff's Third Cause of Action, also for tortious interference with contract, likewise fails because Plaintiff has failed to meet the minimum pleading requirements of such a claim.

This claim, like the Second Cause of Action, is based on Schwartz's alleged conversation with Wishart at TV One, during which Schwartz allegedly told Wishart that Plaintiff did not have the right to record the SYFL. Amended Complaint, ¶ 43. Unlike the Second Cause of Action, however, the Third alleges that Schwartz's conversation with Wishart caused *Strange Fruit* (not TV One) to withdraw from its alleged contract with Plaintiff. Id. at ¶¶ 43, 44.

Plaintiff's theory of liability is that Schwartz said something to Wishart, and then *Wishart said or did something* that caused Strange Fruit to withdraw from its contract with Plaintiff. For the following reasons, this novel theory of liability is not supported by New York law.

**A. Plaintiff Has Failed to Allege That The Firm *Caused* Strange Fruit to Breach any Contract with Plaintiff**

Generally, "allegations of causation are required" to plead a claim of tortious interference with contract. Sedona Corp. v. Ladenberg Thalmann & Co., Inc., 2005 WL 1902780, at *18 (S.D.N.Y. Aug. 9, 2005). Stated differently, "the plaintiff must allege in the complaint that there would not have been a breach but for defendants' conduct." Id.; Aim Int'l Trading, LLC v. Valcucine SPA, IBI, LLC, 2003 WL 21203503, at *4 (S.D.N.Y. May 22, 2003).

Here, the Amended Complaint alleges that Strange Fruit withdrew from its alleged contract with Plaintiff based on something *said or done by TV One.* While Plaintiff may have a valid claim against Wishart, Plaintiff's theory that The Firm caused Wishart to do something that caused the injury fails to allege facts indicating that, but for The Firm's actions, Strange Fruit would not have breached the alleged contract. For this reason alone, the Third Cause of Action should be dismissed.

**B. Plaintiff Has Failed to Allege Facts Sufficient to Show a Breach of the Terms of any Agreement**

Plaintiff's claim also must be dismissed because Plaintiff again has not alleged that Strange Fruit *breached* any agreement. Nor has Plaintiff set forth the relevant terms of such an alleged agreement.

Like the Second Cause of Action, Plaintiff merely alleges that Strange Fruit "withdrew from" its alleged agreement with Plaintiff. As noted above, this allegation is insufficient to state a claim for tortious interference with contract. See, e.g., Kirch, 449 F.3d at 402; Aetna Cas. & Sur. Co., 404 F.3d at 589; Winter-Wolf Int'l, Inc., 499 F. Supp. 2d at 241; Jack L. Inselman & Co., 41 N.Y.2d at 1080, 396 N.Y.S.2d at 349. Moreover, as with Plaintiff's Second Cause of Action, the third must fail because Plaintiff has not set forth the relevant terms of its alleged

agreement with Strange Fruit. See, e.g., Leadsinger, Inc., 2006 WL 2320544, at *13; Millar, 354 F. Supp. 2d at 230; G-I Holdings, Inc., 179 F. Supp. 2d at 253.

For each of these reasons, Plaintiff's Third Cause of Action against The Firm for tortious interference with contract must fail because it does not meet the threshold pleading requirements of either Rule 8, as interpreted in Bell Atlantic, or established caselaw.

**POINT III**

**PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST THE FIRM FAILS AS A MATTER OF LAW**

Plaintiff's Fourth Cause of Action, also for tortious interference with contract, likewise fails because Plaintiff has not met the requisite pleading requirements to establish such action. Specifically, Plaintiff has failed to allege any facts suggesting (a) that The Firm caused a breach or (b) that any specific terms of an agreement have been breached.

This claim is based on a letter dated October 13, 2006, *which was sent by Fox*. Amended Complaint, ¶ 49. For some unknown reason, Plaintiff has not named Fox in this lawsuit; instead, Plaintiff seeks to hold The Firm liable for Fox's conduct. As explained above, this novel theory of liability is not cognizable under any New York law.

**A. Plaintiff Has Failed to Allege Facts Sufficient to Show Causation**

Like Plaintiff's Third Cause of Action, the Fourth must fail because Plaintiff has not alleged that The Firm *caused* any third-parties to breach any contract with Plaintiff. Instead, the Complaint alleges *that Fox sent a letter that caused the alleged breach*. Amended Complaint, ¶ 49. Plaintiff may have a valid claim against Fox, but Plaintiff's theory that The Firm caused Fox to do something that caused the injury is simply not cognizable under New York law. See, e.g., Sedona Corp., 2005 WL 1902780, at *18; Aim Int'l Trading, LLC, 2003 WL 21203503, at *4.

### B. Plaintiff Has Failed to Allege Facts Sufficient to Show a Breach of the Terms of any Agreement

Plaintiff's Fourth Cause of Action also suffers from the same defects as the second and third causes of action. Specifically, Plaintiff has not alleged that TV One has *breached* any agreement with Plaintiff, which is an essential element of the claim. See, e.g., Kirch, 449 F.3d at 402; Aetna Cas. & Sur. Co., 404 F.3d at 589; Winter-Wolf Int'l, Inc., 499 F. Supp. 2d at 241; Jack L. Inselman & Co., 41 N.Y.2d at 1080, 396 N.Y.S.2d at 349. Nor has Plaintiff set forth the relevant terms of its alleged agreement with TV One, as it must in order to state a claim for tortious interference. See, e.g., Leadsinger, Inc., 2006 WL 2320544, at *13; Millar, 354 F. Supp. 2d at 230; G-I Holdings, Inc., 179 F. Supp. 2d at 253. These defects are fatal to Plaintiff's claim.

Like the previous two, this claim also must fail because it does not meet the threshold pleading requirements of either Rule 8, as interpreted in Bell Atlantic, or established caselaw. Bell Atlantic, 127 S.Ct. at 1965 n.3

## POINT IV

## PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DEFAMATION FAILS AS A MATTER OF LAW

Plaintiff's Fifth Cause of Action for defamation must be dismissed because (a) it lacks the requisite specificity to establish such action and (b) Plaintiff has failed to allege special damages with particularity.

### A. Plaintiff Has Failed to State With Specificity the Alleged Defamatory Words

To state a cause of action for defamation under New York law, the pleadings must state with specificity the time, place, manner and person to whom the allegedly false statements were made. See, e.g., CPLR § 3016(a); Ott v. Automatic Connector, Inc., 193 A.D.2d 657, 658, 598 N.Y.S.2d 10, 11 (2d Dep't 1993) ("The allegations in the complaint sounding in defamation

failed to state a cause of action because the alleged defamatory statements were not pleaded with the specificity required by CPLR 3016(a) . . . ."). This is true even under the liberal pleading requirements in federal court. Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000) (dismissing a defamation claim because the plaintiff "completely fail[ed] to identify who made the alleged statements, at what times or places, and to whom the statements were made"); Reserve Solutions Inc. v. Vernaglia, 438 F. Supp. 2d 280, 289 (S.D.N.Y. 2006).

For example, in Geddes v. Princess Props. Int'l, Ltd., 88 A.D.2d 835, 835, 451 N.Y.S.2d 150, 150 (1st Dep't 1982), the plaintiff attempted to plead a cause of action for defamation by alleging the substance of the defendant's comments, without setting forth the precise words allegedly used. The court dismissed the claim and noted that "[a]ny qualification in the pleading thereof by use of the words 'to the effect', "substantially", or words of similar import generally renders the complaint defective." Geddes, 88 A.D.2d at 835, 451 N.Y.S.2d at 150; Liffman v. Booke, 59 A.D.2d 687, 687, 398 N.Y.S.2d 674, 674 (1st Dep't 1977) (same); Gardner v. Alexander Rent-A-Car, Inc., 28 A.D.2d 667, 667, 280 N.Y.S.2d 595, 595 (1st Dep't 1967) (same); Majer v. Met. Trans. Authority, 1990 WL 212928 at *7 (S.D.N.Y. Dec. 14, 1990) (same).

Here, Plaintiff has not set forth the allegedly defamatory words with any specificity. Rather, Plaintiff alleges only that the "sum and substance" of Schwartz's alleged statements to Mr. Ross and Fox was that Plaintiff had no right to record the SYFL. Amended Complaint, ¶ 55. This allegation is insufficient to support a claim for defamation under New York law.

Accordingly, as in Ott, Scholastic, and the other authorities cited above, Plaintiff's Fifth Cause of Action is defective because it does not set forth the allegedly defamatory words with any specificity.

### B. Plaintiff Has Failed to Allege With Particularity Special Damages

Plaintiff has not alleged that the purported defamatory statements constitute defamation *per se*. Therefore, Plaintiff must plead with particularity special damages (*i.e.*, economic or pecuniary loss). Lian v. Sedgwick James of New York, Inc., 992 F. Supp. 644, 649 (S.D.N.Y. 1998) (explaining that a plaintiff in a defamation action must plead and prove special damages unless the statements are defamatory *per se*); Bosco v. Curtin, 291 A.D.2d 424, 424, 737 N.Y.S.2d 534, 534 (2d Dep't 2002) ("As the plaintiff failed to plead special damages with sufficient particularity, the alleged statements were not actionable."); Idema v. Wager, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000) ("It is well settled law in New York that special damages must be fully and accurately defined with sufficient particularity to identify actual loss. In all cases [except where the statements are defamatory *per se*], failure to plead special damages is a fatal defect.").

Here, Plaintiff simply has alleged that it has been damaged "in an amount to be determined at trial, but in no event less than $250,000" as a result of the alleged defamation. Amended Complaint, ¶ 61. This allegation does not set forth any claim of damages with particularity. See, e.g., Idema, 120 F. Supp. 2d at 368 ("'Round figures' or a general allegation of a dollar amount as to special damages do not suffice."). It follows that Plaintiff's claim must fail. See, e.g., Id.; Kasada, Inc. v. Access Capital, Inc., 2004 WL 2903776 at *18 (S.D.N.Y. Dec. 14, 2004) (dismissing defamation claim because, among other things, the plaintiff failed to allege special damages or that the allegedly defamatory words were defamatory *per se*).

In short, Plaintiff's defamation claim fails because Plaintiff has not set forth the allegedly defamatory words with specificity; nor has Plaintiff alleged any special damages with particularity.

## POINT V

## PLAINTIFF'S SIXTH CAUSE OF ACTION FOR DEFAMATION FAILS AS A MATTER OF LAW

Plaintiff's Sixth Cause of Action for defamation is based on Schwartz's alleged conversation with Wishart, during which Schwartz allegedly told Wishart that Plaintiff did not have the right to record the SYFL. Amended Complaint, ¶ 63. This claim suffers from the same defects as the Fifth Cause of Action.

Specifically, as with the Fifth Cause of Action, Plaintiff has not set forth the allegedly defamatory words with any specificity. Rather, Plaintiff alleges only that the "sum and substance" of Schwartz's statements to Wishart was that Plaintiff had no right to record the SYFL. Amended Complaint, ¶ 63. As explained in Section IV(A), *supra*, this allegation is insufficient to support a claim for defamation under New York law. See, e.g., Geddes, 88 A.D.2d at 835, 451 N.Y.S.2d at 150; Liffman, 59 A.D.2d at 687, 398 N.Y.S.2d at 674; Gardner, 28 A.D.2d at 667, 280 N.Y.S.2d at 595; Majer, 1990 WL 212928, at *7.

Similarly, Plaintiff neither has alleged that the allegedly defamatory statements constitute defamation *per se* nor has pled special damages with particularity. Accordingly, the claim must be dismissed. See, e.g., Lian, 992 F. Supp. at 649; Idema, 120 F. Supp. 2d at 368; Kasada, 2004 WL 2903776, at *18.

Plaintiff's Sixth Cause of Action fails for the same reasons as the Fifth. In both instances, Plaintiff has not set forth the allegedly defamatory words with specificity; nor has Plaintiff alleged any special damages with particularity.

**CONCLUSION**

For the reasons set forth above, The Firm respectfully request that the Court dismiss Plaintiff's second through sixth causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

STEPTOE & JOHNSON LLP

By: ______________________
Michael C. Miller
Evan Glassman
Christopher J. Marino
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

Attorneys for Defendants
*THE FIRM, INC., d/b/a "THE FIRM"*

*Of Counsel:*
Michael R. Heimbold (admitted *pro hac vice*)
Dylan Ruga (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant The Firm, Inc. served upon the parties listed below a true and correct copy of Defendants The Firm, Inc.'s Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint, by electronic mail and by causing the same to be sent via Federal Express on January 14, 2008.

Kimberlyn Brzozowski

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
(admitted *pro hac vice*)

Anastasios Sarikas, Esq.
23-09 31st Street
Astoria, NY 11105

*Attorneys for Plaintiff*
*Natural Resources Media &*
*Technology Group, LLC*

Alison M. Haddock, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

*Attorneys for Defendants*
*Snoop Youth Football League*
*Foundation*