UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NATURAL RESOURCES MEDIA                                      :
& TECHNOLOGY GROUP, LLC,                                     :     Case No. 07 CV 7701 (SAS) (AJP)
                                                            :
                                                            :
                           Plaintiff,                       :     AFFIRMATION OF BRADLEY C.
                                                            :     ROSEN IN OPPOSITION TO
             -against-                                       :     DEFENDANT THE FIRM'S MOTION
                                                            :     TO DISMISS
SNOOP YOUTH FOOTBALL LEAGUE                                  :
FOUNDATION, THE FIRM, INC., d/b/a "THE                      :
FIRM," and CONSTANCE SHWARTZ,                                :
                                                            :
                                                            :
                           Defendants.                      :
                                                            :
------------------------------------------------------------X

       Bradley C. Rosen, being an attorney duly authorized to practice law before the courts of

the State of New York, does affirm, under penalty of perjury, as follows:

       1.     Together with Anastasios Sarikas, Esq., I am counsel for plaintiff Natural

Resources Media & Technology Group, LLC. ("Natural Resources.")  I am fully familiar with

the facts and circumstances surrounding this matter.

       2.     I make this affirmation in opposition to the motion of defendant The Firm made

pursuant to dismiss the Amended Complaint dated December 17, 2007 (the "Complaint")

Federal Rules of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)"), on the grounds that Natural

Resources has allegedly failed to state a claim against The Firm.

       3.     The present action is a claim for breach of contract interposed by plaintiff against

defendant Snoop Youth Football League Foundation ("SYFL"), and claims for tortious

interference with contractual relations and libel interposed against defendants Constance

Schwartz ("Schwartz") and The Firm, Inc. d/b/a "The Firm" ("The Firm.")   (Exh. A annexed

hereto)

4.      Pursuant to a stipulation, defendant Constance Schwartz has been dismissed from this action.  (Exh. C Annexed hereto)  The dismissal is without prejudice to renew the action in the District Court for the Central District of California.  (*Id.*)

5.      As more fully discussed in the accompanying Plaintiff's Memorandum of Law in Opposition to Defendant The Firm's Motion to Dismiss, dated February 4, 2008, motions made pursuant to Rule 12(b)(6) are confined to a review of the pleadings.  (Pla. Memo at pp. 5-6) Accordingly; the following documents are presented in opposition to the motion:

a.      The Amended Complaint dated December 17, 2007 at Exhibit A, together with the December 21, 2005 contract between plaintiff and the SYFL; the June 26, 2006 contract between plaintiff and the SYFL at Exhibit 2 thereto; and the October 13, 2006 cease and desist letter from Twentieth Century Fox, a unit of Twentieth Century Fox Film Corporation ("Fox") at Exhibit 3 thereof;

b.      The Answer of defendant SYFL, dated  January 7, 2008 at Exhibit B; and

c.      The Stipulation releasing defendant Schwartz and withdrawing the portions of the motion seeking to dismiss for lack of jurisdiction and to change venue at Exhibit C.

6.      No other documents or facts are necessary for the determination of the motion.

Dated: New York, NY
        February 4, 2008

/s/
Bradley C. Rosen, Esq. (BCR 9561)
159 Seneca Parkway
Rochester, New York 14613
(585) 458-7620

*Of Counsel:*

Anastasios Sarikas
23-09 31st Street
Astoria, NY 11105
(718) 545-8866

*Attorneys for Plaintiff*
*Natural Resources Media &*
*Technology Group, LLC*

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

Case No. 07 CV 7701 (SAS) (AJP)

       Plaintiff,

AMENDED COMPLAINT

   -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SHWARTZ,

       Defendants.
-------------------------------------------------------------X

   Plaintiff Natural Resources Media & Technology Group, LLC., by and through its attorney, Bradley C. Rosen, Esq., P.C., complaining of the defendants, alleges as follows:

PARTIES

   1.  Plaintiff Natural Resources Media & Technology Group, LLC. ("plaintiff" or "Natural Resources"), is a domestic corporation, duly authorized to conduct business under the laws of the State of New York.  Plaintiff maintains offices for the purpose of conducting business within the County of New York.

   2.  Defendant Snoop Youth Football League Foundation ("SYFL") is, upon information and belief, a foreign corporation duly authorized to conduct business under the laws of the State of California.  Upon further information and belief, defendant is the owner and operator of a youth football program.

   3.  Defendant The Firm, Inc., d/b/a "The Firm" ("The Firm") is, upon information and belief, a foreign corporation duly authorized to conduct business under the laws of the State of California.

4.      Upon information and belief, The Firm is, among other things, in the business of providing management services for individual performers, artists, athletes and other like individuals.

5.      Upon information and belief, one of the individuals to whom The Firm provided its managerial services is, or at all times relevant hereto was, Cordozar Calvin Broadus, Jr. a/k/a "Snoop Dogg" ("Snoop.")

6.      Defendant Constance Schwartz ("Schwartz") is, upon information and belief, an individual who resides in the State of California.

7.      Upon information and belief, Schwartz was, at all times relevant hereto, employed as a manager by The Firm.  Upon further information and belief, Snoop is, or at all times relevant hereto was, one of the artists for whom Schwartz provides managerial services on behalf of The Firm.

8.      Upon further information and belief, Schwartz was, at all times relevant hereto, a member of the SYFL's Board of Directors and/or was otherwise responsible for and/or involved with the operation of the SYFL.

JURISDICTION AND VENUE

9.      Jurisdiction is proper pursuant to 28 U.S.C.A. § 1332 in that there is a diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

10.      Pursuant to 28 U.S.C. §§ 1391(a), venue is proper because a substantial number of the acts complained of occurred in the State of New York, County of New York, and further because defendant The Firm is subject to personal jurisdiction in this venue.

FACTS COMMON TO ALL ACTIONS

11.     On or about December 21, 2005, plaintiff and the SYFL entered into a contract (the "2005 Contract") wherein and whereby it was agreed, among other things, that plaintiff would have the sole and exclusive right to record certain activities of the SYFL, including, but not limited to: (a) SYFL's 2006 regular season football games; (b) SYFL's 2005 championship game, a/k/a "Snooperbowl II;" and (c) SYFL's celebrity football game a/k/a "The 1st Annual Battle of the Stars"  A copy of the 2005 Contract is annexed hereto as Exhibit 1.

12.     Pursuant to the 2005 Contract, plaintiff did record both the Snooperbowl II and The 1st Annual Battle of the Stars.

13.     On or about June 26, 2006, plaintiff and the SYFL entered into a new contract (the "2006 Contract") wherein and whereby it was agreed, among other things, that plaintiff would have the sole and exclusive right to record certain activities of the SYFL, including, but not limited to: (a) SYFL's regular season football games; (b) SYFL's 2006 championship game, a/k/a "The Snooperbowl;" and (c) SYFL's celebrity football game a/k/a "The Snoop Youth Football League Battle of the Stars" (collectively hereinafter referred to as the "Events.")  A copy of the 2006 Contract is annexed hereto as Exhibit 2.

14.      The 2006 Contract further stipulated that plaintiff would have the sole and exclusive right to broadcast, manufacture, distribute or otherwise exploit the recordings of the Events.

15.     The 2006 Contract also stipulated that Snoop would receive accreditation as Executive Producer.  (Exhibit 2 at ¶ 11(c))

16.     Defendant SYFL warranted in the 2006 Contract that it was the owner of the rights that it was licensing to plaintiff, and that it was authorized to so license the rights.

17.    Based upon the 2006 Contract, plaintiff began the recording and exploitation of the Events by, among other things, entering into an agreement with Strange Fruit Film and TV ("Strange Fruits,") a production company, for the recording of the Event.  Plaintiff further entered into an agreement with a broadcaster, TV One, Inc. ("TV One") for the funding of the recording as well as the televising of the Events.

18.    Pursuant to the agreements with Strange Fruit and TV One, plaintiff began the recording of the Events.

19.    Upon information and belief, at some time prior to the execution of the 2006 Contract, non-party Twentieth Century Fox, a unit of Twentieth Century Fox Film Corporation ("Fox") entered into an agreement with Snoop to create a television series entitled "Coach Snoop."  Upon further information and belief, "Coach Snoop" was intended to focus on Snoop and/or his children in a youth football program.

20.    Upon information and belief, Fox's contract regarding "Coach Snoop" was with Snoop individually, and Fox never entered into an agreement with the SYFL for the recording, broadcasting or other use of the Events.

21.    Upon information and belief, at some point prior to October 12, 2006, Schwartz, either individually or in her capacity as an employee of the Firm, contacted Karen Wishart, the Executive Vice President and Chief Legal Officer for TV One, and told TV One that plaintiff did not have the right or authority to record, broadcast or otherwise use the Events.

22.    As a result of the call from Schwartz to Wishart, TV One withdrew from their contract with plaintiff for the funding of the recordings and broadcasting of the Events. Thereafter, Strange Fruit ceased filming the Events.

23.    Upon information and belief, on or about October 12, 2006, Schwartz and/or The Firm contacted Michael D. Ross, the Senior Vice President of Legal Affairs for Fox, and informed him that plaintiff was recording the Events, and further that plaintiff did not have the right or authority to record the Events.

24.    On or about October 13, 2006, Mr. Ross, on behalf of Fox, sent a letter to the SYFL, plaintiff, Strange Fruits and TV One (the "October 13 Letter.")  A copy of the October 13 Letter is annexed hereto as Exhibit 3.

25.    In the October 13 Letter, Fox claimed that the 2006 Contract, and the activities undertaken by plaintiff pursuant thereto, violated rights held exclusively by Fox.  Fox demanded, among other things, that plaintiff , Strange Fruit and TV One immediately cease the recording of the Events.

26.    While both TV One and Strange Fruit had ceased to render services pursuant to their respective contracts with plaintiff prior to October 13 2006, both parties served written notice of the cancellation of their respective contracts with plaintiff after October 13, 2006.

OF AND FOR A FIRST CAUSE OF ACTION
BREACH OF CONTRACT
ASSERTED AGAINST DEFENDANT SYFL

27.    Plaintiff restates and realleges the statements set forth in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28.    As part of the 2006 Contract, the SYFL agreed to indemnify and hold plaintiff harmless from all "damages, losses, costs and expenses (including, without limitation, attorney's fees and disbursements) arising out of or relating to any breach or alleged breach by SYFL of any representation, warranty, covenant or agreement made by SYFL hereunder . . .  ." (Ex. 2 at ¶ 14)

29.     On or about October 20, 2006, plaintiff notified the SYFL that it was in breach of the 2006 Contract by, among other things, failing to have the rights it licensed to plaintiff and/or failing to have the authority to license said rights.

30.     Plaintiff further demanded that, in accordance with the 2006 Contract, the SYFL either assist plaintiff in resolving the rights issue raised by Fox or indemnify plaintiff from the losses it would incurred should the issue not be resolved.

31.     The SYFL has failed to cure the breach.

32.     Plaintiff has fully performed each and every obligation to be performed by it under the 2006 Contract.

33.     The SYFL has breached the 2006 Contract by, among other things: (a) failing to assist plaintiff in resolving the rights issue asserted by Fox; (b) failing to have ownership to the rights licensed by the SYFL to plaintiff; (c) failing to have the authority to license the rights to plaintiff; and/or (d) failing to indemnify plaintiff from the losses plaintiff incurred by the SYFL's breach, including, but not limited to, attorney's fees and disbursements.

34.     By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial, but in no event less than $250,000.

OF AND FOR A SECOND CAUSE OF ACTION
TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
ASSERTED AGAINST DEFENDANTS THE FIRM AND SCHWARTZ

35.     Plaintiff restates and realleges the statements set forth in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36.     Upon information and belief, defendants The Firm and Schwartz knew or should have known of: (a) the existence of both the 2005 Contract and the 2006 Contract between plaintiff and the SYFL; (b) the scope and nature of the rights granted by the SYFL to plaintiff by

the 2006 Contract; and/or (c), the existence of the agreement entered into between plaintiff TV One as well as the agreement entered into between plaintiff and Strange Fruit. This belief is based upon: (i) the believed fact that The Firm and/or Schwartz are, or were at all times relevant hereto, Snoop's manager; (ii) the believed fact that Schwartz was, at all times relevant hereto, a member of SYFL's Board of Directors and/or was otherwise responsible for and/or involved with the operation of the SYFL and/or (iii) plaintiff had filmed the 1st Annual Battle of the Stars and the Snooperbowl II with Schwartz's knowledge and without objection thereto.

37.     Upon information and belief, when Schwartz, either individually or in her capacity as an employee of The Firm, told Ms. Wishart at TV One that plaintiff had no right to record or otherwise utilize the Events, she knew or should have known that the statements were false.

38.     Upon information and belief, Schwartz, either individually or in her capacity as an employee of The Firm, knew, or should have known, that the statements made to Ms. Wishart and TV One  would cause TV One to withdraw from the contract between TV One and plaintiff.

39.     Because of the false statements made by Schwartz, either individually or in her capacity as an employee of The Firm, to Ms. Wishart, TV One withdrew from its contract with plaintiff to fund the recording of the Events and broadcast the Events.

40.     The actions of defendants The Firm and/or Schwartz as described above were wrongful, and defendants The Firm and/or Schwartz knew them to be wrongful, or should have known them to be wrongful, when they were undertaken.

41.     Because of the wrongful conduct of defendants The Firm and/or Schwartz, plaintiff has been damaged in an amount to be determined at trial, but in no event less than $250,000.

OF AND FOR A THIRD CAUSE OF ACTION
TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
ASSERTED AGAINST DEFENDANTS THE FIRM AND SCHWARTZ

42.     Plaintiff restates and realleges the statements set forth in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43.     Upon information and belief, Schwartz, either individually or in her capacity as an employee of The Firm, knew, or should have known, that the statements made to Ms. Wishart and TV One would cause Strange Fruit to withdraw from the contract between Strange Fruit and plaintiff.

44.     Because of the false statements made by Schwartz, either individually or in her capacity as an employee of The Firm, to Ms. Wishart, Strange Fruit withdrew from its contract with plaintiff to record the Events.

45.     The actions of defendants The Firm and/or Schwartz as described above were wrongful, and defendants The Firm and/or Schwartz knew them to be wrongful, or should have known them to be wrongful, when they were undertaken.

46.     Because of the wrongful conduct of defendants The Firm and/or Schwartz, plaintiff has been damaged in an amount to be determined at trial, but in no event less than $250,000.

OF AND FOR A FOURTH CAUSE OF ACTION
TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
ASSERTED AGAINST DEFENDANTS THE FIRM AND SCHWARTZ

47.     Plaintiff restates and realleges the statements set forth in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.     Upon information and belief, when Schwartz, either individually or in her capacity as an employee of The Firm, made the false statements to Fox as set forth above, she

did so with the intent of causing Fox to issue the October 13 Letter, or other like similar statement from Fox, to plaintiff, Strange Fruits and TV One.

49.    Upon information and belief, Schwartz, either individually or in her capacity as an employee of The Firm, knew, or should have known, that the issuance of the October 13 Letter by Fox, or other like similar statement, would cause all parties doing business with plaintiff in connection with the Events to cease the rendition of their services.

50.    Because of the October 13 Letter, which was issued, upon information and belief, because of the dissemination by The Firm and/or Schwartz of information they knew, or should have known, was false, TV One and Strange Fruit terminated their agreements with plaintiff, and the Events were not recorded.

51.    The actions of defendants The Firm and/or Schwartz as described above were wrongful, and defendants The Firm and/or Schwartz knew them to be wrongful, or should have known them to be wrongful, when they were undertaken.

52.    Because of the wrongful conduct of defendants The Firm and/or Schwartz, plaintiff has been damaged in an amount to be determined at trial, but in no event less than $250,000.

OF AND FOR A FIFTH CAUSE OF ACTION
FOR DEFAMATION
ASSERTED AGAINST DEFENDANTS THE FIRM AND SCHWARTZ

53.    Plaintiff restates and realleges the statements set forth in paragraphs 1 through 52, inclusive, as if fully set forth herein.

54.    Upon information and belief, on or about October 12, 2006, defendant Schwartz, either individually or in her capacity as an employee of The Firm, made certain statements to Mr. Ross and Fox of and concerning plaintiff.

55.     While the exact wording of the statements made by defendants The Firm and/or Schwartz is presently unknown, upon information and belief, the sum and substance of the statements made were that plaintiff was recording and/or otherwise utilizing the Events without authorization.

56.     Upon information and belief, defendants The Firm and/or Schwartz knew, or should have known, that the statements that they made to Mr. Ross and Fox on or about October 12, 2006 were false.

57.     Upon information and belief, the false statements made by defendants The Firm and/or Schwartz to Mr. Ross and Fox on or about October 12, 2006 were made in a grossly irresponsible manner.

58.     Upon information and belief, the false statements made by defendants The Firm and/or Schwartz to Mr. Ross and Fox on or about October 12, 2006 were made in a negligent manner.

59.     Upon information and belief, the false statements made by defendants The Firm and/or Schwartz to Mr. Ross and Fox on or about October 12, 2006 were made maliciously.

60.     Plaintiff was damaged by the false statements made by defendant Schwartz, which statements were made either individually or in her capacity as an employee of The Firm.

61.     By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial, but in no event less than $250,000.

OF AND FOR A SIXTH CAUSE OF ACTION
FOR DEFAMATION
ASSERTED AGAINST DEFENDANTS THE FIRM AND SCHWARTZ

62.    Plaintiff restates and realleges the statements set forth in paragraphs 1 through 61, inclusive, as if fully set forth herein.

63.    Upon information and belief, at some point prior to October 12, 2006, defendant Schwartz, either individually or in her capacity as an employee of The Firm, made certain statements to Ms. Wishart and TV One of and concerning plaintiff.

64.    While the exact wording of the statements made by defendants The Firm and/or Schwartz is presently unknown, upon information and belief, the sum and substance of the statements made were that plaintiff was recording and/or otherwise utilizing the Events without authorization.

65.    Upon information and belief, defendants The Firm and/or Schwartz knew, or should have known, that the statements that they made to Ms. Wishart and TV One were false.

66.    Upon information and belief, the false statements made by defendants The Firm and/or Schwartz to Ms. Wishart and TV One were made in a grossly irresponsible manner.

67.    Upon information and belief, the false statements made by defendants The Firm and/or Schwartz to Ms. Wishart and TV One were made in a negligent manner.

68.    Upon information and belief, the false statements made by defendants The Firm and/or Schwartz to Ms. Wishart and TV One were made maliciously.

69.    Plaintiff was damaged by the false statements made by defendant Schwartz, which statements were made either individually or in her capacity as an employee of The Firm.

70.    By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial, but in no event less than $250,000.

WHEREFORE, based upon the foregoing. plaintiff respectfully requests that judgment be entered against the defendants as follows:

a.      On the First Cause of Action, against defendant the SYFL, for breach of contract, compensatory damages in an amount to be determined at trial, including plaintiff's attorney's fees, but in no even less than $250,000, together with interest thereon from October 13, 2006;

b.      On the Second Cause of Action, against defendants The Firm and Schwartz, compensatory damages in an amount to be determined at trial, but in no even less than $250,000, together with punitive damages in an amount to be determined at trial;

c.      On the Third Cause of Action, against defendants The Firm and Schwartz, compensatory damages in an amount to be determined at trial, but in no even less than $250,000, together with punitive damages in an amount to be determined at trial;

d.      On the Fourth Cause of Action, against defendants The Firm and Schwartz, compensatory damages in an amount to be determined at trial, but in no even less than $250,000, together with punitive damages in an amount to be determined at trial;

e.      On the Fifth Cause of Action, against defendants The Firm and Schwartz, compensatory damages in an amount to be determined at trial, but in no even less than $250,000, together with punitive damages in an amount to be determined at trial;

f.      On the Sixth Cause of Action, against defendants The Firm and Schwartz, compensatory damages in an amount to be determined at trial, but in no even less than $250,000, together with punitive damages in an amount to be determined at trial;

g.      Awarding to plaintiff the costs and disbursements of this action, including, but not limited to, reasonable attorney's fees; and

h.    Awarding to plaintiff any other, further and different relief that to the Court seems just, proper and equitable.

Dated: December 17, 2007
   Rochester, NY

_____

Bradley C. Rosen, Esq. (BCR 9561)
Attorney for Plaintiff
159 Seneca Parkway
Rochester, NY 14613
(585) 458-7620

EXHIBIT 1 TO THE COMPLAINT

# AGREEMENT
## BETWEEN NATURAL RESOURCES MEDIA TECH GROUP
## And
## SNOOP YOUTH FOOTBALL LEAGUE FOUNDATION

This Agreement ("Agreement") is entered into between the **Snoop Youth Football Foundation** ("SYFF"), a California nonprofit public benefit corporation, and **Natural Resources Media Tech Group** ("NRMT"), to be effective as of December 21, 2005.

In consideration of the mutual promises set forth in this Agreement and other good and valuable consideration, the SYFF and NRMT hereby agree as follows:

**ENTITLEMENTS:** NRMT shall have the ability to film the 1st Annual Battle of the Stars event taking place on in Miami, FL on January 14th, 2006, Snooper Bowl II, taking place in Detroit, MI on February 4th, 2006, as well as the 2006 Snoop Youth Football League season, taking place in the fall of 2006 in Los Angeles, CA.

The property will be co-owned by SYFF and NRMT under a separate agreement, and it is understood that Snoop Dogg will be the executive producer on all projects, and NRMT will maintain executive privileges.

**COMPENSATION:** Proceeds from all projects will be split between NRMT and SYFF under terms specified in a separate agreement.

**FORCE MAJEURE:** Each party's obligations hereunder shall be excused in the event of any occurrence beyond their reasonable control that prevents such performance.
For the avoidance of doubt, SYFF shall not be in breach of this agreement in the event any of the aforementioned events are not held due to force majeure.

**NO ARTIST ENDORSEMENT:** For clarification, nothing in this agreement shall suggest or imply a sponsorship and/or endorsement by Snoop Dogg himself, but only of the aforementioned events.

**CONFIDENTIALITY:** Except to the extent information is or becomes public knowledge or is required by law to be disclosed and is so disclosed, the parties hereto, for themselves, their affiliates and representatives, agree that any information obtained in connection with this Agreement or in the course of performing the obligations contemplated hereby including, without limitation, all financial statements and the terms, conditions and consideration of this Agreement shall not be disclosed to persons other than the parties to this Agreement, their affiliates, franchisees and representatives. There shall be no public disclosure of the terms, conditions and consideration of this Agreement, except as may be necessary or appropriate for enforcement of any of the provisions hereof.

**GOVERNING LAW:** This Agreement shall be governed by the laws of the State of Florida, except as may be pre-empted by applicable federal law and regulations.

**ARBITRATION:** All disputes, controversies and claims of any kind arising out of, or relating to this Agreement, the rights and obligations of the parties or other claims or causes of action relating to the performance of either party shall be settled by arbitration by the American Arbitration Association, in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of said Association. If this Agreement should expire or terminate for any reason, this provision shall survive the termination or expiration. Nothing contained herein shall prevent the parties from applying to and obtaining from any court having jurisdiction a temporary injunction, preliminary injunction and/or other emergency relief available to safeguard and protect parties rights prior to the filing of any arbitration proceeding or pending the trial or handing down of a decision or award pursuant to any arbitration proceeding conducted hereunder.

**ENTIRE AGREEMENT:** This Agreement constitutes the entire agreement of the parties and supersedes any prior oral or written proposals or communications between the parties relating to its subject matter.

**NO ASSIGNMENT:** This Agreement and all rights and duties are personal to the parties and this Agreement shall not be assigned, transferred, mortgaged or otherwise encumbered by operation of law without the written consent of the other parties.

**SEVERABILITY:** Each provision of this Agreement is intended to be severable. If any term or provision herein shall be determined by a court, arbitrator, arbitration panel or other adjudicative authority of competent jurisdiction to be illegal or invalid for any reason whatsoever, such provision shall be severed from this Agreement and shall not affect the validity of the remainder of this Agreement.

**ATTORNEY'S FEES:** In the event any of the parties to this Agreement shall institute any action or proceeding against the other party relating to this Agreement, the prevailing party in such action or proceeding shall recover from the losing party its costs and expenses in connection therewith and its reasonable attorney's fees.

**WARRANTY:** Both parties represent and warrant that the person executing this Agreement is duly authorized and has full authority to execute this Agreement. A facsimile signature shall have the full force and effect of an original.

**EXECUTED** as of the day and year first written above.

NATURAL RESOURCES MEDIA TECH GROUP AGREED AND ACCEPTED:

By: _Corey Simmons_

Date: _12.22.05_

SNOOP YOUTH FOOTBALL LEAGUE FOUNDATION

By: _____

Brodie Waters

Date: _12/22/05_

EXHIBIT 2 TO THE COMPLAINT

**COREY SIMMONS D/B/A NATURAL RESOURCES MEDIA TECH GROUP**
c/o Kaplan & Gamble, LLP
432 Park Avenue South
Second Floor
New York, New York 10016

June 26, 2006

**VIA E-MAIL**
Snoop Youth Football League
c/o Axcess Sports & Entertainment
One Independent Drive, Ste. 2602
Jacksonville, FL 32202
Attn: Brodie Waters

     RE:    **Snoop Youth Football League Foundation / Video Proposal**

Dear Gentlemen:

     This letter when signed by all parties below, shall confirm the material terms of the agreement (the "Agreement") between Cory Simmons d/b/a Natural Resources Media Tech Group ("Natural Resources") and Snoop Youth Football League ("SYFL") as it relates to each parties' involvement in the exploitation of the 2006 Snooperbowl & the Snoop Youth Football League season games and the Snoop Youth Football League Battle Of The Stars (individually and collectively, the "Program"), currently scheduled to take place at      , featuring certain recording artists, the selection of which shall be determined sometime in the near future. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, we have agreed as follows:

     1.    **Program.**

     Natural Resources shall have the exclusive pay-per-view, Pay Cable, Free Cable, Home Video and any other exploitation rights, now known or hereinafter invented, with respect to the video footage as it relates to the Program ("Video Footage").

     2.    **Financing/Budget.**

     (a)    The projected production budget for the Video Footage shall be $100,000.00 (or such other amount as may be mutually determined by Natural Resources and SYFL ) (the "Budget"). In addition to the foregoing, Natural Resources and SYFL shall create a mutually approved marketing plan and budget in connection with the Program and the Video Footage; which such approval shall not be unreasonably withheld.

     (b)    Natural Resources will raise or provide funds for the production and recording of the Video Footage (including, the Budget). As between Natural Resources and SYFL, SYFL shall be solely responsible for all costs associated with the producing of the live event portion of the Program (i.e. all costs associated with equipment and travel for players, referees, guardians, coaches, security, securing of usage of a venue, insurance, etc., relating to the Program). For purposes of clarification, SYFL shall not be responsible for any costs which are solely related to the Video Footage.

     3.    **Principal Parties.**

     Natural Resources and SYFL shall be the principal parties to enter into an agreement as it relates to the rights and responsibilities hereunder. For purposes of clarification, it is currently contemplated that (a) Natural Resources shall be responsible for providing the financing and video production for the Video Footage and (b) SYFL shall be responsible for producing the live Program.

SnoopFootballLeagueVIDEOEXECUTION     1

4.      **Sponsorship.**

(a)      Natural Resources shall have the right to raise sponsorship funds from third-parties in connection with the Video Footage, subject to approval of SYFL, not to be unreasonably withheld.

(b)      All sponsorship dollars for the Video Footagte which are raised by either Natural Resources, Axcess Sports or SYFL shall be split as follows:  thirty percent (30%) for Natural Resources, twenty percent (20%) for Axcess Sports and Entertainment and fifty percent (50%) for SYFL , after recoupment of the Budget.

(c)      All sponsorship dollars for the Program that are not related to,the Video Footage, but rather are solely applicable to the live event portion of the Program, shall be split between SYFL and Axcess Sports only, Natural Resources shall have no entitlement to same.

5.      **DVD Sales.**

(a)      Natural Resources  shall be responsible for obtaining all third-party clearance rights in connection with the exploitation of the Video Footage; provided, however, SYFL shall offer its reasonable assistance in obtaining such clearances in furtherance of this understanding.

(b)      SYFL shall be entitled to receive an amount equal to fifty percent (50%) of the "net proceeds" actually received by Natural Resources in connection with the Video Footage, payable on a pari passu basis with all other profit participants of the Video Footage. It is hereby agreed that all third-party profit participations shall be deducted prior to the allocation of any net proceeds to the principal parties hereunder.

6.      **Recoupment/Distributions.**  For purposes of this agreement, "net proceeds" shall be defined as follows:  All revenues and gross receipts received by Natural Resources in connection with the exploitation of the Video Footage, including monies received from the distribution or exploitation of the Video Footage shall be distributed in the following order of priority:

First,  to recoup and repay the production and financing costs of the Video Footage;

Next, if any, to the payment of any deferrals granted for the production of the Video Footage;

Next, if any, to third party profit participations granted for the production of the Video Footage;

Next, thirty percent (30%) to Natural Resources, twenty percent (20%) to Axcess Sports and Entertainment and fifty percent (50%) to SYFL.

7.      **Accounting/Audits.**  All monies accrued hereunder shall be paid to and collected by an accountant, accounting firm or business manager (the "Accountant") mutually selected by Natural Resources and SYFL.  The Accountant shall render to SYFL periodic statements showing, in summary form, all transactions directly relating to SYFL's profit participation hereunder.  Such statements shall be rendered quarterly during the twenty-four (24) month period following the initial release of the Program, semi-annually during the next thirty-six (36) months and annually thereafter; provided, however, that no statement need be rendered for any period in which no receipts are received or charges incurred.

The Accountant will keep and maintain at its principal place of business true and accurate records of all transactions directly relating to SYFL's profit participation hereunder, which books and records, together with supporting vouchers and/or other documentation, shall be open for inspection by SYFL or its authorized representative twice with respect to each one (1) year period during regular business hours and upon reasonable prior written notice.  Any such audit shall be conducted only by a reputable public accountant (subject to Natural Resources' reasonable approval) and shall not continue for more than thirty (30) consecutive days.  The costs of any

such inspection shall be the sole responsibility of SYFL. SYFL shall not have the right to examine or inquire into any matters or items which are embraced by or contained in any such accounting statements after the expiration of twenty four (24) months from and after the date of mailing of such statement, and such statement shall be final and conclusive upon the expiration of such twenty-four (24) month period, notwithstanding that matters embraced by or contained therein may later be contained or referred to in a cumulative statement pertaining to more than one accounting period. Such cumulative statement shall not be subject to audit by SYFL to the extent the material contained therein was first reflected on a statement submitted more than twenty-four (24) months prior to the date of mailing of such cumulative statement. SYFL shall be forever barred from maintaining or instituting any action or proceeding based upon, or in anyway relating to, any transactions had by Natural Resources, or its licensees, in connection with the Music Program which are embraced by or reflected on any statement rendered hereunder, or the accuracy of any items appearing therein, unless written objection thereto shall have been delivered by SYFL to Natural Resources within twenty four (24) months after the date of mailing of the statement on which such transaction or item was first reflected and unless such action or proceeding is commenced within six (6) months after delivery of such written objection.

8.    **Controls.**

Subject to the terms herein, Natural Resources shall have joint business control along with SYFL over all aspects of the Video Footage. Natural Resources and SYFL shall have mutual approval over all creative aspects of the Video Footage; SYFLs approval not to be unreasonably withheld.

9.    **Ownership Rights.**

SYFL and Natural Resources shall be the joint copyright holders of the Video Footage. Notwithstanding anything to the contrary contained herein or any rights SYFL may have arising at any time under any copyright or other applicable law of any jurisdiction, SYFL acknowledge and agree as follows:

(a)    As between Natural Resources, on the one hand, and SYFL on the other hand, Natural Resources shall have the sole and exclusive administration rights with respect to the copyright in the Video Footage.

(b)    SYFL will execute and deliver to Natural Resources such documents as Natural Resources may from time to time deem necessary or desirable to confirm, implement and enforce all right, title and interest in and to the Video Footage and all rights of Natural Resources under this Agreement, including, without limitation: (A) any memoranda of this Agreement which Natural Resources may elect to file or record in any governmental or administrative offices anywhere in the world, including, without limitation, with the United States Copyright Office; and (B) any documents which the laws of any foreign jurisdiction may require to be executed by all authors of a particular work in order to effectuate a particular transfer or license.

(d)    In the event SYFL licenses, transfers, sells or assigns the copyright in the Video Footage to any party, for any purpose now known or hereinafter invented, any and all remunerations resulting from same shall be distributed, thirty percent (30%) to Natural Resources , twenty percent (20%) percent to Axcess Sports, and the balance of fifty (50%) percent payable to SYFL.

10.    **Subsequent Productions.**

Provided that Natural Resources is not in material breach of any of the material terms hereunder, and that SYFL has provided Natural Resources with all of the materials, documentation, Letters of Intent, etc., necessary in order to secure distribution for the Video Footage, Natural Resources, with the assistance of SYFL, shall have until December 31, 2006, to secure distribution for the Video Footage. In the event that on December 31, 2006, Natural Resources is in substantial negotiations regarding the distribution of the Video Footage, Natural Resources shall automatically be granted an additional thirty (30) days within which to finish said negotiations. In the event that such distribution is secured, Natural Resources shall have the exclusive right to produce additional Snooperbowl and Battle of the Stars events, for the years 2006 and 2007, (the "Subsequent Productions") upon

financial terms no less favorable than those accorded herein.  Moreover, in the event that distribution is secured for the Video Footage via one of the major networks (i.e. ABC, NBC, CBS or Fox), a Viacom Company, a Disney Company, or a branch derivative of any of the aforementioned, then Natural Resources shall have an option to produce the Video Footage for the year 2008.  In the event that distribution is not secured as referenced above, then SYFL shall have the right to work with pursue avenues of exploitation for Subsequent Productions of the Video Footage without Natural Resources involvement in same.

   **11.**   **Credits**. Provided the parties have complied with their respective material obligations hereunder, each shall receive the credit set forth below:

   (a)   Presentation/Company credits: "Natural Resources Media Tech Group"
   (b)   "Produced by Robin Strickland               "
   (c)   "Executive Producer" credits (including, but not limited to, Executive Producer credit to Corey Simmons & Snoop Dogg)
   (d)   Co-Executive Producer credits, which shall be determined in good faith between Natural Resources and SYFL.

   **12.**   **Representations & Warranties**. Each party hereby warrants and represents to the other that it has the right and capacity to enter into this Agreement.

   **13.**   **Assignment.** No party hereto may assign this Agreement nor grant its rights hereunder, in whole or in part, to any person, firm or corporation without the written consent of the other parties, which consent shall not be unreasonably withheld.

   **14.**   **Indemnification**. SYFL shall defend, indemnify and hold harmless Natural Resources, its successors, licensees, assigns and parent, subsidiary and affiliated companies, and the directors, officers, shareholders, agents, representatives, successors, licensees and assigns of each of the foregoing, from and against all claims, liabilities, damages, losses, costs and expenses (including, without limitation, attorneys' fees and disbursements) arising out of or relating to any breach or alleged breach by SYFL of any representation, warranty, covenant or agreement made by SYFL hereunder or from the promotion, distribution and exploitation by Natural Resources of the Video Footage or any rights therein. Except to the extent that a claim arises out of a breach of SYFL's representations, warranties or obligations herein, Natural Resources agrees to indemnify SYFL, its successors, heirs, assigns, administrators, trustees, executors and personal representatives, and hold them harmless from and against any and all claims, liability, losses, damages, costs, expenses (including, but not limited to, reasonable outside attorneys' fees and court costs), judgments and penalties arising out of Natural Resources' breach of any warranties, representations or obligations herein and the development, production, distribution, promotion, marketing, advertising, and all other exploitation of the Video Footage.

   **15.**   **E&O Insurance.**  Natural Resources shall add SYFL as an additional insured under Natural Resources' errors and omissions policy in connection with the Program if any, subject to the terms and conditions of said policy, including any deductible or policy limits; provided, however, the inclusion of SYFL on such policy will not relieve SYFL from SYFL's representations, warranties and indemnities contained herein and no such policy will cover any claims or demands to which SYFL's indemnification of Natural Resources  applies.

   **16.**   **Disclaimer.**  In the event that the through no fault of SYFL itself, the Program, or any part thereof, does not in fact take place during any of the years 2006, 2007 and/or 2008, Natural Resources shall have no claim against SYFL as a result of such non-occurrence.

   **17.**   **More Formal Agreement(s).**

   It is presently contemplated that we will, at some time in the future, enter into a more formal agreement with respect to your services on the Program, which will contain all of the above terms and any other provisions customarily included in such agreements. Pending execution of such more formal agreement(s), this

Agreement shall be the entire agreement concerning its subject matter and cannot be amended, modified or changed except by a written document signed by Natural Resources and the applicable party.

   If this document accurately reflects your understanding as it relates to you, please sign the enclosed duplicate original where indicated below and return it to me at your earliest convenience.

                                                            Sincerely yours,

                                                            *Corey Simmons*

                                                            Corey Simmons
                                                            for Natural Resources Tech Media Group

AGREED TO AND ACCEPTED:

By: _____*Michael Huyg*_____
       Michael Huyghue,
       An authorized signatory of Snoop
       Youth Football League

EXHIBIT 3 TO THE COMPLAINT



TWENTIETH CENTURY FOX
A UNIT OF TWENTIETH CENTURY FOX FILM CORPORATION

P.O. Box 900
Beverly Hills, California 90213-0900
Phone 310 369 2265 • Fax 310 369 8505

Michael D. Ross
Senior Vice President
Legal Affairs

October 13, 2006

**VIA OVERNIGHT COURIER AND FACSIMILE**

TV One
c/o Karen Wishart, Esq.
Executive Vice President
  and Chief Legal Officer
1010 Wayne Avenue
Silver Spring, Maryland  20910

**FACSIMILE: (301) 755-2913**

Strange Fruit Film and TV
Natural Resources Media Tech Group LLC
c/o Darrell D. Miller, Esq.
Miller & Pliakas, LLP
9720 Wilshire Boulevard, Suite 700
Beverly Hills, California  90212

**FACSIMILE: (310) 860-1515**



Axcess Sports & Entertainment LLC
c/o Michael Huyghue
Chief Executive Officer
One Independent Drive, Suite 2602
Jacksonville, Florida  32202

**FACSIMILE: (904) 301-3001**

Re:     "COACH SNOOP"/TV One Television Project

Dear Ms. Wishart, Mr. Miller and Mr. Huyghue:

It has come to our attention that TV One, Strange Fruit Film and TV, Natural Resources Media Tech Group LLC and Axcess Sports & Entertainment LLC have been developing a reality television series about the Snoop Youth Football League and Snoop's involvement with youth football. As you know, any such series involving Snoop would violate and interfere with Fox's exclusive agreement with him. As Snoop's representatives have already informed you, Snoop granted Fox exclusive rights to portray Snoop in any motion picture or television project or other production based on Snoop's involvement with his sons' football teams and leagues. Included in the grant of rights is the exclusive right to use Snoop's name, voice, likeness, appearance and personal experiences in connection with such a project. Fox also has exclusive rights to all materials written by Snoop that relate to his involvement in youth football and in the League.

We understand that TV One had already commenced production, which you have now shut down after you were informed that Snoop has not, and cannot, grant you the rights necessary to proceed with it. To the extent production has not shut down, we demand that you immediately cease and desist. Fox already has made a huge investment in our project and if you continue to move forward with your television project in violation of Fox's rights, it will severely impact the viability of our theatrical motion picture. At a minimum, you are looking at a lawsuit for damages in the amount of all of our development costs, and other expenditures attributed to our project. Alternatively or in addition, if you continue with your plans, you likely will face an action for injunctive relief to protect Fox's property rights, and to prevent you from violating other exclusive rights granted to Fox by Snoop. Finally, having been informed of Fox's contract with Snoop, any interference by you with that agreement and with our contractual relationship with Snoop will expose you to an action for punitive damages.

LGL\603921 v4 MDR  10-12-06
"COACH SNOOP"/TV One

A  N E W S   C O R P O R A T I O N   C O M P A N Y

LEGAL PRODUCTION          Fax:3103698505          Oct 13 2006  19:25    P.02

TV One
October 13, 2006
Page 2

We trust that your ceasing production on the series reflects a commitment on your part to respect Fox's contractual relationship with Snoop and the rights granted by him.   Your proceeding with this project in violation of those rights would derail that relationship and force Fox to incur a total loss of its sizable investment to date in the motion picture.  In sum, any series produced by you that uses rights granted exclusively to Fox, will expose you to liability for all of Fox's resulting damages, in addition to the possibility of injunctive relief and punitive damages.

If Fox's understanding of the facts as reflected in this letter is in any way in error, or if there is anything you wish to discuss, I urge you to contact me immediately.

This letter is without waiver of or prejudice to any of Fox's rights, remedies, objections, positions or defenses, all of which are expressly reserved.

Sincerely,

Michael D. Ross

Michael D. Ross

MDR:lbs

cc:    Stephen D. Barnes, Esq. (Barnes, Morris et al. via fax:  (310) 319-3999)
        Brad Slater (WMA via fax:  (310) 248-5776)
        Constance Schwartz (The Firm via fax:  (310) 860-8130)

LGL\603921 v4 MDR  10-12-06
"COACH SNOOP"/TV One

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC                               07 CV 7701 (SAS) (AJP)

                              Plaintiff

         -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a
"THE FIRM," and CONSTANCE
SCHWARTZ

                              Defendants.
-------------------------------------------------------x

### DEFENDANT SNOOP YOUTH FOOTBALL LEAGUE
### FOUNDATION'S ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S AMENDED COMPLAINT

        Defendant Snoop Youth Football League Foundation ("SYFL"), hereby Answers the

Amended Complaint of Natural Resources Media & Technology Group, LLC, ("Plaintiff") as

follows:

        1.      Answering paragraph 1 of the Complaint, SYFL states that it does not have

information sufficient on which to either admit or deny the allegations of paragraph 1, and, as

such, denies the allegations of paragraph 1.

        2.      Answering paragraph 2 of the Complaint, SYFL states that it is authorized to do

business in California and that it operates a youth football league.

        3.      Answering paragraph 3 of the Complaint, SYFL states that it does not have

information sufficient on which to either admit or deny the allegations of paragraph 3, and, as

such, denies the allegations of paragraph 3.

4.      Answering paragraph 4 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 4, and, as such, denies the allegations of paragraph 4.

5.      Answering paragraph 5 of the Complaint, SYFL states that The Firm has provided management services for Calvin Broadus.

6.      Answering paragraph 6 of the Complaint, SYFL admits the allegations of paragraph 6.

7.      Answering paragraph 7 of the Complaint, SYFL states Ms. Schwartz works at The Firm and has provided management services for Calvin Broadus.

8.      Answering paragraph 8 of the Complaint, SYFL denies the allegations of paragraph 8.

9.      Answering paragraph 9 of the Complaint, SYFL avers that paragraph 9 states a legal conclusion as to which no response is necessary.

10.     Answering paragraph 10 of the Complaint, SYFL avers that paragraph 10 states a legal conclusion as to which no response is necessary.

11.     Answering paragraph 11 of the Complaint, SYFL denies the allegations of paragraph 11.

12.     Answering paragraph 12 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 12, and, as such, denies the allegations of paragraph 12.

13.     Answering paragraph 13 of the Complaint, SYFL denies the allegations of paragraph 13.

355991.1
3448-2.9744

14.    Answering paragraph 14 of the Complaint, SYFL denies the allegations of paragraph 14.

15.    Answering paragraph 15 of the Complaint, SYFL denies the allegations of paragraph 15.

16.    Answering paragraph 16 of the Complaint, SYFL denies the allegations of paragraph 16.

17.    Answering paragraph 17 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 17, and, as such, denies the allegations of paragraph 17.

18.    Answering paragraph 18 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 18, and, as such, denies the allegations of paragraph 18.

19.    Answering paragraph 19 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 19, and, as such, denies the allegations of paragraph 19.

20.    Answering paragraph 20 of the Complaint, SYFL admits that it did not enter into an agreement with Fox, but states that it does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 20, and, as such, denies the remaining allegations of paragraph 20.

21.    Answering paragraph 21 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 21, and, as such, denies the allegations of paragraph 21.

355991.1
3448-2.9744

22.    Answering paragraph 22 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 22, and, as such, denies the allegations of paragraph 22.

23.    Answering paragraph 23 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 23, and, as such, denies the allegations of paragraph 23.

24.    Answering paragraph 24 of the Complaint, SYFL admits that it received a letter from Fox, but states that it does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 24, and, as such, denies the remaining allegations of paragraph 24..

25.    Answering paragraph 25 of the Complaint, SYFL states that the letter speaks for itself and respectfully refers the Court thereto.

26.    Answering paragraph 26 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 26, and, as such, denies the allegations of paragraph 26.

27.    Answering paragraph 27 of the Complaint, SYFL incorporates its responses to the previous allegations.

28.    Answering paragraph 28 of the Complaint, SYFL denies the allegations of paragraph 28.

29.    Answering paragraph 29 of the Complaint, SYFL admits that the Plaintiff made certain claims on or about October 2006, but denies the remaining allegations of paragraph 29.

30.    Answering paragraph 30 of the Complaint, SYFL admits that the Plaintiff made certain claims on or about October 2006, but denies the remaining allegations of paragraph 30.

355991.1
3448-2.9744

31.    Answering paragraph 31 of the Complaint, SYFL avers that paragraph 31 states legal conclusions as to which no response is warranted.

32.    Answering paragraph 32 of the Complaint, SYFL denies the allegations of paragraph 32.

33.    Answering paragraph 33 of the Complaint, to the extent that paragraph 33 alleges that SYFL breach any contract, such allegations state legal conclusions as to which no response is warranted.  SYFL denies the remaining allegations of paragraph 33.

34.    Answering paragraph 34 of the Complaint, SYFL denies the allegations of paragraph 34 to the extent they assert that any actions of SYFL caused Plaintiff damage.  SYFL does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 34, and, as such, denies the remaining allegations of paragraph 34

35.    Answering paragraph 35 of the Complaint, SYFL incorporates its responses to the previous allegations.

36.    Answering paragraph 36 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 36, and, as such, denies the allegations of paragraph 36.

37.    Answering paragraph 37 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 37, and, as such, denies the allegations of paragraph 37.

38.    Answering paragraph 38 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 38, and, as such, denies the allegations of paragraph 38.

-5-

39.    Answering paragraph 39 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 39, and, as such, denies the allegations of paragraph 39.

40.    Answering paragraph 40 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 40, and, as such, denies the allegations of paragraph 40.

41.    Answering paragraph 41 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 41, and, as such, denies the allegations of paragraph 41.

42.    Answering paragraph 42 of the Complaint, SYFL incorporates its responses to the previous allegations.

43.    Answering paragraph 43 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 43, and, as such, denies the allegations of paragraph 43.

44.    Answering paragraph 44 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 44, and, as such, denies the allegations of paragraph 44.

45.    Answering paragraph 45 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 45, and, as such, denies the allegations of paragraph 45.

46.    Answering paragraph 46 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 46, and, as such, denies the allegations of paragraph 46.

355991.1
3448-2.9744

47.    Answering paragraph 47 of the Complaint, SYFL incorporates its responses to the previous allegations.

48.    Answering paragraph 48 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 48, and, as such, denies the allegations of paragraph 48.

49.    Answering paragraph 49 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 49, and, as such, denies the allegations of paragraph 49.

50.    Answering paragraph 50 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 50, and, as such, denies the allegations of paragraph 50.

51.    Answering paragraph 51 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 51, and, as such, denies the allegations of paragraph 51.

52.    Answering paragraph 52 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 52, and, as such, denies the allegations of paragraph 52.

53.    Answering paragraph 53 of the Complaint, SYFL incorporates its responses to the previous allegations.

54.    Answering paragraph 54 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 54, and, as such, denies the allegations of paragraph 54.

355991.1
3448-2.9744

55.      Answering paragraph 55 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 55, and, as such, denies the allegations of paragraph 55.

56.      Answering paragraph 56 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 56, and, as such, denies the allegations of paragraph 56.

57.      Answering paragraph 57 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 57, and, as such, denies the allegations of paragraph 57.

58.      Answering paragraph 58 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 58, and, as such, denies the allegations of paragraph 58.

59.      Answering paragraph 59 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 59, and, as such, denies the allegations of paragraph 59.

60.      Answering paragraph 60 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 60, and, as such, denies the allegations of paragraph 60.

61.      Answering paragraph 61 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 61, and, as such, denies the allegations of paragraph 61.

62.      Answering paragraph 62 of the Complaint, SYFL incorporates its responses to the previous allegations.

355991.1
3448-2.9744

63.     Answering paragraph 63 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 63, and, as such, denies the allegations of paragraph 63.

64.     Answering paragraph 64 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 64, and, as such, denies the allegations of paragraph 64.

65.     Answering paragraph 65 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 65, and, as such, denies the allegations of paragraph 65.

66.     Answering paragraph 66 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 66, and, as such, denies the allegations of paragraph 66.

67.     Answering paragraph 67 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 67, and, as such, denies the allegations of paragraph 67.

68.     Answering paragraph 68 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 68, and, as such, denies the allegations of paragraph 68.

69.     Answering paragraph 69 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 69, and, as such, denies the allegations of paragraph 69.

355991.1
3448-2.9744

70.    Answering paragraph 70 of the Complaint, SYFL states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 70, and, as such, denies the allegations of paragraph 70.

### FIRST AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint, and each cause of action contained therein, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The answering defendant alleges that the individual who purported to sign the agreements alleged in the Complaint, if any, lacked authority to bind the answering defendant.

### THIRD AFFIRMATIVE DEFENSE

The answering defendant alleges that the conduct complained of took place in the State of California and the proper forum for this action is in the State of California.

### FOURTH AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint fails to join indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

The answering defendant alleges that to the extent the Complaint seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

### SIXTH AFFIRMATIVE DEFENSE

The answering defendant is informed and believes and on such information and belief alleges, that Plaintiff was engaged in conduct that constitutes a waiver of its rights under the contract alleged in the Complaint.  By reason of said waiver, the answering defendant is excused from further performance of the obligations under the alleged contract.

### SEVENTH AFFIRMATIVE DEFENSE

The answering defendant reserves the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

### EIGHTH AFFIRMATIVE DEFENSE

The answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to SYFL, and therefore reserves the right to assert any and all additional defenses in the event that discovery indicates that such defenses would be appropriate.

### NINTH AFFIRMATIVE DEFENSE

The answering defendant expressly reserves the right to amend and/or supplement his answer, defenses and all other pleadings.

### TENTH AFFIRMATIVE DEFENSE

The answering defendant hereby adopts by reference any and all other applicable defenses pleaded, or as yet unstated, by any other defendant to the extent that SYFL may share in such defenses.

WHEREFORE, the answering defendant prays for judgment as follows:

1.  That plaintiff take nothing by way of its complaint;

2.  For attorneys' fees and costs of suit incurred; and

3.  For such other and further relief as the court may deem just and proper.

-11-

Dated:  New York, NY
         January 7, 2008

STEPTOE & JOHNSON LLP

By:  _____

Michael C. Miller
Evan Glassman
Christopher J. Marino
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

*Attorneys for Defendant*
*Snoop Youth Football League Foundation*

*Of Counsel:*
Hayes F. Michel
WALSWORTH FRANKLIN BEVINS
& MCCAL
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
(213) 223-2052

-12-

## CERTIFICATE OF SERVICE

I hereby certify that Defendant Snoop Youth Football League Foundation served upon the parties listed below a true and correct copy of Defendant Snoop Youth Football League Foundation's Answer And Affirmative Defenses To Plaintiff's Amended Complaint, by electronic mail and by causing the same to be sent via Federal Express on January 7, 2008.

Kimberlyn Brzozowski

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
  (admitted *pro hac vice*)

Anastasios Sarikas
23-09 31st Street
Astoria, NY 11105

  *Attorneys for Plaintiff*
  *Natural Resources Media &*
  *Technology Group, LLC*

-13-

355991.1
3448-2.9744

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

                                          Plaintiff,

          -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SCHWARTZ

Case No. 07 cv 07701 (SAS) (AJP)

**STIPULATION TO CLARIFY THAT
DEFENDANT CONSTANCE
SCHWARTZ REMAINS DISMISED
WITHOUT PREJUDICE; [PROPOSED]
ORDER THEREON**

This stipulation is made by and between Plaintiff Natural Resources Media &
Technology Group, LLC ("Natural Resources"), on the one hand, and Defendant Constance
Schwartz ("Schwartz"), on the other hand, through their respective undersigned counsel of
record, with reference to the following facts:

**WHEREAS**, on or about September 14, 2007, Natural Resources and Schwartz
submitted a stipulation to the Court that sought to dismiss Schwartz from this action without
prejudice (the "Stipulation");

**WHEREAS,** on or about September 21, 2007, the Court signed the Stipulation and
dismissed Schwartz without prejudice;

**WHEREAS**, on or about December 3, 2007, the Court granted Natural Resources leave
to amend its Complaint in order to replead certain claims against defendant The Firm, Inc. ("The
Firm");

**WHEREAS**, on December 18, 2007, The Firm received an Amended Complaint filed by Natural Resources (the "Amended Complaint"), which asserts claims against both The Firm and Schwartz;

**WHEREAS**, Schwartz seeks to clarify that she has been be dismissed without prejudice from this action and has not been brought back into the action by virtue of the Amended Complaint; and

**WHEREAS**, Natural Resources seeks to clarify that it did <u>not</u> intend to bring Schwartz back into the action by virtue of the Amended Complaint.

Doc. # CC-164669 v.1

BASED UPON THE FOREGOING, **THE PARTIES HEREBY STIPULATE** and request this Honorable Court to order that:

1.    Schwartz remains dismissed without prejudice from this action and need not respond to the Amended Complaint;

2.    The deadline for The Firm to respond to the Amended Complaint shall be January 14, 2008.


Dated:  December 22, 2007        STEPTOE & JOHNSON, LLP


                                 By:_____

                                 Michael Heimbold
                                 Dylan Ruga
                                 Attorneys for Defendants
                                 Constance Schwartz and The Firm, Inc.


Dated:  December 22, 2007        LAW OFFICES OF BRADLEY C. ROSEN



                                 By: _____

                                 Bradley C. Rosen
                                 Attorney for Plaintiff
                                 Natural Resources Media & Technology Group, LLC


**IT IS SO ORDERED**.



DATED: January ___, 2008         _____
                                  The Hon. Shira A. Scheindlin
                                  United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NATURAL RESOURCES MEDIA                                     :
& TECHNOLOGY GROUP, LLC,                                    :
                                                            :
                                    Plaintiff,              :   Case No. 07 CV 7701 (SAS) (AJP)
                                                            :
                        -against-                           :   **AFFIRMATION OF SERVICE**
                                                            :
SNOOP YOUTH FOOTBALL LEAGUE                                 :
FOUNDATION, THE FIRM, INC., d/b/a "THE                      :
FIRM," and CONSTANCE SHWARTZ,                               :
                                                            :
                                    Defendants.             :
                                                            :

STATE OF NEW YORK)
COUNTY OF MONROE )            ss.:

BRADLEY C. ROSEN, being an attorney duly licensed to practice law before the courts of the
State of New York, does affirm, under penalty of perjury, as follows:

I am not a party to the action, am over 18 years of age and reside at 159 Seneca Parkway,
Rochester, New York.

On February 4, 2008, I served a true copy of the annexed Affirmation of Bradley C. Rosen in
Opposition to The Firm's Motion to Dismiss by depositing the papers, enclosed in a properly
addressed wrapper into the custody of an overnight delivery service for overnight delivery, prior
to the latest time designated by the overnight delivery service for overnight delivery, addressed
to the following addresses:

|  |  |
|---|---|
| Hayes F. Michel, Esq. | Dylan Ruga, Esq. |
| Walsworth Franklin | Steptoe & Johnson LLP |
| Bevins & McCall | 2121 Avenue of the Stars |
| 633 W. 5th Street, 28th Floor | Suite 2800 |
| Los Angeles, CA 90071 | Los Angeles, CA 90067 |
| (213) 223-2052 | (310) 734-3200 |
| *Attorneys for Defendant* | *Attorneys for Defendant* |
| *Snoop Youth Football* | *The Firm, Inc., d/b/a "The Firm,"* |
| *League Foundation* |  |

Dated: February 4, 2008
       Rochester, NY

_____
BRADLEY C. ROSEN