UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC,

                        Plaintiff,

     -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a "THE
FIRM," and CONSTANCE SCHWARTZ,

                        Defendants.

Case No. 07 cv 07701 (SAS) (AJP)

(Oral Argument Requested)

---

## DEFENDANT THE FIRM, INC.'S REPLY MEMORANDUM
## IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

                                            STEPTOE & JOHNSON LLP
                                          Michael C. Miller
                                          Evan Glassman
                                          Christopher J. Marino
                                          750 Seventh Avenue
                                          Suite 1900
                                          New York, NY 10019
                                          (212) 506-3900

                                          Michael R. Heimbold (admitted *pro hac vice*)
                                          Dylan Ruga (admitted *pro hac vice*)
                                          STEPTOE & JOHNSON LLP
                                          2121 Avenue of the Stars
                                          Suite 2800
                                          Los Angeles, CA 90067
                                          (310) 734-3200

                                          Attorneys for Defendant
                                          *THE FIRM, INC., d/b/a "THE FIRM"*

February 11, 2008

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT.......................................................................................................................................2

    POINT I    PLAINTIFF'S CLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS FAIL AS A MATTER OF LAW ...............................................................................................2

        A.    Plaintiff's Second, Third and Fourth Causes of Action Must Fail Because Plaintiff Has Not Identified Any Enforceable Contract...............2

        B.    Plaintiff's Second, Third and Fourth Causes of Action Must Fail Because Plaintiff Has Not Identified Alleged a Breach of Any Agreement ........................................................................................................3

        C.    Plaintiff's Third and Fourth Causes of Action Must Fail Because Plaintiff Has Failed to Allege That the Firm *Caused* a Breach of Any Agreements...................................................................................................4

    POINT II    PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION FOR DEFAMATION FAIL AS A MATTER OF LAW ......................................8

CONCLUSION .................................................................................................................................10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.,
    404 F.3d 566 (2d Cir. 2005) ................................................................................................ 4

Bazak Int'l Corp. v. Tarrant Apparel Group,
    491 F. Supp. 2d 403 (S.D.N.Y. 2007) .................................................................................. 3

Celle v. Filipino Reporter Enters. Inc.,
    209 F.3d 163 (2d Cir. 2000) ................................................................................................ 9

Hartman v. Harris,
    810 F. Supp. 82 (S.D.N.Y. 1992) ........................................................................................ 3

Idema v. Wager,
    120 F. Supp. 2d 361 (S.D.N.Y. 2000) ................................................................................. 8

Kasada, Inc. v. Access Capital, Inc.,
    2004 WL 2903776 (S.D.N.Y. Dec. 14, 2004) ................................................................... 10

Kirch v. Liberty Media Corp.,
    449 F.3d 388 (2d Cir. 2006) ................................................................................................ 4

Lian v. Sedgwick James of New York, Inc.,
    992 F. Supp. 644 (S.D.N.Y. 1998) ................................................................................ 8, 10

Museum Boutique Intercontinental, Ltd. v. Picasso,
    886 F. Supp. 1155 (S.D.N.Y. 1995) .................................................................................... 3

New York Times Co. v. Sullivan,
    376 U.S. 254 (1964) ............................................................................................................ 7

Nunez v. A-T Fin. Info. Inc.,
    957 F. Supp. 438 (S.D.N.Y. 1997) ...................................................................................... 8

Winter-Wolf Int'l, Inc. v. Alcan Packaging Food & Tobacco Inc.,
    499 F. Supp. 2d 233 (E.D.N.Y. 2007) ................................................................................. 4

**STATE CASES**

Anderson v. Livonia, Avon & Lakeville R.R. Corp.,
    300 A.D.2d 1134, 752 N.Y.S.2d 763 (4th Dep't 2002) ....................................................... 5

Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.,
    50 N.Y.2d 183 (1980) .......................................................................................................... 6

<u>Lama Holding Co. v. Smith Barney Inc.</u>,
   88 N.Y.2d 413, 646 N.Y.S.2d 76 (1996) ............................................................................. 3

<u>Liberman v. Gelstein</u>,
   80 N.Y.2d 429 (1992) .................................................................................................... 8-9

<u>Ram v. Moritt</u>,
   205 A.D.2d 516, 612 N.Y.S.2d 671 (2d Dep't 1994) ........................................................ 9

<u>Rice v. Manley</u>,
   66 N.Y. 82 (1876) ............................................................................................................. 6

**FEDERAL STATUTES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................................ 10

**OTHER AUTHORITIES**

W. Page Keeton et al., <u>Prosser and Keeton on the Law of Torts</u> § 112, at 791 (5th ed.
   1984) ................................................................................................................................. 9

Defendant The Firm, Inc. ("The Firm") respectfully submits this memorandum of law in further support of its motion to dismiss Plaintiff's Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff's submission in opposition to the Firm's motion confirms that the Amended Complaint should be dismissed in its entirety, without leave to amend. For the first time, Plaintiff reveals that its claim for tortious interference with contractual relations is based upon an alleged interference with *oral* contracts. Plaintiff's alleged oral contracts, however, are unenforceable and therefore cannot be the basis for an intentional interference claim. Even assuming the alleged oral contracts are enforceable, Plaintiff has not pled that they were breached, which is an essential element of the claim.

Plaintiff's claims for intentional interference with contract also must fail to the extent that it seeks to impose liability on The Firm for statements made to persons or entities other than those who allegedly contracted with Plaintiff. As explained in The Firm's motion to dismiss Plaintiff's original Complaint, The Firm simply is not liable for allegedly saying something to someone, who then did something else to cause a third-party to breach an agreement with Plaintiff.

Finally, Plaintiff's claims for defamation must fail because the allegedly defamatory statements are not slander *per se*, and Plaintiff has not alleged any special damages.

## ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS FAIL AS A MATTER OF LAW

Plaintiff's Second, Third and Fourth causes of action for tortious interference with contractual relations must fail because: (1) Plaintiff has not identified any enforceable contract, and (2) Plaintiff has not alleged a breach of any contract. In addition to these deficiencies, Plaintiff's Third and Fourth causes of action for tortious interference with contractual relations must fail because Plaintiff's theory of liability is not cognizable under New York law.

### A.    Plaintiff's Second, Third and Fourth Causes of Action Must Fail Because Plaintiff Has Not Identified Any Enforceable Contract

Plaintiff's original Complaint and its Amended Complaint allege only that Plaintiff had "an agreement" with Strange Fruit Film and TV ("Strange Fruit") and with TV One, Inc. ("TV One"). Strange Fruit allegedly agreed to produce the events at issue; and TV One allegedly agreed to fund the production and distribute the events. Amended Compl., ¶ 17.

In its Opposition to the instant motion, Plaintiff revealed <u>for the first time</u> that the alleged agreements with Strange Fruit and TV One are oral. (Opposition, p. 3.) Plaintiff, however, has not alleged the relevant terms of these alleged contracts and therefore cannot demonstrate that they are enforceable. Accordingly, these alleged oral agreements cannot provide the basis for a tortious interference claim.

Indeed, Plaintiff merely claims that it "entered into a verbal agreement with Strange Fruit . . . whereby Strange Fruit was to be responsible for producing the Programs (*i.e.*, filming, editing etc.)," (Opposition, p. 3.); and that it "also entered into a verbal agreement with TV One, who is a cable broadcaster to both finance the filming of the Programs and to broadcast them as

well." Id. (internal citation omitted). Plaintiff has failed to allege any of the other indicia of a contractual relationship.

For example, Plaintiff has *not alleged* that either of these contracts was supported by any consideration. It necessarily follows that the alleged oral agreements, as described by Plaintiff, are unenforceable. See, e.g. Bazak Int'l Corp. v. Tarrant Apparel Group, 491 F. Supp. 2d 403, 408 (S.D.N.Y. 2007) ("Under New York law, in order for a valid contract to be formed, there must be an offer, acceptance, consideration, mutual assent and intent to be bound.") (internal citation omitted); Hartman v. Harris, 810 F. Supp. 82, 85 (S.D.N.Y. 1992) ("In order for this purported contract to be enforceable, there must be consideration.").

Accordingly, under New York law, the oral agreements, as described in Plaintiff's Opposition for the first time, do not amount to enforceable agreements and Plaintiff's claims for tortious interference. Causes of Action Three through Five must fail on this basis. Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 82 (1996) (explaining that plaintiff who alleges tortious interference with contractual relations must demonstrate "the existence of a valid contract between the plaintiff and a third party"); Museum Boutique Intercontinental, Ltd. v. Picasso, 886 F. Supp. 1155, 1161 (S.D.N.Y. 1995) (same).

**B.   Plaintiff's Second, Third and Fourth Causes of Action Must Fail Because Plaintiff Has Not Identified Alleged a Breach of Any Agreement**

In the unlikely event that the Court finds the existence of an enforceable agreement, Plaintiff's Second, Third and Fourth causes of action still are not maintainable because Plaintiff has failed to allege a breach of any agreement.

Contrary to Plaintiff's assertion, actual breach is an essential element of a claim for tortious interference with contractual relations. Plaintiff relies on outdated case law to argue that it need only allege improper interference with a contract's performance (and not an actual

breach); however, more recent cases recognize that a plaintiff must plead and prove an actual breach of the agreement. See e.g., Kirch v. Liberty Media Corp., 449 F.3d 388, 402 (2d Cir. 2006) (affirming dismissal of a claim for tortious interference with contract because the plaintiff failed to allege an actual breach of any agreement); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 589 (2d Cir. 2005) (same); Winter-Wolf Int'l, Inc. v. Alcan Packaging Food & Tobacco Inc., 499 F. Supp. 2d 233, 241 (E.D.N.Y. 2007) ("Defendant is correct that the claim for tortious interference with contracts must be dismissed for failure to allege any breach of the contracts with the affiliates.").

Plaintiff concedes that it has not alleged an actual breach of any agreement, but contends that the "conduct described is tantamount to a breach, and the language is synonymous thereto." (Opposition, p. 9.) Plaintiff's argument, however, assumes that it necessarily was a breach for Strange Fruit and TV One to "withdraw from" their alleged agreements.

Plaintiff's argument is belied by its own description of the alleged oral agreements. As explained above, Plaintiff has not alleged that the purported oral agreements were supported by any consideration. Therefore, the agreements are unenforceable, and any withdrawal by Strange Fruit or TV One would not be a breach.

Accordingly, Plaintiff's allegation that Strange Fruit and TV One "withdrew from" their purported agreements is not synonymous with an allegation that they breached the purported agreements. On this basis too, Plaintiff has failed to plead an essential element of its claims of tortious interference.

C.  **Plaintiff's Third and Fourth Causes of Action Must Fail Because Plaintiff Has Failed to Allege That the Firm *Caused* a Breach of Any Agreements**

Plaintiff's Third and Fourth causes of action for tortious interference with contract must fail for the additional reason that Plaintiff has not alleged that The Firm *caused* a breach of any

agreements. Instead, these causes of action are based on statements allegedly made by The Firm to third-parties. These third-parties then allegedly did something that caused Strange Fruit and TV One to withdraw from their purported agreements with Plaintiff. There is no allegation in these claims that The Firm said or did anything to either Strange Fruit or TV One that caused them to do anything. Accordingly, these claims fail as a matter of law.

Plaintiff relies on Anderson v. Livonia, Avon & Lakeville R.R. Corp., 300 A.D.2d 1134, 752 N.Y.S.2d 763 (4th Dep't 2002), to support its novel argument. But as explained in The Firm's reply in support of its first motion to dismiss, Anderson is inapposite.

In Anderson, the plaintiff sought to purchase shares of the defendant's stock from shareholders in advance of a proposed reverse stock split. Anderson, 300 A.D.2d at 1134. A local newspaper "ran an article and opinion piece suggesting that plaintiff was acting on behalf of an entity from out of the area in an effort to gain control of defendant corporation." Id. Officers of the defendant corporation sent the newspaper article to shareholders in an apparent attempt to dissuade them from selling shares of their stock to plaintiff. Id. As a result, the plaintiff sued the defendant corporation for tortious interference with contractual relations based on defendant's alleged interference with plaintiff's contracts for the purchase of shares from other shareholders. Id.

The key point in Anderson (which Plaintiff conveniently ignores) is that the plaintiff sued the entity that directly caused the alleged interference. Put differently, the plaintiff in Anderson sued the corporation because the corporation sent a letter to the shareholders. The plaintiff in Anderson did *not* sue the newspaper or any other third-party that allegedly caused the defendant corporation to send the letter. Accordingly, Anderson is inapposite and provides no support for Plaintiff's claim against The Firm.

Plaintiff also cites Rice v. Manley, 66 N.Y. 82 (1876), and Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 50 N.Y.2d 183 (1980), but neither supports Plaintiff's novel theory of liability. In Guard-Life, the defendant was a competitor of plaintiff's who intentionally interfered with a contract between plaintiff and plaintiff's vendor. Guard-Life, 50 N.Y.2d at 187-88. The contract between plaintiff and the vendor, however, was unenforceable and the issue on appeal was: under what circumstances, if any, can a competitor be liable for interfering with a voidable contract? Id. at 188-94. The court explained that a defendant will be liable for interfering with a voidable or unenforceable contract only when it has engaged in heightened misconduct, such as engaging in fraud, making threats, or breaching a fiduciary duty. Id. at 194. The court buttressed its conclusion by citing Rice as an example of a case where the defendant was found liable for interfering with an at-will contract (which is legally similar to a voidable contract)[1] because of fraudulent representations. Id. at 194.

There is not one sentence in either Guard-Life or Rice that even intimates Plaintiff's theory that a defendant can be liable for tortious interference with contractual relations by saying something to someone who then does something to interfere with a contract. Neither case considered such a theory, and neither case supports Plaintiff's position.

In each of the cases cited by Plaintiff, there was a contract between A and B. In each case, C did something to cause B to breach the contract and then A sued C for interference. Here, A is Plaintiff; B is Snoop Youth Football League Foundation; and C is TV One (Third cause of action) or Fox (Fourth cause of action). Plaintiff, however, has sued D (The Firm), but has failed to cite *any* case that imposes liability on D for tortious interference of a contract

---

[1] Indeed, the court in Guard-Life explained: "The actual, legal interest under a contract which may be avoided by the other contracting party at his election is not materially different from that under a contract which the other contracting party may terminate at will." Guard-Life, 50 N.Y.2d at 193.

between A and B. It follows that Plaintiff's unique theory is not cognizable, and the claim should be dismissed without leave to amend.

Strong policy reasons also exist for not extending liability beyond the tortfeasor who actually causes the alleged interference. If liability is extended to an individual who merely says something to another who then takes affirmative steps to interfere with a contract, there is a significant risk that speech will be chilled. Businesspeople should be free to communicate with each other openly and honestly, without fear of liability based the affirmative misconduct of another person. This is true even when an erroneous statement precipitates the other to engage in affirmative misconduct. See, e.g., New York Times Co. v. Sullivan, 376 U.S. 254, 271-72 (1964) (explaining that an "erroneous statement is inevitable in free debate, and . . . must be protected if the freedoms of expression are to have the breathing space that they need to survive . . . .") (internal quotation marks omitted).

In the instant case, there is no allegation that The Firm acted maliciously or with fraudulent intent. At worst, and assuming (without admitting) that all of Plaintiff's allegations are true, an officer or employee of The Firm mistakenly told someone at Fox and TV One that Plaintiff did not have certain rights to film the SYFL. There is no allegation that The Firm owns or controls Fox or TV One, or that The Firm otherwise has the ability to cause these entities to take any action.

Accordingly, to impose liability on The Firm would create dangerous precedent that would expose to liability, among others, all corporate employees, subordinates, and independent advisors who innocently suggest a course of action that later turns out to be wrong. This inevitably will chill speech. Individuals will be afraid to offer an opinion or recommend a course of action because they may be mistaken and thus exposed to liability, notwithstanding the fact

that *someone else* (the decision-maker) ultimately made the decision to engage in wrongful activity. For many reasons, this is not the law in New York. Nor should it be.

## POINT II

### PLAINTIFF'S FIFTH AND SIXTH CAUSES OF ACTION FOR DEFAMATION FAIL AS A MATTER OF LAW

Plaintiff's Fifth and Sixth causes of action for defamation must be dismissed because the allegedly defamatory statements are not slanderous *per se*, and Plaintiff has not alleged any special damages.

Plaintiff does not dispute that special damages must be pled unless the statements are defamatory *per se*. Lian v. Sedgwick James of New York, Inc., 992 F. Supp. 644, 649 (S.D.N.Y. 1998); Idema v. Wager, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000). Nor does Plaintiff contend that the Amended Complaint alleges either that (1) the statements are slanderous *per se* or (2) Plaintiff has suffered special damages. For this reason alone, the Fifth and Sixth causes of action are deficient and must be dismissed.

In its Opposition to the instant motion, however, Plaintiff seeks to avoid this result by arguing that the alleged statements are slanderous *per se* because: (1) they accuse Plaintiff of a serious crime, and (2) they injured Plaintiff in its business or profession. (Opposition, p. 13.) Neither argument has merit.

"In assessing a claim of slander per se, the court must construe the allegedly defamatory statement according to its plain meaning. Innuendo is not available to enlarge the meaning of the statement beyond the significance expressed by the words themselves." Nunez v. A-T Fin. Info. Inc., 957 F. Supp. 438, 441 (S.D.N.Y. 1997) (internal citation omitted).

The allegedly defamatory statements do not accuse Plaintiff of a serious crime. In Liberman v. Gelstein, 80 N.Y.2d 429, 435 (1992), the court explained that, "Not every

imputation of unlawful behavior . . . is slanderous *per se*. . . . [T]he law distinguishes between serious and relatively minor offenses, and only statements regarding the former are actionable without proof of damage." Liberman, 80 N.Y.2d at 435. Here, Plaintiff argues that The Firm charged Plaintiff with "knowingly violating the SYFL's copyrights without authorization," which is "a crime punishable by up to five years imprisonment." (Opposition, p. 13.) This argument strains credulity. The *only* allegedly defamatory statement made by The Firm is that Plaintiff "was recording and/or otherwise utilizing the Events without authorization." Amended Compl., ¶ 55. This statement does not accuse Plaintiff of *any crime*, much less a serious crime.

Nor does the allegedly defamatory statement injure Plaintiff's reputation. Examples of defamatory statements that injure a person's reputation are: calling a physician a butcher, calling an attorney a shyster, accusing a chauffer of habitual drinking, and accusing a public officer of accepting bribes or using his office for corrupt purposes. See, e.g., Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 180 (2d Cir. 2000) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 112, at 791 (5th ed. 1984)). In the instant case, The Firm's alleged statement merely describes its belief that Plaintiff failed to obtain permission before recording and exploiting the Events. There is no accusation that Plaintiff is not qualified to record or exploit the Events. Nor is there any accusation that Plaintiff did any act, or has any characteristic, that would impair its ability to record or exploit the Events. In short, The Firm has not said anything that would have any impact on Plaintiff's ability to do its job. It follows that the allegedly defamatory statement is <u>not</u> defamatory *per se*. See Ram v. Moritt, 205 A.D.2d 516, 517, 612 N.Y.S.2d 671, 672 (2d Dep't 1994) (calling a doctor a "liar", a "cheat" and a "debtor" is not slander *per se* because the statements do not "address the plaintiff's professional status as a doctor").

In short, Plaintiffs Fifth and Sixth causes of action must be dismissed because the allegedly defamatory statements are not slanderous *per se* and Plaintiff has failed to plead special damages. Lian, 992 F. Supp. at 649; Kasada, Inc. v. Access Capital, Inc., 2004 WL 2903776, at *18 (S.D.N.Y. Dec. 14, 2004).

## CONCLUSION

Plaintiff now has had two opportunities to plead its claims, but they still fail as a matter of law. Accordingly, for the reasons set forth above and contained in the moving papers, The Firm respectfully requests that the Court dismiss *with prejudice* Plaintiff's Second through Sixth causes of action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

STEPTOE & JOHNSON LLP

By: _____
Michael C. Miller
Evan Glassman
Christopher J. Marino
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

Michael R. Heimbold (admitted *pro hac vice*)
Dylan Ruga (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200

Attorneys for Defendants
*THE FIRM, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that Defendant The Firm, Inc. served upon the parties listed below a true and correct copy of Defendant The Firm, Inc.'s Reply Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint, by electronic mail and by causing the same to be sent via Federal Express on February 11, 2008.

_____
Kimberlyn Brzozowski

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
 (admitted *pro hac vice*)

Anastasios Sarikas, Esq.
23-09 31st Street
Astoria, NY 11105

*Attorneys for Plaintiff
Natural Resources Media &
Technology Group, LLC*

Alison M. Haddock, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

*Attorneys for Defendants
Snoop Youth Football League
Foundation*