UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
NATURAL RESOURCES MEDIA            :
& TECHNOLOGY GROUP, LLC,           :
:
:
Plaintiff,         :
:                   OPINION AND ORDER
- against -              :
:                   07 Civ. 7701 (SAS)
:
SNOOP YOUTH FOOTBALL LEAGUE        :
FOUNDATION, THE FIRM, INC., and    :
CONSTANCE SCHWARTZ,                :
:
Defendants.         :
:
------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.     INTRODUCTION

Natural Resources Media & Technology Group, LLC ("Natural Resources") brings this diversity action against the Snoop Youth Football League Foundation ("SYFL") for breach of contract, and against The Firm, Inc. d/b/a "The Firm" ("The Firm") and Constance Schwartz[1] for tortious interference with contractual relations and defamation. The Firm now moves to dismiss the suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the

---

[1] Pursuant to a stipulation of the parties, Schwartz was dismissed from this action without prejudice.

following reasons The Firm's motion is granted in part and denied in part.

## II.   BACKGROUND

### A.   Facts[2]

In 2005 Natural Resources entered into a contract with SYFL giving Natural Resources the sole and exclusive right to record SYFL events, including SYFL's regular season football games, SYFL's 2005 championship game, known as Snooperbowl II, and SYFL's celebrity football game, known as the First Annual Battle of the Stars.[3] Pursuant to the contract, Natural Resources recorded these events.[4]

On June 26, 2006, Natural Resources and SYFL entered into a new contract allowing Natural Resources to continue recording SYFL events.[5] Natural Resources hired Strange Fruit Film ("Strange Fruit"), a production company, to record the events and hired TV One to broadcast the events.[6] The contract stipulated that Cordozar Calvin Broadus, Jr. a/k/a Snoop Dogg ("Snoop") would

---

[2]   The following factual allegations, taken from the Complaint, are accepted as true for purposes of this motion.

[3]   *See* Amended Complaint ("Compl.") ¶ 11.

[4]   *See id.* ¶ 12.

[5]   *See id.* ¶ 13.

[6]   *See id.* ¶ 17.

receive credit as Executive Producer.[7] After June 26, 2006, Natural Resources began shooting and production of the 2006 SYFL events.

At some time before SYFL and Natural Resources entered into their contracts, Snoop entered into an exclusive contract with Twentieth Century Fox Film Corporation ("Fox") to create a television series entitled "Coach Snoop."[8] The program was intended to focus on Snoop and his children in a youth football program.[9] This contract was with Snoop, individually, and Fox never entered into a contract with SYFL.[10]

The Firm provides managerial services to Snoop.[11] Schwartz, an employee of The Firm, and originally a defendant in this action, was the primary person responsible for Snoop's management.[12] At some point prior to October 12, 2006, Schwartz, either individually or in her capacity as an employee of The Firm, telephoned Karen Wishart, the Executive Vice President and Chief Legal Officer

---

[7] *See id.* ¶¶ 5, 15.

[8] *See id.* ¶ 19.

[9] *See id.*

[10] *See id.* ¶ 20.

[11] *See id.* ¶¶ 4-5.

[12] *See id.* ¶ 7.

for TV One.[13] Schwartz told Wishart that Natural Resources did not have the right or authority to record or broadcast SYFL events.[14] As a result of Schwartz's phone call, "TV One withdrew from their contract with plaintiff."[15] Following this, Strange Fruit also ceased filming SYFL events.[16]

On or about October 12, 2006, Schwartz contacted Michael D. Ross, the Senior Vice President of Legal Affairs for Fox, and informed him that Natural Resources was recording SYFL events without the right or authority to do so.[17] Ross then sent a letter to SYFL, Natural Resources, Strange Fruit, and TV One ("October 13 Letter") claiming that Natural Resources' activities violated rights held exclusively by Fox and demanding that Natural Resources, Strange Fruit, and TV One cease the recording of SYFL events.[18] Following this letter, both TV One and Strange Fruit, who had already stopped rendering services to Natural Resources, served written notice "of the cancellation of their respective contracts

---

[13]  *See id.* ¶ 21.

[14]  *See id.*

[15]  *Id.* ¶ 22.

[16]  *See id.*

[17]  *See id.* ¶ 23.

[18]  *See id.* ¶¶ 23-24.

4

with plaintiff after October 13, 2006."[19]

### B. Procedural History

Natural Resources claims that SYFL breached its contract by failing to have the rights it purported to grant to Natural Resources, by failing to help Natural Resources resolve the rights issue with Fox, and by failing to indemnify Natural Resources against the losses it suffered.[20] Natural Resources also brings claims against The Firm for tortious interference with contract and for defamation. The Firm moves to dismiss these tortious interference with contract and defamation claims.

## III. APPLICABLE LAW

### A. Rule 12(b)(6) – Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[21] When deciding a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint"[22] and

---

[19]   *Id.* ¶ 26.

[20]   *See id.* ¶¶ 28-31.

[21]   *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[22]   *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

"draw all reasonable inferences in plaintiff's favor."[23]

Nevertheless, to survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility."[24] Although the complaint need not provide "detailed factual allegations,"[25] it must "amplify a claim with some factual allegations . . . to render the claim *plausible*."[26] The test is no longer whether there is "no set of facts" that plaintiff could prove "which would entitle him to relief."[27] Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to

---

[23] *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[24] *See Bell Atlantic*, 127 S. Ct. at 1970.

[25] *Id.* at 1964. *See also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007) (applying the standard of plausibility outside *Twombly's* anti-trust context).

[26] *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original) (holding that the plaintiff's complaint adequately alleged the personal involvement of the Attorney General because it was plausible that officials of the Department of Justice would be aware of policies concerning individuals arrested after 9/11).

[27] *Bell Atlantic*, 127 S. Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

raise a right to relief above the speculative level.'"[28]

Although the court must take the plaintiff's allegations as true, "the claim may still fail as a matter of law . . . if the claim is not legally feasible."[29] In addition, "bald assertions and conclusions of law will not suffice."[30]

### B. Tortious Interference with Contract

The Second Circuit has held the elements of tortious interference with contract under New York law[31] to be: (1) "the existence of a valid contract between the plaintiff and a third party" (2) the "defendant's knowledge of the contract" (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification" (4) "actual breach of the contract" and (5)

---

[28]   *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Bell Atlantic*, 127 S. Ct. at 1965).

[29]   *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 457 F. Supp. 2d 455, 459 (S.D.N.Y. 2006) (citing *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006)).

[30]   *Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (quotation omitted).

[31]   "Federal courts sitting in diversity must apply the substantive law of the forum state on outcome determinative issues." *McGrath v. Toys "R" Us, Inc.*, 356 F.3d 246, 249 (2d Cir. 2004) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-80 (1938)). Because this court's jurisdiction is premised on diversity of citizenship, New York law applies to all the substantive claims.

"damages resulting therefrom."[32]

Additionally, the plaintiff must "'identify a specific contractual term that was breached.'"[33] Also, courts have held that to succeed on a claim of tortious interference with contract, a plaintiff must allege that "'there would not have been a breach but for the activities of defendants.'"[34]

### C.   Defamation

Under New York law, the elements of defamation are: "(1) a false statement, (2) publication without privilege or authorization to a third party, (3) by at least a negligence standard of fault and (4) the statement either causes special damages or constitutes defamation per se."[35]

In order to state a claim for slander, or spoken defamation, a plaintiff

---

[32]   *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996)).

[33]   *Millar v. Ojima*, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005) (quoting *Risley v. Rubin*, 708 N.Y.S.2d 377, 378 (1st Dep't 2000)). *Accord G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 253 (S.D.N.Y. 2001) ("New York law requires that to plead tortious interference with contract properly, the plaintiff must allege 'breach' of an existing contract.").

[34]   *Sharma v. Skaarup Ship Management Corp.*, 916 F.2d 820, 828 (2d Cir. 1990) (quoting *Special Event Entm't v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72, 78 (S.D.N.Y. 1978)).

[35]   *Public Relations Soc'y of Am. v. Road Runner High Speed Online*, 799 N.Y.S. 2d 847, 849 (2d Dep't 2005) (citation omitted).

must allege facts that provide an adequate identification of the allegedly slanderous statements, the maker of the purported statements, when they were made, and to whom they were communicated.[36] Plaintiffs are "not required to plead defamation in haec verba."[37] However, the pleadings do need to contain "'sufficient notice of the communications complained of'" in order to allow a defendant to defend itself.[38]

Moreover, in a defamation suit a plaintiff must allege either special damages or defamation per se. Under New York law statements that are defamatory per se are actionable without "'pleading and proof of special damages.'"[39] One category of statements that constitute slander per se are those that "tend to injure the plaintiff in his or her trade, business or profession."[40] Also,

---

[36] *See Mahmud v. Bon Secours Charity Health Sys.*, 289 F. Supp. 2d 466, 476 (S.D.N.Y. 2003).

[37] *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 271 (2d Cir. 1999).

[38] *Id.* (quoting *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986)). *Accord Albin v. Cosmetics Plus N.Y.*, No. 97 Civ 2670, 1997 WL 615494, at *3 (S.D.N.Y. Oct. 6, 1997) (holding that a complaint need not contain the exact words that constitute slander, but that the liberal pleading standard is "satisfied by an adequate identification of the purported [slanderous] communication").

[39] *Celle v. Filipino Reporter Enterprises Inc.*, 209 F. 3d 163, 179 (2d Cir. 2000) (quoting *Davis v. Ross*, 754 F.2d 80, 82 (2d Cir. 1985)).

[40] *Albert v. Loksen*, 229 F. 3d 256, 271 (2d Cir. 2001).

"'[w]here a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed.'"[41]

## IV.  DISCUSSION

### A.  Tortious Interference with Contract

#### 1.  Interference with TV One's Contract with Natural Resources

The Second Count[42] of the Complaint alleges that false statements made by Schwartz to TV One's Wishart caused TV One to withdraw from its contract with Natural Resources. The Firm argues that this count fails to properly allege a breach of a contract and fails to properly set forth the relevant terms that were breached.[43]

*First*, The Firm argues that because Natural Resources only alleges that TV One "withdrew" from the contract, actual breach is not pled.[44] The Firm

---

[41]  *Celle*, 209 F. 3d at 180 (quoting *Ruder & Finn Inc. v. Seaboard Surety Co.*, 52 N.Y.2d 663, 670 (1981)).

[42]  Count One, alleging breach of contract, is brought only against SYFL and is not at issue in this motion.

[43]  *See* The Firm's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Def. Mem.") at 3.

[44]  *See id.* at 4.

relies on *Kirch v. Liberty Media Corp.*,[45] in which the Second Circuit affirmed the dismissal of a tortious interference with contract claim because the plaintiff only alleged that the party "walked away" from a project.[46] The Second Circuit found that neither the phrase "walked away" nor the inferences that could be drawn from it, amounted to allegations of breach. The phrase suggested little more than that the party "decided not to proceed with the project."[47]

The instant Complaint is easily distinguished. Withdrawing from an agreement is different than walking away from a project. Natural Resources argues that the language of the Complaint – "withdrew," "ceased to render services," and "served written notice of the cancellation of their respective contracts"– is synonymous with a breach.[48] I agree. Count Two sufficiently alleges that TV One breached its contract.

*Second*, The Firm argues that Natural Resources failed to allege the relevant terms of the contract that was breached.[49] However, the Complaint

---

[45]  449 F.3d 388 (2d Cir. 2006).

[46]  *Id.* at 402.

[47]  *Id.*

[48]  *See* Natural Resources' Memorandum of Law in Opposition to Defendant The Firm's Motion to Dismiss ("Pl. Opp.") at 9.

[49]  *See* Def. Mem. at 5.

alleges that Natural Resources contracted with TV One to record the SYFL events and "TV One withdrew from its contract with plaintiff to fund the recording of the Events and broadcast the Events."[50] This allegation sufficiently refers to the contract and the terms which were violated. Accordingly, The Firm's motion to dismiss the Second Count, for tortious interference with contract, is denied.

### 2. Interference with Strange Fruit's Contract with Natural Resources

The Third Count alleges that the statements made by Schwartz to TV One's Wishart caused Strange Fruit to withdraw from its contract with Natural Resources and thus constitutes tortious interference by Schwartz and The Firm, with Natural Resources' contract with Strange Fruit. Natural Resources alleges that when Schwartz contacted Wishart she knew or should have known that the call would cause Strange Fruit to withdraw from its contract.[51]

While The Firm could reasonably anticipate that its call would cause TV One to breach its contract with Natural Resources, it does not follow that The Firm could anticipate that other companies having contracts with Natural Resources would also breach their contracts. Indeed, there is no allegation that The Firm was even aware of the contract between Natural Resources and Strange

---

[50]   See Compl. ¶¶ 17, 39.

[51]   See id. ¶ 43.

Fruit, much less that The Firm intended to cause Strange Fruit to breach the contract. Natural Resources has not alleged any causal link between the Schwartz conversation with Wishart and Strange Fruit breaching a contract with Natural Resources. Accordingly, The Firm's motion to dismiss the Third Count is granted.

### 3. Interference with TV One and Strange Fruit's Contracts Based on the Fox Letter

Count Four alleges that false statements made by Schwartz to Ross at Fox caused Fox to send the October 13 Letter, which caused TV One and Strange Fruit to breach their contracts with Natural Resources.[52] Natural Resources alleges that when Schwartz contacted Fox she "did so with the intent of causing Fox to issue the October 13 Letter, or other like similar statement."[53] While there is no allegation here of direct action by The Firm in causing the breach, I find that it is plausible to infer a causal relationship between the call, the letter, and the breach so as to establish a cause of action for tortious interference with contract. Accordingly, The Firm's motion to dismiss the Fourth Count is denied.

### B. Defamation Counts

#### 1. False Statements Made by The Firm to Fox

The Fifth Count alleges defamation against The Firm for false

---

[52]    *See id.* ¶¶ 48-50.

[53]    *Id.* ¶ 48.

13

statements made by Schwartz to Ross. The Firm argues that Natural Resources has failed to plead defamation with the required specificity and has failed to allege special damages with particularity.[54]

*First*, under New York law a plaintiff must identify who made the defamatory statements, when they were made and to whom they were communicated.[55] However, Natural Resources does not need to plead the exact words that constitute the defamation.[56] Natural Resources has carried this burden. The Complaint alleges that the statements were made by Schwartz on behalf of The Firm, made to Ross at Fox, and made around October 12, 2006.[57] Additionally, the defamatory statement alleged is that Schwartz told Ross that Natural Resources was recording SYFL events without the right or authority to do so.[58] These allegations put The Firm on sufficient notice of the complained of conduct in order for it to defend itself.

*Second*, Natural Resources does not need to plead special damages because the alleged defamatory statements constitute defamation per se. The

---

[54]   *See* Def. Mem. at 9.

[55]   *See Mahmud*, 289 F. Supp. 2d at 476.

[56]   *See Reilly,* 181 F.3d at 271.

[57]   *See* Compl. ¶ 57.

[58]   *See id.* ¶ 23.

14

statements allegedly made by Schwartz constitute defamation per se because they impugn "the basic integrity" of Natural Resources' business.[59] The Firm argues that the statements are not defamatory per se because there was no accusation that Natural Resources was unqualified to record events or was unable to record events, but merely that it was not authorized to record the SYFL events.[60] However, as Natural Resources argues, Schwartz's statements did more than address a technical issue of contract rights. The statements suggested improper professional conduct and that Natural Resources was violating SYFL's copyrights.[61] In telling Fox that Natural Resources was recording SYFL events without the right to do so, Schwartz impugned Natural Resources' business integrity and this amounts to an allegation of defamation per se. Therefore, The Firm's motion to dismiss the Fifth Count is denied.

### 2. False Statements Made by The Firm to Wishart

The Sixth Count alleges defamation against The Firm for statements

---

[59]  *Celle,* 209 F.3d at 180. "'It has long been the law in New York that a defamatory statement that is a direct attack upon the business, trade or profession of the plaintiff is considered defamation 'per se' and therefore actionable without any proof of special damages.'" *Id.* (quoting *Yesner v. Spinner,* 765 F. Supp. 48, 52 (E.D.N.Y. 1991)).

[60]  *See* Defendant The Firm's Reply Memorandum in Support of Motion to Dismiss Plaintiff's Amended Complaint at 9.

[61]  *See* Pl. Opp. at 13.

made by Schwartz to Wishart. The Firm argues that these statements, like those made to Fox, are not alleged with the required specificity and do not amount to defamation per se. As with the statements made to Fox, Natural Resources has identified the speaker, the date of the defamatory statement, and the recipient. The statements were made by Schwartz to Wishart prior to October 12, 2006.[62] Moreover, Natural Resources pled that Schwartz informed Wishart that Natural Resources "did not have the right or authority to record, broadcast or otherwise use" the SYFL events.[63]

This alleged defamatory statement, if true, also fits into the category of defamation per se, and thus requires no further pleading of special damages. It impugns the business integrity of Natural Resources, and was made to a company with whom Natural Resources had a business relationship. Accordingly, The Firm's motion to dismiss the Sixth Count is denied.

V.    **CONCLUSION**

For the foregoing reasons, The Firm's motion to dismiss is denied except as to Count Three. The Clerk of the Court is directed to close this motion

---

[62] See Compl. ¶ 21.

[63] Id.

[No. 24 on the docket]. A conference is scheduled for April 8, 2008, at 4:00 pm.

SO ORDERED:

/s/ Shira A. Scheindlin

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 14, 2008

-Appearances-

**Counsel for Plaintiff:**

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, NY 14613
(585) 458-7260

Of Counsel:
Anastasios Sarikas, Esq.
23-09 31st Street
Astoria, NY 11105
(718) 545-8866

**Counsel for Defendant The Firm:**

Michael C. Miller, Esq.
Evan Glassman, Esq.
Christopher J. Marino, Esq.
STEPTOE & JOHNSON LLP
750 Seventh Avenue
Suite 1900
New York, NY 10019
(212) 506-3900

Michael R. Heimbold, Esq.
Dylan Ruga, Esq.
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
(310) 734-3200