UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NATURAL RESOURCES MEDIA
& TECHNOLOGY GROUP, LLC                             07 CV 7701 (SAS) (AJP)

                Plaintiff

   -against-

SNOOP YOUTH FOOTBALL LEAGUE
FOUNDATION, THE FIRM, INC., d/b/a
"THE FIRM," and CONSTANCE
SCHWARTZ

               Defendants.
---------------------------------------------------------x

## DEFENDANT THE FIRM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant The Firm, Inc. ("The Firm"), hereby Answers the Amended Complaint of Natural Resources Media & Technology Group, LLC, ("Plaintiff") as follows:

1.  Answering paragraph 1 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 1, and, as such, denies the allegations of paragraph 1.

2.  Answering paragraph 2 of the Complaint, The Firm admits that the SYFL is authorized to conduct business under the laws of the State of California. The Firm, however, states that it does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 2, and, as such, denies the remaining allegations of paragraph 2.

3.  Answering paragraph 3 of the Complaint, The Firm admits the allegations of paragraph 3.

4. Answering paragraph 4 of the Complaint, The Firm admits that it provides management services for individuals. The Firm denies the remainder of the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, The Firm admits that it has provided and continues to provide managerial services to Calvin Broadus.

6. Answering paragraph 6 of the Complaint, The Firm admits the allegations of paragraph 6.

7. Answering paragraph 7 of the Complaint, The Firm admits that Ms. Schwartz works at The Firm and has provided management services for Calvin Broadus.

8. Answering paragraph 8 of the Complaint, The Firm admits that Ms. Schwartz was a member of the advisory board for the SYFL, but denies the remainder of the allegations of paragraph 8.

9. Answering paragraph 9 of the Complaint, The Firm avers that paragraph 9 states a legal conclusion as to which no response is necessary.

10. Answering paragraph 10 of the Complaint, The Firm avers that paragraph 10 states a legal conclusion as to which no response is necessary.

11. Answering paragraph 11 of the Complaint, The Firm denies the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 12, and, as such, denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, The Firm denies the allegations of paragraph 13.

14. Answering paragraph 14 of the Complaint, The Firm denies the allegations of paragraph 14.

15. Answering paragraph 15 of the Complaint, The Firm denies the allegations of paragraph 15.

16. Answering paragraph 16 of the Complaint, The Firm denies the allegations of paragraph 16.

17. Answering paragraph 17 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 17, and, as such, denies the allegations of paragraph 17.

18. Answering paragraph 18 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 18, and, as such, denies the allegations of paragraph 18.

19. Answering paragraph 19 of the Complaint, The Firm denies that Twentieth Century Fox ("Fox") contracted to create a television series entitled "Coach Snoop." The Firm, however, admits that Fox had an agreement to create a film entitled "Coach Snoop," and that the film was intended to focus on the Snoop Youth Football League.

20. Answering paragraph 20 of the Complaint, The Firm denies that Fox's contract regarding "Coach Snoop" was with Calvin Broadus individually. The Firm states that it does not have information sufficient on which to either admit or deny the remaining allegations of paragraph 20, and, as such, denies the remaining allegations of paragraph 20.

21. Answering paragraph 21 of the Complaint, The Firm denies the allegations of paragraph 21.

22. Answering paragraph 22 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 22, and, as such, denies the allegations of paragraph 22.

23. Answering paragraph 23 of the Complaint, The Firm denies the allegations of paragraph 23.

24. Answering paragraph 24 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 24, and, as such, denies the allegations of paragraph 24.

25. Answering paragraph 25 of the Complaint, The Firm states that the letter speaks for itself and respectfully refers the Court thereto.

26. Answering paragraph 26 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 26, and, as such, denies the allegations of paragraph 26.

27. Answering paragraph 27 of the Complaint, The Firm incorporates its responses to the previous allegations.

28. Answering paragraph 28 of the Complaint, The Firm denies the allegations of paragraph 28.

29. Answering paragraph 29 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 29, and, as such, denies the allegations of paragraph 29.

30. Answering paragraph 30 of the Complaint, The Firm states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 30, and, as such, denies the allegations of paragraph 30.

31. Answering paragraph 31 of the Complaint, The Firm avers that paragraph 31 states legal conclusions as to which no response is warranted.

32. Answering paragraph 32 of the Complaint, The Firm denies the allegations of paragraph 32.

33. Answering paragraph 33 of the Complaint, to the extent that paragraph 33 alleges that SYFL breached any contract, such allegations state legal conclusions as to which no response is warranted. The Firm denies the remaining allegations of paragraph 33.

34. Answering paragraph 34 of the Complaint, The Firm denies the allegations of paragraph 34

35. Answering paragraph 35 of the Complaint, The Firm incorporates its responses to the previous allegations.

36. Answering paragraph 36 of the Complaint, The Firm states that it does not have any knowledge as to what, if anything Schwartz knew or should have known, and on that basis denies the allegations of paragraph 37 that relate to Schwartz. The Firm admits that it was at all relevant times a manager for Calvin Broadus but denies the remainder of the allegations of paragraph 36.

37. Answering paragraph 37 of the Complaint, The Firm denies the allegations of paragraph 37.

38. Answering paragraph 38 of the Complaint, The Firm denies that Ms. Schwartz spoke with Ms. Wishart and therefore also denies the remaining allegations of paragraph 38.

39. Answering paragraph 39 of the Complaint, The Firm denies that Ms. Schwartz spoke with Ms. Wishart and therefore also denies the remaining allegations of paragraph 39.

355991.1
3448-2.9744

-6-

40. Answering paragraph 40 of the Complaint, The Firm denies the allegations of paragraph 40.

41. Answering paragraph 41 of the Complaint, The Firm denies the allegations on paragraph 41.

42. The allegations contained in the paragraph have been dismissed by the Court.

43. The allegations contained in the paragraph have been dismissed by the Court.

44. The allegations contained in the paragraph have been dismissed by the Court.

45. The allegations contained in the paragraph have been dismissed by the Court.

46. The allegations contained in the paragraph have been dismissed by the Court.

47. Answering paragraph 47 of the Complaint, The Firm incorporates its responses to the previous allegations.

48. Answering paragraph 48 of the Complaint, The Firm denies the allegations of paragraph 48.

49. Answering paragraph 49 of the Complaint, The Firm denies the allegations of paragraph 49.

50. Answering paragraph 50 of the Complaint, The Firm denies the allegations of paragraph 50.

51. Answering paragraph 51 of the Complaint, The Firm denies the allegations of paragraph 51.

52. Answering paragraph 52 of the Complaint, The Firm denies the allegations of paragraph 52.

53. Answering paragraph 53 of the Complaint, The Firm incorporates its responses to the previous allegations.

54. Answering paragraph 54 of the Complaint, The Firm denies the allegations of paragraph 54.

55. Answering paragraph 55 of the Complaint, The Firm denies the allegations of paragraph 55.

56. Answering paragraph 56 of the Complaint, The Firm denies the allegations of paragraph 56.

57. Answering paragraph 57 of the Complaint, The Firm denies the allegations of paragraph 57.

58. Answering paragraph 58 of the Complaint, The Firm denies the allegations of paragraph 58.

59. Answering paragraph 59 of the Complaint, The Firm denies the allegations of paragraph 59.

60. Answering paragraph 60 of the Complaint, The Firm denies the allegations of paragraph 60.

61. Answering paragraph 61 of the Complaint, The Firm denies the allegations of paragraph 61.

62. Answering paragraph 62 of the Complaint, The Firm incorporates its responses to the previous allegations.

63. Answering paragraph 63 of the Complaint, The Firm denies the allegations of paragraph 63.

64. Answering paragraph 64 of the Complaint, The Firm denies the allegations of paragraph 64

65. Answering paragraph 65 of the Complaint, The Firm denies the allegations of paragraph 65.

66. Answering paragraph 66 of the Complaint, The Firm denies the allegations of paragraph 66.

67. Answering paragraph 67 of the Complaint, The Firm denies the allegations of paragraph 67.

68. Answering paragraph 68 of the Complaint, The Firm denies the allegations of paragraph 68.

69. Answering paragraph 69 of the Complaint, The Firm denies the allegations of paragraph 69.

70. Answering paragraph 70 of the Complaint, The Firm denies the allegations of paragraph 70.

## FIRST AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint, and each cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The answering defendant alleges that any statements made on the answering defendant's behalf were truthful and thus protected by the First Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

The answering defendant alleges that the conduct complained of took place in the State of California and the proper forum for this action is in the State of California.

355991.1
3448-2.9744

## FOURTH AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint fails to join indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

The answering defendant alleges that to the extent the Complaint seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

## SIXTH AFFIRMATIVE DEFENSE

The answering defendant reserves the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to The Firm, and therefore reserves the right to assert any and all additional defenses in the event that discovery indicates that such defenses would be appropriate.

## EIGHTH AFFIRMATIVE DEFENSE

The answering defendant expressly reserves the right to amend and/or supplement his answer, defenses and all other pleadings.

## NINTH AFFIRMATIVE DEFENSE

The answering defendant hereby adopts by reference any and all other applicable defenses pleaded, or as yet unstated, by any other defendant to the extent that The Firm may share in such defenses.

WHEREFORE, the answering defendant prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;

2.    For attorneys' fees and costs of suit incurred; and

3.    For such other and further relief as the court may deem just and proper.

| | |
|---|---|
| Dated: New York, NY<br>April 7, 2008 | STEPTOE & JOHNSON LLP<br><br>By: /s Christopher J. Marino<br>Michael C. Miller<br>Evan Glassman<br>Christopher J. Marino<br>750 Seventh Avenue<br>Suite 1900<br>New York, NY 10019<br>(212) 506-3900<br><br>Michael R. Heimbold (admitted *pro hac vice*)<br>Dylan Ruga (admitted *pro hac vice*)<br>2121 Avenue of the Stars<br>Suite 2800<br>Los Angeles, California 90067<br>(310) 734-3200<br><br>*Attorneys for Defendant*<br>*The Firm, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that Defendant The Firm, Inc. served upon the parties listed below a true and correct copy of Defendant The Firm, Inc.'s Answer And Affirmative Defenses To Plaintiff's Amended Complaint, by ECF and by causing the same to be sent via electronic mail on April 7, 2008.

/s Kimberlyn W. Brzozowski

Bradley C. Rosen, Esq.
159 Seneca Parkway
Rochester, New York 14613
  (admitted *pro hac vice*)

Anastasios Sarikas
23-09 31st Street
Astoria, NY 11105

*Attorneys for Plaintiff
Natural Resources Media &
Technology Group, LLC*